Case3:11-cv-00167-SI  Document2-1  Filed01/11/11  Page1 of 6

KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
TIMOTHY R. CAHN (State Bar No. 162136)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
HOLLY GAUDREAU (State Bar No. 209114)
RYAN BRICKER (State Bar No. 269100)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jgilliland@kilpatricktownsend.com
       tcahn@kilpatricktownsend.com
       mboroumand@kilpatricktownsend.com
       hgaudreau@kilpatricktownsend.com
       rbricker@kilpatricktownsend.com

E-filing

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,<br><br>Defendants. | Case No. CV11 0167<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT**<br><br>Date:<br>Time:<br>Courtroom:<br>Judge: |

JCS




1  On January 11, 2011, Plaintiff Sony Computer Entertainment America LLC ("SCEA") filed a Complaint against Defendants George Hotz ("Defendant Hotz"), Hector Martin Cantero, Sven Peter and Doe Defendants 1 through 100.

SCEA has alleged that each Defendant, individually and in concert with the other Defendants, has: (1) circumvented effective technological protection measures ("TPMs") employed by SCEA to protect against unauthorized access to and/or copying of SCEA's proprietary PlayStation®3 computer entertainment systems ("PS3 System"), and other copyrighted works; and (2) trafficked in circumvention technology, products, services, methods, codes, software tools, devices, component or part thereof, including but not limited to the Elliptic Curve Digital Signature Algorithm ("ECDSA") Keys, encryption and/or decryption keys, dePKG firmware decrypter program, Signing Tools, 3.55 Firmware Jailbreak, and/or any other technologies that enable unauthorized access to and/or copying of PS3 Systems and other copyrighted works.

SCEA has alleged that Defendants have violated the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. §1201, *et seq.*; the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*; and has alleged contributory copyright infringement arising out of the Copyright Act, 17 U.S.C. §501, *et seq.*; as well as related state and common law claims for violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, *et. seq.*, breach of contract, tortious interference with contractual relations, trespass and common law misappropriation.

On January 11, 2011, pursuant to Fed. Civ. P. 65, Civil Rules 65-1 and 7-10, SCEA moved *ex parte* on its claims for violation of the DMCA and CFAA against Defendant Hotz for a Temporary Restraining Order ("TRO"), an Order to Show Cause why a preliminary injunction should not issue, and an Order of Impoundment (17 U.S.C. § 1203 (b) (2)). In support of its motion, SCEA has submitted a Memorandum of Points and Authorities, the Declarations of Riley R. Russell, Bret Mogilefsky and Ryan Bricker In Support of *Ex Parte* Motion for Temporary Restraining Order And Order To Show Cause Re Preliminary

PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND
ORDER OF IMPOUNDMENT                                                                                    - 1 -
CASE NO.

1  Injunction; a proposed Temporary Restraining Order, Order to Show Cause, Order of
2  Impoundment, and a copy of the Complaint. Following notice to Defendant Hotz, this
3  matter was heard on January __, 2011.
4      Having considered all the papers and arguments, the Court finds that SCEA has
5  shown a likelihood of success on the merits of its claims for violation of the DMCA and
6  CFAA, and that it will suffer irreparable harm unless Defendant Hotz's violations are
7  enjoined. The Court also finds that a Temporary Restraining Order and Order of
8  Impoundment are necessary to prevent immediate and irreparable injury to SCEA before
9  the hearing on the Order to Show Cause regarding the preliminary injunction can take
10 place, and to preserve the status quo. The Court further finds that the balance of equity
11 and interests of justice support granting such relief. Accordingly, this Court enters the
12 following orders:

## TEMPORARY RESTRAINING ORDER

14     IT IS HEREBY ORDERED that Defendant Hotz and his officers, employees,
15 attorneys and representatives, and all other persons or entities in privity or acting in
16 concert or participation with Defendant Hotz, be immediately temporarily restrained from:
17     1. Offering to the public, creating, posting online, marketing, advertising,
18 promoting, installing, distributing, providing, or otherwise trafficking in any circumvention
19 technology, products, services, methods, codes, software tools, devices, component or
20 part thereof, including but not limited to the Elliptic Curve Digital Signature Algorithm
21 ("ECDSA") Keys, encryption and/or decryption keys, dePKG firmware decrypter program,
22 Signing Tools, 3.55 Firmware Jailbreak, root keys, and/or any other technologies that
23 enable unauthorized access to and/or copying of PS3 Systems and other copyrighted
24 works (hereinafter, "Circumvention Devices").
25     2. Providing links from any website to any other website selling, offering for
26 sale, marketing, advertising, promoting, installing, importing, exporting, offering to the
27 public, distributing, providing, posting, or otherwise trafficking in any Circumvention
28

