STEWART KELLAR, State Bar #267747
E-ttorney at Law™
148 Townsend St., Suite 2
San Francisco, CA 94107
Telephone: (415) 742-2303
Email: stewart@etrny.com

Attorney for Defendant
GEORGE HOTZ

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company,<br><br>           Plaintiff,<br>v.<br><br>GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,<br><br>           Defendants. | CASE No.: CV 11-00167 SI<br><br>**OPPOSITION TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION** |

**Contents**

I.   INTRODUCTION ...................................................................................................................3

II.  THE TRO SHOULD NOT ISSUE AS TO MR. HOTZ BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER MR. HOTZ. ..........................................4

   A.   MR. HOTZ HAS NO CONNECTION OR AFFILIATION WITH THE OTHER DEFENDANTS IN THIS SUIT. ......................................................................5

III. SONY HAS FAILED TO DEMONSTRATE THAT A TRO WILL PREVENT IRREPERABLE HARM SINCE A BASIS FOR ITS CLAIMS IS THAT THE IRREPERABLE HARM SOUGHT TO BE ENJOINED HAS ALREADY BEEN SUFFERRED. ..................................................................................................7

IV.  SONY HAS FAILED TO DEMONSTRATE LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE SONY'S PLAYSTATION 3 IS NOT MERELY A DEVICE FOR PLAYING COPY-PROTECTED VIDEO GAMES BUT FUNCTIONS AS A MULTIMEDIA PERSONAL COMPUTER. .............................................8

V.   THE BALANCE OF HARDSHIPS FAVORS DEFENDANT BECAUSE DEFENDANT FACES THE LOSS OF HARDWARE ESSENTIAL TO HIS LIVELIHOOD IF THETRO IS GRANTED. ..................................................................................9

VI.  IMPOUNDING MR. HOTZ'S COMPUTER AND OTHER MEDIA DEVICES IS OVERBROAD, UNNECESSARY AND WOULD BE A HARDSHIP TO MR. HOTZ. .........................................................................................................9

VII. THE BURDEN SHIFTING SECTION OF THE PROPOSED ORDER TO SHOW CAUSE IS INEQUITABLE AND THE BURDEN SHOULD REMAIN WITH THE MOVING PARTY. ........................................................................................10

VIII. CONCLUSION .....................................................................................................................10

2

OPPOSITION TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

Without consenting to personal jurisdiction Mr. George Hotz by and through his attorney of record specially appears and respectfully submits this Opposition to Plaintiff's *ex parte* Motion for Temporary Restraining Order, Order to Show Cause re: Preliminary Injunction, and Order of Impoundment.  Mr. Hotz is not a resident of California, does not consent to jurisdiction in California, intends to file a Motion to Dismiss for Lack of Personal Jurisdiction and requests this court delay hearing on this TRO until after the court has ruled on such Motion to Dismiss.

## I.     INTRODUCTION

This case is not about Sony Computer Entertainment America LLP ("Sony") attempting to protect its intellectual property or otherwise seek bona fide relief from the court. Rather, it's an attempt for Sony to send a message to any would-be individual that attempting to use any hardware it manufacturers in a way it does not deem appropriate will result in harsh legal consequences, irrespective of any legal basis or authority for such action. It is for this reason that Sony filed a motion for *ex parte* protective relief, complete with numerous misstatements of fact and law, and providing Mr. Hotz, who is a resident of New Jersey, with a copy of the documents mere hours before a preliminary hearing for this matter was set in this Court in California, denying Mr. Hotz's counsel the opportunity to file a properly-drafted response.

Contrary to Plaintiff's depiction, Mr. Hotz is a computer prodigy, a little over 21 years of age, that is well-known for his accomplishments in the field of iPhone development, such as for creating the ability to unlock the phone to provide for interoperability between various cellular network carriers. Mr. Hotz has also gained fame through his numerous accomplishments in the Intel International Science and Engineering Fair, and provided numerous interviews on major television networks including the Today Show, Fox, CNN, NBC, CBS, and ABC. More recently, Mr. Hotz discovered the ability to install programs on the Playstation 3 Computer Entertainment System ("Playstation Computer"), which has angered Sony. Accordingly, Sony has filed this *ex parte* motion for relief, which is devoid of jurisdiction over Mr. Hotz, and which grossly mis-categorizes the underlying facts and fails to meet the minimum burden

required to obtain the extraordinary relief it seeks.

