KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
TIMOTHY R. CAHN (State Bar No. 162136)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
HOLLY GAUDREAU (State Bar No. 209114)
RYAN BRICKER (State Bar No. 269100)
Two Embarcadero Center Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email: jgilliland@kilpatricktownsend.com
        tcahn@kilpatricktownsend.com
        mboroumand@kilpatricktownsend.com
        hgaudreau@kilpatricktownsend.com
        rbricker@kilpatricktownsend.com

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

FOR THE  DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,<br><br>　　　　　Defendants. | CASE NO. 11-cv-000167 SI<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:<br>Time:<br>Courtroom:　10, 19th Floor<br>Judge:　　　Hon. Susan Illston |



## I.    INTRODUCTION

Plaintiff Sony Computer Entertainment America LLC ("SCEA") submits this supplemental brief in support of its argument that this Court has personal jurisdiction over Defendant George Hotz ("Hotz").   Hotz's unlawful conduct – his unauthorized accessing of the PlayStation®3 computer entertainment system ("PS3 System"), circumvention of its technological protection measures and trafficking in circumvention devices – is directed at SCEA here in the Northern District of California and has caused harm to SCEA, a resident of this district.  This harm to SCEA together with Hotz's other contacts with the Northern District of California imparts this Court with specific personal jurisdiction over Hotz.

## II.   DEFENDANT HOTZ IS SUBJECT TO SPECIFIC PERSONAL JURISDICTION IN THE NORTHERN DISTRICT OF CALIFORNIA

A district court can exercise specific personal jurisdiction over a non-resident defendant if: (1) the defendant did some act or consummated some transaction with the district or performed some act by which it purposefully availed itself of the privilege of conducting activities in the district, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) such exercise of jurisdiction is reasonable. *See Panavision Int'l, L.P.  v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998).  As explained below, Hotz is subject to specific personal jurisdiction in this Court.

### A.    Hotz's Unlawful Conduct Is Directed Toward SCEA in the Northern District of California And The Brunt Of The Harm Resulting From Hotz's Conduct Is Suffered Here

The "purposeful availment" requirement is satisfied when an intentional act is both aimed at and has an effect in the forum state and causes harm, "the brunt of which is suffered – and which the defendant knows is likely to be suffered – in the forum state." *Calder v. Jones,* 465 U.S. 783 (1984) (quoting *Core-Vent Corp. v. Nobel Industries AB,* 11 F. 3d 14821, 1486 (9th Cir. 1993)).  Under this well-established "effects test," personal jurisdiction over Hotz is proper.

In a case with very similar facts, the Ninth Circuit in *Panavision Int'l, L.P.  v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998) found personal jurisdiction over a



PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
CASE NO. 11-cv-000167 SI

1

nonresident defendant based on defendant's cybersquatting of domain names containing

Panavision's registered trademarks.  The Ninth Circuit held that defendant's activities

satisfied the "effects test," and thus personal jurisdiction was proper:

> [Defendant] engaged in a scheme to register Panavision's trademarks as his domain names for the purpose of extorting money from Panavision.  His conduct, as he knew it likely would, had the effect of injuring Panavision in California where Panavision has its principal place of business and where the movie and television industry is centered. Under the "effects test," the purposeful availment requirement necessary for specific, personal jurisdiction is satisfied.

*Id*. at 1322.  *See also Dole Foods v. Watts*, 303 F.3d 1104, 1107 (9th Cir. 2002) (finding

personal jurisdiction over European defendants based on their fraudulent activity directed

at plaintiff in California); *3DO Co. v. Poptop Software, Inc.*, 1998 U.S. Dist. LEXIS 21281

(N.D. Cal. 1998) (finding jurisdiction over nonresident defendant for copyright

infringement of video game software under the "effects test"); *Autodesk, Inc. v. RK Mace*

*Engineering, Inc.*, 2004 WL 603382 at *5 (willful copyright infringement sufficient to meet

the requirements of the "effects test").

  The facts here establish that this Court has personal jurisdiction over Hotz.  SCEA,

whose principal place of business is in Foster City, California, markets and sells the PS3

System.  Russell Decl., ¶ 3.[1]  Without authorization, Hotz accessed and circumvented the

PS3 System.  He then posted on his website circumvention devices that allow users to

bypass the technological protection measures found in the PS3 System and run pirated

video games.  Bricker Decl., Exhs. T, B, CC.  As detailed in the Russell Declaration and

outlined in a BBC article (Bricker Decl., Exh. Z), SCEA has and will continue to be

harmed significantly as a result of Hotz's conduct.  Russell Decl., ¶¶ 9-12.  Hotz is and

was well aware of the harmful impact of his unlawful conduct on SCEA.  Bricker Decl.,

Exhs. U, Z.  Moreover, just like the defendant in *Panavision*, Hotz attempted extortion.

