1  STEWART KELLAR, State Bar #267747
   E-ttorney at Law™
2  148 Townsend St., Suite 2
   San Francisco, CA  94107
3  Telephone: (415) 742-2303
   Email:  stewart@etrny.com
4
   Attorney for Defendant
5  GEORGE HOTZ

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11 | SONY COMPUTER ENTERTAINMENT
   | AMERICA LLC, a Delaware limited         CASE No.:  CV 11-00167 SI
12 | liability company,
13 |                                          DEFENDANT'S SUPPLEMENTAL
   |            Plaintiff,                    BRIEF IN OPPOSITION TO
14 | v.                                       PLAINTIFF'S *EX PARTE* MOTION
                                              FOR TEMPORARY RESTRAINING
15 | GEORGE HOTZ; HECTOR MARTIN               ORDER
   | CANTERO; SVEN PETER; and DOES 1
16 | through 100,
17 |
   |            Defendants.
18

**Contents**

I.  INTRODUCTION ................................................................................................................... 4

II. LEGAL STANDARD AND BURDEN ................................................................................. 5

   A.    Prong 1 Of The Personal Jurisdictional Analysis Must Fail Because Mr. Hotz's Alleged Acts Were Not Directed Toward California, And Sony Has Failed To Satisfy Its Burden. ........ 6

       1.    Purposeful Availment analysis: Mr. Hotz is not subject to the PSN. ........................... 7

       2.    Purposeful Direction analysis: Mr. Hotz's Activity is not directed toward California. 9

   B.    Prong 2 Of The Personal Jurisdiction Analysis Must Fail Because Mr. Hotz Has No Meaningful Contact With California And His Alleged Acts Do Not Arise From Contact With California. ............................................................................................................................... 12

   C.    Prong 3 Must Fail Because Exercise of Personal Jurisdiction Over Mr. Hotz Is Unreasonable. ............................................................................................................................. 14

       1.    The Extent of Defendant's Purposeful Injection Into the Forum State's Affairs ....... 15

       2.    Burden of Mr. Hotz on Defending In This Forum ...................................................... 15

       3.    Extent of Conflict with Sovereignty of Mr. Hotz's State ........................................... 16

       4.    Forum State's Interest in Adjudicating the Dispute .................................................... 16

       5.    The Most Efficient Judicial Resolution of the Controversy ....................................... 17

       6.    Importance of the Forum to the Plaintiff's Interest in Convenient and Effective Relief ................................................................................................................................... 17

       7.    The Existence of an Alternative Forum ..................................................................... 18

III.    CONCLUSION ................................................................................................................. 18

**Cases**

*3DO Co. v. Poptop Software, Inc.*, 1998 U.S. dist. LEXIS 21281 (N.D. Cal. 1998) .................... 11

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1992) ................................................. 11

Autodesk v. RK Mace Engineering, Inc., 2004 WL 603382 ......................................................... 12

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) ..................................................................... 6, 12

Bensusan Restaurant Corp., v. King, 937 F. Supp. 295 (S.D.N.Y.1996) ...................................... 11

*Burger King Corp. v. Rudzewich*, 471 U.S. 462 (1985) ................................................................ 15

*Calder v. Jones*, 465 U.S. 783 (1984) ............................................................................................ 6

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993) ............ 6, 12, 14, 15, 16, 17

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) ................................................... 11

*Data Disc, Inc. v. Systems Tech Assocs, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977) ...................... 5

*Dole Food Co, Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) .................................................. 6, 11

*Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266 (9th Cir. 1981) ............ 15

*John Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ........................................................ 6, 12

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ......................................... 10, 14

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ........................................ 9, 10, 11, 14

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) ............................................................... 17

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) .................... 5, 6, 7

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988) ........................................ 16, 18

*Slepian v. Guerin,* 172 F.3d 58 (9th Cir. 1999) .............................................................................. 5

Zippo Mfg. Co. v. Zippo DOT Com, 952 F. Supp. 1119 (W.D. Pa. 1997) .................................... 13

Without consenting to personal jurisdiction Mr. George Hotz by and through his attorney of record specially appears and respectfully submits this Supplemental Brief in Opposition to Plaintiff's *ex parte* Motion for Temporary Restraining Order.  Mr. Hotz is not a resident of California and does not consent to jurisdiction in California

## I.   INTRODUCTION

Defendant George Hotz submits this supplemental brief, by and through counsel, in support of his argument that this Court lacks personal jurisdiction over him.  Simply put, Mr. Hotz is a resident of New Jersey, and he lacks sufficient contacts with California to confer personal jurisdiction over Mr. Hotz.