1  Devices.

2  3. Engaging in acts of circumvention of TPMs in the PS3 System to access,
3  obtain, remove, or traffic in copyrighted works.

4  4. Engaging in unauthorized access to the PS3 System or the PlayStation
5  Network ("PSN") in order to obtain, access, or transmit any program, code, information or
6  command therein.

7  5. Publishing, posting, or distributing any information, code, program,
8  instructions, video, or other material obtained by circumventing TPMs in the PS3 System
9  or by engaging in unauthorized access to the PS3 System or the PSN.

10  6. Assisting, facilitating or encouraging others to engage in the conduct set
11  forth above in Nos. 1-5.

12  IT IS FURTHER ORDERED that Defendant Hotz, his officers, employees, attorneys
13  or representatives, and any and all other persons acting in concert or participation with
14  Defendant Hotz, with notice of this Order, shall preserve, and not destroy, erase, delete,
15  dispose of, or alter any documents or records, in whatever format, including electronic
16  documents, computer files, computer discs and drives, that relate to, reflect, record, or
17  contain any information regarding the manufacture, distribution, promotion, marketing,
18  advertising, purchase, sale, offer to sell, trafficking, import, export, installation, payment,
19  storage, and/or shipment of any and all of the Circumvention Devices, or any
20  communications with any party concerning the manufacture, distribution, promotion,
21  marketing, advertising, purchase, sale, offer to sell, trafficking, import, export, installation
22  payment, storage, and/or shipment of any and all of the Circumvention Devices.

23  IT IS FURTHER ORDERED that Defendant Hotz, his officers, employees, attorneys
24  or representatives, and any and all other persons acting in concert or participation with
25  Defendant Hotz, with notice of this Order, shall retrieve any Circumvention Devices or any
26  information relating thereto which Hotz has previously delivered or communicated to the
27  Defendants or any third parties.

28



IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for the hearing on the Order to Show Cause set forth below, or until such further dates as set by the Court or stipulated to by the parties.

## ORDER OF IMPOUNDMENT

IT IS FURTHER ORDERED that, within ten (10) business days of this Order, Defendant Hotz shall deliver to Kilpatrick Townsend & Stockton LLP, Two Embarcadero, 8th Floor, San Francisco, CA 94111 for impoundment any computers, hard drives, CD-roms, DVDs, USB stick, and any other storage devices on which any Circumvention Devices are stored in Defendant Hotz's possession, custody or control.

## SECURITY

**IT IS ORDERED** that SCEA shall post a bond in the amount of $_____ as security for this Court's issuance of the Temporary Restraining Order, set forth hereinabove.

## ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

IT IS ORDERED that Defendants shall show cause, unless Defendants waive the right to do so, before the Honorable _____ of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California at 10:00 a.m. on January __, 2011, why a preliminary injunction should not issue restraining and enjoining Defendant Hotz, his agents, employees, representatives and any other persons or entities in privity or acting in concert or participation with him, from offering to the public, distributing, marketing, advertising, promoting, installing, or otherwise trafficking in Circumvention Devices.

**IT IS FURTHER ORDERED** that SCEA shall serve a copy of this Order on Defendant Hotz on or before January __, 2011. Any response or opposition to this Order

1   to Show Cause must be filed and personally served on SCEA's counsel no later than

2   noon, _____, 2011, and filed with the Court, along with proof of service, on

3   _____, 2011. Plaintiff shall file and serve any reply papers by

4   _____, 2011.

6         IT IS SO ORDERED.

7
8   DATED:                      UNITED STATES DISTRICT JUDGE

9
10   63093954 v1



PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND
ORDER OF IMPOUNDMENT                                                    - 5 -
CASE NO.