As a cursory matter, Defendant Hotz vehemently objects to Plaintiff's attempt to classify him as a hacker and to assert, without authority or a good faith basis, that Defendant Hotz has any association or connection with Defendants "Bushing," Hector Cantero, Sven Peter and "Segher". It is also noteworthy that Plaintiff has asserted *no basis* for personal jurisdiction over Defendants "Bushing," Hector Cantero, Sven Peter and "Segher," leaving Plaintiff's basis for personal jurisdiction over Mr. Hotz based on a few incorrect and conclusory assertions regarding Mr. Hotz. Moreover, Defendant Hotz has not produced, manufactured, sold, nor does he have any intent whatsoever to produce, manufacture, or sell, any devices that facilitate piracy or counterfeiting.

Nonetheless, Mr. Hotz now responds to Sony's motion as follows, and demonstrates (1) Mr. Hotz does not have sufficient contacts with California to be subject to personal jurisdiction therein and any hearing on the TRO or any preliminary injunction should be delayed until a proper determination of personal jurisdiction can be made by this court; (2) SCEA has failed to satisfy the burden required to obtain the extraordinary relief it seeks, including for the impoundment of Mr. Hotz's personal computer and property; (3) an order at the TRO stage that shifts the burden of a preliminary injunction onto the Defendants is inequitable as the burden should remain with the moving party, SCEA.

## II.  THE TRO SHOULD NOT ISSUE AS TO MR. HOTZ BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER MR. HOTZ.

Sony's argument as to why personal jurisdiction over Mr. Hotz is proper has been relegated to a footnote on Page 1 of its Introduction, under the sentence labeling Mr. Hotz a "hacker." Plaintiff's Ex Parte MOTION for Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, and Order of Impoundment; Memorandum and Authorities in Support filed by Sony Computer Entertainment America LLC, Page 1.

In that footnote, Sony alleges, upon nothing more than information and belief, that Mr. Hotz has consented to and is bound by the "Playstation Network Terms of Service and User Agreement" (the "PSN User Agreement"). However, Sony has not alleged that any of the

4

alleged acts performed by Mr. Hotz were done through the Playstation Network nor was the Playstation Network alleged to have been used as a distribution channel of the "Keys." The next basis for jurisdiction put forth by Sony is even more curious: Mr. Hotz alleged use of Youtube, Twitter, and Paypal as creating sufficient contact with California to assert jurisdiction over this matter which is wholly unrelated to Mr. Hotz's accounts with these third party companies. Mr. Hotz has not had a Twitter account since June of 2010. Affidavit of George Hotz ¶ 9.

Mr. Hotz has never utilized an account with PayPal in connection with any activity relating to the Playstation computer. Affidavit of George Hotz ¶ 7. In fact, Mr. Hotz expressly tells people on his website *not* to give him donations for his efforts. Even more harmful to Sony's personal jurisdiction argument, the only evidence put forward of Mr. Hotz' Paypal account appears to be a transaction initiated by the plaintiff. Declaration Of Ryan Bricker In Support Of *Ex Parte* Motion For Temporary Restraining Order And Order To Show Cause Re Preliminary Injunction; Order Of Impoundment. Exh. DD.
In fact, Mr. Hotz is, and has been since 1995, a New Jersey resident. Affidavit of George Hotz ¶ 2. Without more, Sony has failed to show that Mr. Hotz is subject to personal jurisdiction in California and thus, the TRO should be denied.

### A. MR. HOTZ HAS NO CONNECTION OR AFFILIATION WITH THE OTHER DEFENDANTS IN THIS SUIT.

It is also significant that Mr. Hotz has no connection or affiliation with the other Defendants in this suit. Plaintiff motion for injunctive relief utilizes a two-step fallacious process. First, it asserts personal jurisdiction over the Mr. Hotz and the remaining Defendants using a tenuous argument solely regarding the personal jurisdiction over Mr. Hotz. Thereafter, Plaintiff attempts to blur the lines between the conduct of Mr. Hotz, whose actions are completely legal and for which it lacks the ability to seek injunctive relief, with the conduct of the remaining Defendants, with whom Mr. Hotz has no connection or affiliation.

Defendant's Motion details at length the conduct of Defendants "Bushing," Hector

Cantero, Sven Peter and "Segher", and the organization they purportedly compose known as "FAIL0VERFLOW ." Motion pp 5-7. Plaintiff refers to these Defendants as the "FAIL0VERFLOW Defendants", and discusses how the FAIL0VERFLOW Defendants appeared and participated in a hacker conference in Berlin, Germany, as well as how they purportedly published instructional materials and code, software tools and keys, which allegedly constitute Circumvention Devices. Motion p 6, ll. 20-25; p 7, ll. 5-10. Despite Plaintiff's discussion of the FAIL0VERFLOW Defendants and their conduct at length, Plaintiff never claims or asserts that Mr. Hotz participated in any activity or otherwise has any connection to the FAIL0VERFLOW Defendants-- presumably, because no such connection exists. Plaintiff's Affidavit, ¶ 10.