When posting the "Metldr Keys" on his website, in an attempt to obtain employment from

---

[1] Except for the Declaration of James G. Gilliland, Jr. which is being submitted with this supplemental briefing, all other declarations referenced herein are to declarations previously filed in connection with SCEA's TRO briefing.



1    SCEA, Hotz wrote: "if you want your next console to be secure, get in touch with me."  *Id.*

2

3        **B.    Defendant's Conduct Arises From His Contacts With The Northern
4               District of California**

5        The second requirement for specific personal jurisdiction is that plaintiff's claim

6    arises out of defendant's forum-related activities.  *Panavision Int'l, L.P*, 141 F. 3d at 1322.

7    *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1053 (N.D. Cal 2010).  This

8    requirement is met because Hotz has utilized his many connections with this forum to

9    publicize (and perhaps profit from) his hacking of the PS3 System.

10       Hotz distributes his circumvention devices through his website.  Through that

11   website, Hotz publishes the "Metldr Keys" and also provides users links to his other

12   circumvention devices, including the 3.55 Firmware JailBreak and the Signing Tools.

13   Bricker Decl., Exhs. U, T.  With this conduct, Hotz encourages and enables users to

14   download the illegal circumvention devices from his website.  *3DO Co. v. Poptop*

15   *Software, Inc.*, 1998 U.S. Dist. LEXIS 21281, *9 (N.D. Cal. 1998) (finding of jurisdiction

16   based on defendant's interactive websites which "encourage and facilitate users in

17   California to download infringing video game software").

18       Hotz is also subject to the jurisdictional provision in Paragraph 14 of the

19   PlayStation Network Terms of Service and User Agreement. ("PSN User Agreement").

20   Complaint, Exh. A.  As the Northern District made clear in *Craigslist*, a defendant who, in

21   order to use a website, agrees to terms and conditions is subject to jurisdiction "based on

22   their consent to the forum selection clause in the [Terms of Use]."  *Craigslist, Inc.*, 694 F.

23   Supp. at 1052-53.  Likewise, to play games online and to obtain updates of the Firmware

24   for the PS3 System, users often connect to the PSN Network.  When doing so they must

25   agree of the terms of the PSN User Agreement.  In his January 7, 2011 YouTube video,

26   Hotz clearly states that he is running his PS3 System with the latest version of the PS3

27   System firmware, version 3.55, presumably obtained from SCEA.  Bricker Decl., Exh. W.

28       Additionally, SCEA has records of a user account registered to Geo1Hotz, which

1   show that this account is related to at least seven other accounts.  Declaration of James

2   G. Gilliland, Jr. In Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order

3   ("Gilliland Decl."), ¶ 2, Exh. A.  Hotz refers to himself online as GeoHot, among other

4   names.  Even if Hotz is not the user registered as Geo1Hotz, he could be registered to

5   use the network under another alias.  As Hotz's counsel noted today, to utilize the PS3

6   System, Hotz has to have accessed the PlayStation Network, and consequently agreed

7   to the terms of the PSN User Agreement.  Hrg. Transcript 19:18-21.  Hotz has never

8   denied accessing the PlayStation Network.  Moreover, his declaration in opposition to the

9   TRO is very carefully worded to say that he "do[es] not believe" that he has a PSN user

10   account and makes no mention of whether or not he has accessed the network.  If he has

11   never accessed the PlayStation Network, Hotz would have said so unequivocally.[2]

12   Hotz also publishes an interactive blog named "On the PlayStation 3."  Bricker

13   Second Supplemental Decl., Exh. C.   This interactive blog, hosted by Google's blogspot

14   service, specifically discusses Hotz's circumvention of the PS3 System and is a forum for

15   his discussions with others.  *See id.*  Recently, Hotz limited public access to the blog.

16   However, it is still up and running and most likely available to members of the hacking

17   community. It is on this blog that Hotz's followers stated that they were donating to

18   support his efforts to hack the PS3 System.  *Id.*, Exh. C at pp. 29, 31 and 36.

19   In the past, Hotz has also used other interactive tools such as Twitter to report on

20   his hacking of the PS3 System.  Second Supplemental Bricker Decl., Exhs. A-B.  Hotz

21   also lived in California from April until October of 2008.  Gilliland Decl., Exh. B.  During

22   that time, he worked at an internship at Google in Mountain View, California, here in this

23   District, and thus had significant contact with California at that time.[3]

24   As shown above, Hotz's unlawful conduct was intentionally aimed at SCEA in the

25

26   _____

   [2] Additionally even if Hotz downloaded the firmware from Sony online and not the PSN
27   Network, he would still be subject to jurisdiction in California because the same
   agreement, Exh. A to the Complaint, applies.

28   [3] SCEA does not contend that merely using Twitter or Paypal grants jurisdiction in this
   District.  But using them to harm a resident can.



PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER                                          4
CASE NO. 11-cv-000167 SI

1    Northern District of California and injured SCEA in this district.

2       **C.   Exercise of Personal Jurisdiction Over Defendant Is Reasonable**

3       Once the Court finds purposeful availment, it is defendant's burden to "present a

4    compelling case that the presence of some other considerations would render jurisdiction

5    unreasonable" *Burger King Corp. v. Rudzewich, 471 U.S. 462 (1985).* Hotz cannot do

6    so.

7       In determining whether personal jurisdiction is reasonable, courts consider the

8    following factors: (1) the extent of the defendants' purposeful injection into the forum

9    state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of

10   conflict with the sovereignty of the defendant's state; (4) the forum state's interest in

11   adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6)

12   the importance of the forum to the plaintiff's interest in convenient and effective relief; and

13   (7) the existence of an alternative forum. *Panavision Int'l, L.P*, 141 F. 3d at 1323. These

14   factors weigh in favor of personal jurisdiction over Hotz in this district.

15          **1.   Purposeful Injection**

16      "The court's determination that defendant has purposefully directed its activities

17   toward California is sufficient to resolve this factor in favor of jurisdiction." *AutoDesk*,

18   2004 WL 603382 at *7 (N.D. Cal. 2004). As established above, Hotz engaged in unlawful

19   acts directed at SCEA in California. This factor weighs in favor of finding personal

20   jurisdiction.

21          **2.   Burden on Defending In This Forum**

22      Unless "inconvenience is *so* great as to constitute a deprivation of due process, it

23   will not overcome clear justifications for the exercise of jurisdiction." *Panavision Int'l LLP*,

24   141 F. 3d at 1323; *Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128-29

25   (9th Cir.1995) (emphasis added). Although Hotz resides in New Jersey, any

26   inconvenience in litigating in California certainly does not rise to the level of "any

27   deprivation of due process." Also, Hotz has already secured counsel in the Northern

28   District of California.



PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER                                         5
CASE NO. 11-cv-000167 SI

### 3.    Extent of Conflict with Sovereignty of Hotz's State

There is no concern that this district's exercise of jurisdiction would conflict with the sovereignty of New Jersey, where Hotz purportedly resides. *See Autodesk*, 2004 WL 603382 at *8 ("the sovereignty barrier is not particularly high when defendant is merely from another state"); *Panavision, Int'l., L.P.*, 141 F.3d at 1323.

### 4.    Forum State's Interest

California has a strong interest in protecting residents who have been tortuously injured. *Panavision Int'l., L.P*, 141 F. 3d at 1324.  SCEA is based in California. Therefore, this factor weighs in favor of personal jurisdiction.

### 5.    Effective Resolution of the Controversy

Because SCEA is based in California, Hotz's unlawful conduct and the resulting harm impacts SCEA here in California.  And one of the other defendants, "Bushing," resides in this district.  Gilliland Decl., ¶¶ 4-5, Exhs. C, D.  Moreover, much of the evidence and witnesses will likely be in California, not any other forum.  Therefore, this factor weighs in favor of personal jurisdiction.

### 6.    Convenience and Effective Relief for Plaintiff

The Northern District is a convenient forum for SCEA's as its principal place of business is located here.  Most of the evidence and SCEA's witnesses are also located in this district.  This factor weighs in favor of personal jurisdiction.

### 7.    Alternative Forum

This factor favors personal jurisdiction in California because both SCEA and Hotz's co-defendant Bushing are located here in the Northern District of California. Although an alternative forum would be convenient for Hotz, litigating this case in California is more practical because of the facts and parties involved.  Moreover, all the other factors listed above weigh in favor of jurisdiction in this District.

On balance, these factors weigh in favor of litigating SCEA's claims in this district. Hotz cannot present a "compelling case" that this Court's exercise of jurisdiction would be unreasonable and deprive him of due process.



PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER
CASE NO. 11-cv-000167 SI

6

III.     **CONCLUSION**

As set forth above, this Court has personal jurisdiction over Hotz.  He has purposefully availed himself of this jurisdiction by engaging in harmful conduct that injures SCEA, a resident of this jurisdiction.  Moreover, he has subjected himself to the terms of the PSN User Agreement which confers jurisdiction to this Court.  Additionally, Hotz has advertised his activities through interactive blogs and makes his unlawful circumvention devices available for download on his website.  Through this conduct, Hotz has established the minimum contacts necessary for this Court to exercise personal jurisdiction over him.  SCEA respectfully requests that the Court grant its *Ex Parte* Motion for a Temporary Restraining Order.

DATED:  January 14, 2011          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: /s/James G. Gilliland, Jr.
      JAMES G. GILLILAND, JR.

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

63102623 v1



PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION FOR TEMPORARY RESTRAINING ORDER
CASE NO. 11-cv-000167 SI

7