Sony acquiesces that Mr. Hotz is not subject to the general jurisdiction of California, but argues that Mr. Hotz is subject to the specific personal jurisdiction in California. While Sony presents various specious arguments pertaining to Mr. Hotz's use of Twitter and Paypal to justify its position, the crux and substance of Sony's argument is that Mr. Hotz is subject to the Playstation Network ("PSN") Terms of Service and User Agreement (hereinafter the "PSN TOS"), which includes a forum selection clause.  The PSN is an online service facilitated by Sony that allows, among other limited activities, certain users of the Playstation 3 Computer System ("Playstation Computer") in conjunction with the PSN to participate in multiplayer gaming with one another. In support of its position that Mr. Hotz is subject to the PSN TOS, Sony puts forth unauthenticated and contradictory hearsay evidence that Mr. Hotz has an Online ID for the PSN, and further makes deceptive and blatantly false statements that Mr. Hotz's is subject to the PSN TOS by virtue of Mr. Hotz updating his Playstation Computer via a firmware update. Nonetheless, pretermitting whether the PSN TOS's limited scope would be sufficient to confer jurisdiction over Mr. Hotz, Mr. Hotz demonstrates that he is, in fact, not subject to the the PSN TOS.  <u>Moreover, Contrary to Sony's assertion, and as demonstrated herein, updating a Playstation Computer does not subject a user to the PSN TOS or any other agreement with Plaintiff.</u>

If Sony's contention, which is contrary to well established 9th Circuit law, that Mr. Hotz

is subject to the jurisdiction of this Court, is to be accepted, then the very concept of personal jurisdiction would be eviscerated. Sony is a multi-billion dollar that has sold billions of hardware products ranging from Playstation Computers to televisions to computers to personal music players. Sony's position is that anytime a user allegedly "exceeds authorization" when using such products, irrespective of whether such user and conduct is in New Jersey, Germany, or China, then such individual could be hailed into this Court in California. Fortunately, the 9th Circuit has explicitly rejected such a position.

Accordingly, Mr. Hotz shall demonstrate that he is not subject to personal jurisdiction in this Court.

## II.  LEGAL STANDARD AND BURDEN

The Ninth Circuit has established a three-part test for determining when specific jurisdiction may be exercised. See *Data Disc, Inc. v. Systems Tech Assocs, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). To properly exercise specific jurisdiction, (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) The claim must be one which arises out of or results from the defendant's forum-related activities; and (3) Exercise of jurisdiction must be reasonable. *Id*. All three prongs must be met, and the inability to satisfy any of the aforementioned prongs will result in the failure to establish jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Moreover, the plaintiff bears the burden of satisfying the first two prongs of the test. *Id*.; *Slepian v. Guerin,* 172 F.3d 58 (9th Cir. 1999). If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger,* 374 F.3d at 802.

The Ninth Circuit analyzes the first prong for personal jurisdiction, purposeful availment and purposeful direction, as two separate analyses. In tort cases involving purposeful direction, the Court evaluates such prong under the "effects" test from *Calder v. Jones*, 465 U.S. 783

5

(1984).  See *Dole Food Co, Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002).  Under *Calder*, the "effects" test requires that the defendant allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

In analyzing the second prong required for personal jurisdiction, that a claim must arise out of a the defendant's forum-related activities, the courts apply a "but for" test. *John Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001).  The "but for" test is a simple test where the Plaintiff must demonstrate that the Plaintiff's claims against the Defendant would not have arisen "but for" the Defendant's contact with the forum state. See *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)

If the Plaintiff meets its burden in satisfying the first two prongs, then the Court must analyze the third and final prong for jurisdiction, reasonableness, by consider the following seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).  None of the factors are dispositive, and they must be balance together. *Id.*

### A.  Prong 1 Of The Personal Jurisdictional Analysis Must Fail Because Mr. Hotz's Alleged Acts Were Not Directed Toward California, And Sony Has Failed To Satisfy Its Burden.