Indeed, Plaintiff's motion addresses Mr. Hotz separately, claiming that Mr. Hotz "tricked" the Playstation Computer to running unauthorized programs. Motion p. 7, l. 12-14. Sony, in one conclusory line, states that, "[b]uilding on the FAIL0VERFLOW Defendants' Circumvention Devices, Hotz circumvented certain other TPMs in the PS3 System, intentionally accessed the PS3 System without authorization ." Motion p. 7, l. 28, p. 8 ll. 1-2. Aside from a conclusory assertion, Sony fails to identify how Mr. Hotz allegedly utilized FAIL0VERFLOW Defendants' Circumvention Devices, or to support such proposition with any facts. Moreover, Sony fails to note why, even assuming *arguendo* that Mr. Hotz utilized the FAIL0VERFLOW Defendants' Circumvention Devices, such would justify a finding that Mr. Hotz was acting in concert with the FAIL0VERFLOW Defendants. Indeed, according to Defendant's own Motion, the FAIL0VERFLOW Defendants' released their devices to the public at large. Presumably, any person who accessed such information would not be acting in concert with the FAIL0VERFLOW Defendants.

Nonetheless, F.R.C.P 20(a)(2), which pertains to permissive joinder of defendants, provides that persons may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  Sony has failed to meet either

6

OPPOSITION TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT; MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION

prong.

### III. SONY HAS FAILED TO DEMONSTRATE THAT A TRO WILL PREVENT IRREPERABLE HARM SINCE A BASIS FOR ITS CLAIMS IS THAT THE IRREPERABLE HARM SOUGHT TO BE ENJOINED HAS ALREADY BEEN SUFFERRED.

On the face of Sony's Motion, a TRO serves no purpose in the present matter. The code necessary to "jailbreak" the Sony Playstation computer is on the internet. That cat is not going back in the bag. Indeed, Sony's own pleadings admit that the code necessary to jailbreak the Sony Playstation computer is on the internet. Sony speaks of "closing the door", but the simple fact is that there is no door to close. The code sought to be restrained will always be a Google search away. Page 6 of Sony's TRO Motion states that "In early January 2011, Hotz publically distributed the circumvention devices necessary to access that level, providing them to the public via the Internet and releasing software code that will allow users to run unauthorized or pirated software on the PS3 System." Obviously, if the software code was already publically released on the Internet, then there is no way to "un release" the code. No harm can be prevented by issuing this TRO. Simply put: defendant does not sell a physical product that can be effectively restrained through a TRO.

Sony inexplicably and contradictorily claims that Mr. Hotz has "unlawfully gained access" and "publicly distributed the circumvention devices... to the public via the Internet and releasing software code that will allow users to run unauthorized or pirated software on the PS3 System." Plaintiff's Motion, p 6, ll. 8-11. Sony then goes on to claim that unless Defendant Hotz is enjoined from such activity, "hackers will succeed in running and distributing Circumvention Devices that run pirated software on the PS3 System." Plaintiff's Motion, p 6, ll. 11-13. Disregarding the validity of the underlying assertions, if Sony's contention that Mr. Hotz has publicly distributed circumvention devices is actually true, then there is effectively no activity for which to enjoin Mr. Hotz.

In its motion, Sony cites cases "recognizing the illegality of *similar devices* and enjoined their sale and distribution." (emphasis added). However, those cases are not applicable to the

7

present situation whereby software, not hardware, is at issue.

*Sony Computer Entertainment America v. Zoomba et al.*, 2010 WL 4512835 (N.D. Cal. October 13, 2010) is not on point. From the order, it is impossible to tell what the defendants are alleged to have done. It appears that they were commercially trafficking in hardware modifications (i.e., "circumvention devices") to PS3s. Those are not the allegations against this defendant.

*Sony Computer Entertainment America v. Divineo, Inc.*, 457 F. Supp. 2d 957 (N.D. Cal 2006) is not on point. First, it is not about a TRO or preliminary injunction. Second, it is an order on summary judgment after discovery, and it also involves the sale of a hardware component to the public. Sale of a hardware component is not an allegation against this defendant.

Mr. Hotz's alleged actions, as asserted by Sony, cannot be undone by a TRO or a preliminary injunction. Thus, Sony's motion for a TRO and impounding should be denied.