Under the first prong of a specific jurisdiction test, Sony must demonstrate that Mr. Hotz "purposefully availed" himself of the privilege of conducting activities in California, or purposefully directed its activities toward California. *Schwarzenegger*, 374 F.3d at 802. Moreover, while the Courts typically use "purposeful availment," in shorthand fashion to include both purposeful availment and purposeful direction, availment and direction are two distinct concepts that undergo two distinct analyses. *Id.*

6

Purposeful availment involves a showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract in the forum. *Id.* at 803. Purposeful direction, by contrast, involves a showing that a Defendant purposefully directed his tortious conduct toward the forum state, and applies the three-part Calder effects test promulgated by the U.S. Supreme Court. *Id.*

In the matter at hand, Sony fails to address a "purposeful availment" analysis pertaining to Mr. Hotz's activities. Nonetheless, Sony argues Mr. Hotz is subject to jurisdiction based on his "purposeful direction", and then goes on to improperly allege that Mr. Hotz is subject to the PSN TOS as a factor satisfying the second prong of jurisdictional analysis (i.e., whether the alleged conduct involves Mr. Hotz's contacts with California). Any factor pertaining to Mr. Hotz in connection with the PSN TOS would be properly analyzed under the first prong of the purposeful availment analysis. Notwithstanding Sony improperly addressing the PSN TOS in the second prong of a jurisdictional analysis, Mr. Hotz will demonstrate that he is not subject to the PSN TOS and, moreover, Sony fails to satisfy the first prong of a jurisdictional analysis irrespective of whether a purposeful availment or purposeful direction test is utilized.

**1. Purposeful Availment analysis: Mr. Hotz is not subject to the PSN.**

Sony alleges that all users who have updated a Playstation Computer via Playstation Computer firmware update are bound by the PSN TOS. Plaintiff's Complaint, p.13, ¶ 53. Sony then alleges that Mr. Hotz must have updated his Playstation Computer, and uses this as justification for why Mr. Hotz must be subject to the PSN TOS, which includes a forum selection clause. Sony's assertion is blatantly false and misleading, and Mr. Hotz has explicitly averred that he is not subject to the PSN TOS. Affidavit of Hotz ¶ 6. Equally significant, updating a Playstation Computer does not subject an individual to the PSN TOS. Affidvait of Yasha Heidari in Support of Defendant's Opposition to Plaintiff's Motion for TRO ("Affidvait of Heidari") ¶ 5.

With regard to the PSN TOS, the agreement is not a required step to access the 3.55

7

firmware and is not required to be entered into by end users to install the 3.55 Firmware onto a Playstation computer.  Affidvait of Heidari ¶¶ 5, 8-13.  The 3.55 Firmware file may be accessed, without encountering any agreements, directly from the Sony website at <http://dus01.ps3.update.playstation.net/update/ps3/image/us/2010_1207_ca595ad9f3af8f1491d9c9b6921a8c61/PS3UPDAT.PUP> or many other third party websites.  *Id*. ¶ 4.  Upon installing the firmware, the only agreement encountered by an end user is an agreement with Sony Computer Entertainment, Inc. which is not a party in this lawsuit.  *Id*. ¶ 8.  The agreement does not contain a forum selection clause and raises serious questions of Sony Computer Entertainment America LLC's standing to bring this lawsuit.  *Id*. ¶ 9

Moreover, in a final effort to assert Mr. Hotz is subject to the PSN TOS, Sony states in its supplemental brief that "users *often connect* to the PSN Network" to obtain updates of the Firmware.  Sony Supplemental Brief p 3: 24 (emphasis added).  Sony has not and cannot truthfully allege that Mr. Hotz has accepted the PSN Agreement or has connected to the PSN Network to obtain the 3.55 Firmware.  Sony, without more, presumes Mr. Hotz acquired the 3.55 firmware from SCEA.  *Id*. at p.3: 27.  Notwithstanding the foregoing, Mr. Hotz has explicitly stated that he has not obtained the Playstation Computer firmware update from the PSN.  Second Affidavit of Hotz ¶ 11.

Equally problematic for Sony, the only evidence it has put forth to prove Mr. Hotz has entered the PSN Agreement is an improperly authenticated screen shot of a PSN Network account with the username "Geo1Hotz." Declaration of Gilliland Exh. A.  Mr. Hotz does not own or have access to this account.  Second Affidvait of Hotz ¶ 6.  Mr. Hotz does not live in Rhode Island, does not use the name "Geo1Hotz" which, in contrast to Mr. Hotz's common handle, utilizes capital letters and a numeral, and Mr. Hotz was not born in 1995 as in the screen grab.  *Id*.  Sony further falsely states that Mr. Hotz is "reffered to online as 'GeoHot.'"  This is untrue.  All exhibits submitted by Sony purport to show that Mr. Hotz goes by the internet name "geohot" without any capitalized letters or numerals.  See e.g. Declaration of Bricker, Document Number [21] Exhibits A, B. Equally significant, Sony admits that the PSN account for Online ID "Geo1Hotz" "may show some specious information because when a PSN user assents to the

license agreement the user can enter any address, phone number, or birthday he wishes." Gililand Declaration ¶ 2. Sony also fails to address that any PSN user can enter any name he or she wishes, as well as register any Online ID he or she wishes to register. Undoubtedly, there are numerous individuals currently utilizing an Online ID or names of celebrities or people widely recognized, including presumably the names "Barack Obama," "George Bush," and "Steve Holt."

Further, Sony misstates the transcript of the initial TRO hearing. Compare Sony Supplemental Brief 4: 5-7 with Hrg. Transcript 19:18-21. Mr. Hotz has stated he does not have a PSN account, has not agreed to the PSN TOS, and has not obtained a Playstation Computer firmware upgrade from the PSN. Second Affidavit of Hotz ¶ 11. Mr. Hotz has also demonstrated that a Playstation Computer firmware upgrade does not subject a user to the PSN TOS. Affidvait of Heidari ¶¶ 10-13. Sony cannot satisfy its burden that Mr. Hotz is subject to the PSN TOS because no such facts exist. Nonetheless, the sole speculative and unauthenticated evidence Sony has provided falls far short of satisfying its burden to satisfy this prong of the personal jurisdiction analysis.

### 2. Purposeful Direction analysis: Mr. Hotz's Activity is not directed toward California.

Sony has the burden of proving Mr. Hotz purposefully availed himself to the jurisdiction of California. Under the well established "effects" test, which pertains to purposeful direction, Mr. Hotz must have expressly aimed his allegedly tortious activity at California, causing harm that the defendant knows is likely to be suffered in California. However, the 9th Circuit has elucidated that referring the *Calder* test as an "effects" test can be misleading, and has warned courts not to focus too narrowly on the test because "something more" is needed in addition to a mere foreseeable effect. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006).

The 9th Circuit has held "cases have struggled somewhat with Calder's import, recognizing that the case cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state will always give rise to specific jurisdiction. We have said that there must be 'something more.' We now conclude that 'something more' is what the

9

Supreme Court described as 'express aiming' at the forum state." *Id*. Accordingly, acts which are not expressly aimed at California, regardless of foreseeable effect, are insufficient to establish jurisdiction. *Id*.

In the present case, Sony cannot demonstrate that Mr. Hotz's activity could even arguably be construed as expressly aimed at California. To the contrary, the sole alleged tortious activity alleged in this action involves Mr. Hotz-- who is located in New Jersey-- purportedly improperly accessing portions of his own Playstation Computer-- which is also located in New Jersey. Sony's primary allegation is that Mr. Hotz violated the circumvention provisions of the Digital Millennium Copyright Act ("DMCA") by allegedly circumventing control access to the Playstation Computer. Sony also includes various other inexplicable claims for good measure, including Mr. Hotz violating the Computer Fraud and Abuse Act and the California Computer Crime Law for allegedly "exceeding access" to Mr. Hotz's very own Playstation Computer, as well as for Mr. Hotz purportedly "trespassing" on the very Playstation Computer he lawfully purchased and owns. Sony also alleges that, by engaging in such conduct, Mr. Hotz has breached the PSN TOS (which is actually not applicable to Mr. Hotz as demonstrated above). Nonetheless, this suit centers around the allegation that Mr. Hotz improperly accessed portions of his Playstation Computer.

Moreover, the cases Sony asserts in support for finding personal jurisdiction against Mr. Hotz actually harm Sony's position. For example, in its supplemental brief, Sony attempts to compare the claims in this case to those of *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998). In *Panavision*, the Court found personal jurisdiction over a nonresident defendant who maliciously registered hundreds of domain names including trademarks owned by plaintiff Panavision in California and sent a letter to Panavision explicitly offering to sell those domains for large sums of money in what the 9th Circuit characterized as an extortion scheme. *Id.* at 1323, 1327. The Court in *Panavision* found the Defendant deliberately registered domain names for a trademarked company in California and initiated extensive contacts with such company to negotiate or extort money from such company. *Id.* at 1327. The Court elucidated that such contacts were, in addition to having foreseeable effects in California,

10

DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER
Case No. 11-cv-00167 SI

deliberately aimed at California. *Id.* at 1321-22. By contrast, however, the Court stated that had the defendant simply registered the domain names belonging to the trademarked company in California and done little more-- despite the fact that such actions would have foreseeable effects in California-- the Defendant would not be subject to personal jurisdiction in California because such actions were not deliberately aimed at California. *Id.* at 1322. Indeed, the Court has specifically rejected jurisdiction under such facts. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997).

In the present case, aside from Sony's conclusory assertion that Mr. Hotz deliberately aimed his activity at California, Sony has provide **no** underlying facts that would indicate Mr. Hotz directed any activity at California whatsoever. Even if Mr. Hotz's "improperly accessed" his Playstation Computer and Sony, which is located in California, suffered foreseeable harm from such access, such contacts would be insufficient to satisfy jurisdiction and fail to satisfy this prong of the analysis. Just as someone in Nebraska registering a website using another's trademark may result in foreseeable harm to a company in California, such contact alone is not sufficient to confer jurisdiction. See *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997). Rather, there must be "something more"-- an express aiming' at the forum state. "Creating a site, like placing a product into the stream of commerce, may be felt nationwide-or even worldwide-but, without more, it is not an act purposefully directed toward the forum state." *Bensusan Restaurant Corp., v. King*, 937 F. Supp. 295, 301 (S.D.N.Y.1996) (citing the plurality opinion in *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1992)). The fact that Sony alleges Mr. Hotz' maintained a website site is not sufficient to confer jurisdiction over Mr. Hotz. *Pebble Beach Co.*, 453 F.3d at 1156 (9th Cir. 2006).

Sony also cites several cases that find specific jurisdiction while neglecting to mention the highly distinguishable facts of each. *Dole Foods*, 303 F.3d at 1107 finds specific jurisdiction over former officers of the plaintiff's company who lied about their personal interests in business deals. Mr. Hotz is not a former officer of Sony and has not committed fraud against Sony. *3DO Co. v. Poptop Software, Inc.*, 1998 U.S. dist. LEXIS 21281 (N.D. Cal. 1998) involves cut and dry copyright infringement committed by the defendants who

11

encouraged infringement of plaintiff 3DO's copyrighted material and used a California-based server to distribute the infringing files via an interactive website. Even the sole unauthenticated evidence put forth by Sony indicates Mr. Hotz does not condone piracy, does not offer infringing copyrighted works for download, does not utilize California-based servers, and does not provide a website that offers any interactivity. Declaration of Bricker, Document Number [21] Exhs. A, B. Finally, *Autodesk v. RK Mace Engineering, Inc.*, 2004 WL 603382 is distinguishable. In *Autodesk*, the defendant sent the plaintiff two letters admitting willful infringement and violation of plaintiff's software licensing agreement to which the defendant voluntarily agreed. No such admission exists here, Mr. Hotz has not acquiesced to any agreement with Plaintiff, and there are disputed facts regarding whether infringement of any kind has occurred in the present case.

Mr. Hotz's alleged acts are not directed towards the forum or towards SCEA. Mr. Hotz's alleged web site is clearly a passive one that does not allow users to exchange information with the host computer. *Id.*

**B. Prong 2 Of The Personal Jurisdiction Analysis Must Fail Because Mr. Hotz Has No Meaningful Contact With California And His Alleged Acts Do Not Arise From Contact With California.**

The second requirement for specific personal jurisdiction is that plaintiff's claim arises out of defendant's forum-related activities. *Core-Vent* Corp, 11 F.3d at 1485. In analyzing the whether the plaintiff's claim arises out of defendant's forum-related activities, the courts apply a "but for" test. *John Doe v. Unocal Corp.*, 248 F.3d at 924. The "but for" test is a simple test where the Plaintiff must demonstrate that the Plaintiff's claims against the Defendant would not have arisen "but for" the Defendant's contact with the forum state. See *Ballard v. Savage*, 65 F.3d at 1500.

In the present matter, Sony's discussion of this factor includes facts that are meant to be considered under the first prong of a personal jurisdiction analysis involving purposeful availment, and Sony fails to even address the "but for" analysis. Nonetheless, even though the sole evidence upon which Sony relies is improperly authenticated evidence, it would not be

12

1 sufficient to find that Sony's claims against Mr. Hotz would not have arisen but for Mr. Hotz's
2 alleged contacts with California.
3    As stated above, the crux of Sony's claims against Mr. Hotz is that Mr. Hotz allegedly
4 "exceeded access" to his Playstation Computer. The claims of Sony do not pertain to Mr. Hotz's
5 alleged connection to California, but rather, pertain to Mr. Hotz's alleged activity involving
6 accessing his Playstation Computer, while both Mr. Hotz and his Playstation Computer are
7 located in New Jersey.  Accordingly, Sony's claims against Mr. Hotz are not asserted "but for"
8 Mr. Hotz's alleged contacts with California-- rather, those claims are solely focused on Mr.
9 Hotz's activity pertaining to his Playstation Computer in New Jersey.
10   Moreover, although Sony discusses other facts in this prong of the analysis which are
11 irrelevant and are properly discussed under the first prong of a jurisdictional analysis, Mr. Hotz
12 will nonetheless address Sony's contentions.  First, Mr. Hotz maintains a passive, not an active
13 website. "A passive Web site that does little more than make information available to those who
14 are interested in it is not grounds for the exercise personal jurisdiction." *Zippo Mfg. Co. v. Zippo*
15 *DOT Com*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).  Mr. Hotz's website creates one of those
16 "situations where a defendant has simply posted information on an Internet Web site which is
17 accessible to users in foreign jurisdictions." *Id*.  Mr. Hotz neither encourages nor facilitates
18 illegal circumvention devices to be downloaded on his website.  More importantly, Sony's claims
19 are not related to Mr. Hotz running a website or disclosing information he legally obtained;
20 rather, Sony's allegation pertains to, once again, Mr. Hotz allegedly improperly accessing
21 portions of his own Playstation Computer.
22   Next, Sony attempts to characterize users of Google's Blogspot service as publishers of
23 interactive websites.  Mr. Hotz does not maintain the website <blogspot.com> and does not
24 control who can or cannot create a Blogspot account.  The interactivity of a Blogspot blog is
25 borne from Google, not from Mr. Hotz.  Therefore, the publishing of a blog on Blogspot is not
26 akin to "an interactive website" sufficient to find internet jurisdiction over Mr. Hotz.  Again,
27 Sony speculates that the blog is "*most likely* available to members of the hacking community."
28 Sony's Supplemental Brief 4: 16-17.  Sony's speculation is not enough to prove that Mr. Hotz

alleged acts "arise out of" his contacts with California. None of this alleged conduct relates to why Sony has initiated its claim against Mr. Hotz. Accordingly, Sony has failed to satisfy the "but for" test and failed to meet its burden to satisfy personal jurisdiction under this analysis.

Finally, and most distressingly, Sony attempts to assert that Mr. Hotz' internship with Google that ended in 2008 should subject him to jurisdiction in California for acts alleged to have been committed in 2010. Sony's argument does not wash. Not only does Sony fail to assert that Mr. Hotz is subject to the general personal jurisdiciton of this Court, but Mr. Hotz's alleged acts do not arise from his contacts with the forum and thus, specific personal jurisdiction should not be found. An individual who lived at California for some time does not automatically become subject to the Court's general jurisdiction in the future for unrelated purposes. See *Pebble Beach Co. v. Caddy*, 453 F.3d at 1153.

### C. Prong 3 Must Fail Because Exercise of Personal Jurisdiction Over Mr. Hotz Is Unreasonable.

Sony has not met its burden in demonstrating Mr. Hotz's purposeful availment of the forum, nor has it satisfied its burden that its claim arises out of Mr. Hotz's forum-related activities. Both of the aforementioned prongs must be met, and Sony's failure to satisfy either prong will result in this Court not having jurisdiction over Mr. Hotz. Nonetheless, Mr. Hotz will still address the third prong of the jurisdictional analysis by demonstrating that jurisdiction is unreasonable in this case.

In determining whether personal jurisdiction is reasonable, courts consider the following factors: (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Panavision Int'l, L.P*, 141 F. 3d at 1323. No one factor is dispositive; a court must balance all seven. *Id*. (citing *Core-Vent*, 11 F.3d at 1484). Minimum contacts must be evaluated "in light of" the reasonableness factors. *Id*. (Citing *Burger King Corp. v. Rudzewich*,

471 U.S. 462, 476 (1985).  Sony's arguments in its Supplemental Brief do not adequately show that subjecting Mr. Hotz to jurisdiction on the other side of the country would be reasonable.  In the present matter, every factor shows that jurisdiction over Mr. Hotz is unreasonable.

### 1.  The Extent of Defendant's Purposeful Injection Into the Forum State's Affairs

Mr. Hotz' interjection into the forum is not substantial, and only found by inferring Mr. Hotz's contact with California via his use of the internet.   Sony cannot even stretch this interjection far enough to rise to the level of "purposeful."

"The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981).  "Even if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness prong]." *Core-Vent*, 11 F.3d at 1488.

The Ninth Circuit in *Core-Vent* found a libelous article written by defendants who "allegedly intended their actions to cause harm in California" to nonetheless be an "attenuated" contact. *Id*.  Sony's assertions of purposeful interjection rest on Mr. Hotz's attenuated use of the internet.  Mr. Hotz's alleged actions are attenuated in that they were alleged to have been performed over the internet and not sent directly to any member of the forum state.  It is telling that Sony is unable to assert Mr. Hotz's direct contact with any member of the forum and only a temporary residential connection that was temporary, intended to be temporary, and ended two years prior to the alleged acts that are the subject of the present matter.  Sony's Supplemental Brief p. 4: 20-23.  The first reasonableness factor favors Mr. Hotz and weighs against personal jurisdiction.

### 2.  Burden of Mr. Hotz on Defending In This Forum

The burden on Mr. Hotz defending in this forum is high.  Mr. Hotz is a 21 year old New Jersey resident with limited means to defend a suit on the other side of the country.  Sony

15

asserts, without more, that Mr. Hotz being forced to defend a lawsuit literally across the country doesn't amount to "any deprivation of due process." Sony's Supplemental Brief p. 5: 20-23.

"The burden on the defendant must be examined in light of the corresponding burden on the plaintiff." *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988). In *Core-Vent*, the burden on the respective parties was found to be "asymmetrical" because the plaintiff was a "large international corporation with worldwide distribution of products" while the defendants were individuals "with little or no physical contacts with California." *Core-Vent*, 11 F.3d at 1489. Here, Sony is unquestionably a large international company with worldwide product distribution. Again, Mr. Hotz is an individual with "little or no physical contacts with California." *Id*. In light of the corresponding absence of burden on Sony, personal jurisdiction over Mr. Hotz in California would be highly burdensome.

The fact that Mr. Hotz has secured last-minute counsel to defend himself against Sony's *ex parte* TRO does not diminish his burden of defending himself on the other side of the country.

The second factor favors Mr. Hotz and weighs against personal jurisdiction.

### 3. Extent of Conflict with Sovereignty of Mr. Hotz's State

There is a concern that hearing this case in California may conflict with New Jersey's sovereignty in its ability to exercise its own jurisprudence over cases where personal jurisdiction is clearly found over both plaintiff and defendants.

The third factor favors Mr. Hotz and weighs against personal jurisdiction.

### 4. Forum State's Interest in Adjudicating the Dispute

California has an interest in protecting its residents that have been tortuously injured. However, contrary to what Sony would assert, they maintain a strong presence in every state in the Union and New Jersey would have an equal interest in protecting the interests of both Sony and Mr. Hotz alike.

The fourth factor favors Mr. Hotz and weighs against personal jurisdiction.

### 5. The Most Efficient Judicial Resolution of the Controversy

"In evaluating this factor, we have looked primarily at where the witnesses and the evidence are likely to be located." *Core-Vent*, 11 F.3d at 1489. Sony speculates that "much of the evidence and witnesses will *likely* be on in California, not *any other* forum." Sony's Supplemental Brief p. 6: 13-14 (emphasis added). This is a mischaracterization of the evidence. Sony clearly does not know where the other defendants reside and thinks they may in fact be located in foreign countries such as Spain, Hungary and the Netherlands. Sony Complaint ¶¶5-9. Sony *thinks* that an unnamed defendant called "Bushing" resides in California but this person remains a Doe defendant, is not named as a defendant, and has not been served with process. Id. at ¶5. Further, all evidence put forth by Sony regarding "Bushing" is improperly authenticated hearsay. This court should not rely on Sony's speculation of a Does defendant's place of residence to assert jurisdiction over a nonresident who is actually named with an address that has been identified, in New Jersey. Further evidence in this matter is found primarily on the internet.

Contrary to Sony' assertions, most of the physical evidence and Mr. Hotz himself, are located in the state of New Jersey. The bulk of Sony's claims regard evidence found on Mr. Hotz's media devices and in Mr. Hotz's testimony as a witness. Other than those items, the bulk of the evidence Sony puts forth may be found on the internet which is accessible just as easily in New Jersey as in California.

The fifth factor favors Mr. Hotz and weighs against personal jurisdiction.

### 6. Importance of the Forum to the Plaintiff's Interest in Convenient and Effective Relief

The Northern District of California is only convenient to Sony's counsel, Kilpatrick Townsend & Stockton LLP which maintains its offices mere miles from the San Francisco division of the Northern District Courthouse. "[N]o doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plain-tiff's preference." *Roth v. Garcia Marquez*, 942 F.2d 617, 624 (9th Cir.1991). Sony "has not shown that the [claim]

17

cannot be effectively remedied in [New Jersey] or [Spain, Hungary, or the Netherlands]." *Sinatra*, 854 F.2d at 1200. In fact, Sony could have avoided any questions of personal jurisdiction over Mr. Hotz had the initial TRO and complaint been filed in New Jersey. Thus, effectiveness is not the purpose behind Sony bringing this suit in the Northern District of California.

The sixth factor favors Mr. Hotz and weighs against personal jurisdiction.

### 7. The Existence of an Alternative Forum

This factor favors Mr. Hotz because there is an alternative forum: New Jersey. Sony relies on the unsubstantiated residency of the unnamed defendant "Bushing" as a basis for California being the best forum. Sony's Supplemental Brief p. 6: 22. However, "Bushing" has not been identified, named, served, or connected with Mr. Hotz in any way that would warrant bringing the only identifiable defendant out to California. If "Bushing" does exist and can be ascertained at a later date, Sony would have to amend the complaint to properly name him/her which has not occurred. Thus, New Jersey is an alternative forum that exists to provide Sony with adequate relief. If Sony can obtain jurisdiction by merely including a hypothetical defendant by the name of "Bushing" that may live in California, then any Plaintiff can file suit in California and obtain jurisdiction by adding "Bushing" as a defendant.

The facts and parties involved in this case demonstrate that the only locatable defendant involved, as well as the physical evidence in this case exist is New Jersey.

This factor favors Mr. Hotz and weighs against personal jurisdiction.

## III. CONCLUSION

In sum, all three prongs of the personal jurisdiction analysis must be satisfied in order for Mr. Hotz to be subject to the personal jurisdiction of this court. In the present situation, however, none of the three prongs are satisfied. Moreover, Sony bears the burden of demonstrating that Mr. Hotz satisfies the first two prongs of the analysis-- a burden which Sony has failed to meet.

DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER
Case No. 11-cv-00167 SI

Accordingly, this Court should dismiss the actions initiated by Sony, including Sony's Ex Parte TRO, Proposed Order of Impoundment, and Proposed Order to Show Cause, for lack of jurisdiction over Mr. Hotz.

DATED: January 23, 2011		Respectfully Submitted,


		/s/ Stewart Kellar
		STEWART KELLAR

		Attorney for Defendant
		GEORGE HOTZ