**IV.    SONY HAS FAILED TO DEMONSTRATE LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE SONY'S PLAYSTATION 3 IS NOT MERELY A DEVICE FOR PLAYING COPY-PROTECTED VIDEO GAMES BUT FUNCTIONS AS A MULTIMEDIA PERSONAL COMPUTER.**

Sony, through its marketing of the Playstation computer has touted its versatile ability to do more than play video games. And yet, this is the crux of Sony's argument as to why the system cannot be treated like the computer that it is. The Playstation computer has the ability to play films on BluRay discs and other media and it has the ability to access the internet and play music and a myriad of other features. All of these additional features can be enhanced by an end user's ability to install and run third party software on the Playstation computer. Instead of pointing out the possibilities in innovation and enhancement to the Playstation, Sony has instead chosen to quote internet chat boards and other unauthenticated hearsay sources to demonstrate the "truth" of the matter asserted: that "jailbreaking" the Playstation computer has no use other than to play pirated, copyright-protected, video games. Unlike a physical modchip which doesn't permit end users to install noninfringing software and features to the Playstation computer, the technique and device alleged to have been utilized by Mr. Hotz enables users to

enhance the noninfringing aspects of the Playstation computer and treat the apparatus as it is, a computer.

Yet with all the noninfringing possibilities of Mr. Hotz's alleged "jailbreak," Sony offers nothing more than internet-based quotes and declarations of Sony employees to determine the plausibility of noninfringing uses of a "jailbroken" Playstation computer.

## V. THE BALANCE OF HARDSHIPS FAVORS DEFENDANT BECAUSE DEFENDANT FACES THE LOSS OF HARDWARE ESSENTIAL TO HIS LIVELIHOOD IF THETRO IS GRANTED.

Mr. Hotz is a computer services contractor by trade. He relies on his computers, some of which may be at issue in the present matter, to earn a living. In fact, Mr. Hotz is currently performing contract work which requires the use of his personally-owned computers. If forced to turn his computer(s) over to Sony's counsel, Mr. Hotz will lose his ability to earn a living. Mr. Hotz will likewise lose any personal research unrelated to the present matter and any other documentation unrelated to the current matter that resides on his media devices. Sony is an international company with the ability to retain five attorneys at a well-regarded law firm for a case against Mr. Hotz. Sony will suffer no hardship if it is forced to access Mr. Hotz computers and media devices through proper discovery procedures in a court that can properly assert jurisdiction over Mr. Hotz.

## VI. IMPOUNDING MR. HOTZ'S COMPUTER AND OTHER MEDIA DEVICES IS OVERBROAD, UNNECESSARY AND WOULD BE A HARDSHIP TO MR. HOTZ.

The Proposed Order seeking to impound Mr. Hotz's computers and other media devices is prejudicial in this case. First, the proposed order would have Sony's counsel in possession of defendant's hardware, depriving defendant of the ability to access information potentially necessary to mount an adequate defense. Sony has not demonstrated why a less-extreme measure would not be adequate to protect its interests in the present matter such as an order to preserve evidence. Further, Sony has failed to demonstrate a reasonable concern that Mr. Hotz will destroy, conceal or otherwise prevent Sony from mounting an appropriate prosecution of its claims. Contrary to what Sony's counsel would state, they are not a neutral party and

OPPOSITION TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

impoundment of Mr. Hotz's computers and media devices would prejudice his defense and allow Sony and its counsel unauthorized access to Mr. Hotz's information, including information not within the scope of the present action.

Impoundment of copyrighted materials typically involves impounding physical copies of consumable media and not entire computer systems. The alleged "keys" at issue in the present action make up a minute portion of Mr. Hotz's physical disk space on assorted media. That each item should be impounded upon the allegation of misappropriation of a single portion of data is overbroad.

### VII. THE BURDEN SHIFTING SECTION OF THE PROPOSED ORDER TO SHOW CAUSE IS INEQUITABLE AND THE BURDEN SHOULD REMAIN WITH THE MOVING PARTY.

In addition to the prejudice that would be suffered by Mr. Hotz if a TRO and impounding were to be granted, a requirement that defendant bear the burden of proof in a preliminary injunction hearing would be prejudicial. The burden should stay with the moving party, Sony, and should not be shifted based on the inadequate claims and ambiguous connections alleged by Sony.

### VIII. CONCLUSION

For the foregoing reasons, Sony's Ex Parte TRO, Proposed Order of Impoundment, and Proposed Order to Show Cause should be postponed pending a determination on personal jurisdiction over Mr. Hotz. Otherwise, Sony's Ex Parte TRO, Proposed Order of Impoundment, and Proposed Order to Show Cause should be denied.

DATED: January 12, 2011        Respectfully Submitted,

/s/ Stewart R. Kellar

STEWART KELLAR

Attorney for Defendant
GEORGE HOTZ

OPPOSITION TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION