1   KILPATRICK TOWNSEND & STOCKTON LLP
    JAMES G. GILLILAND, JR. (State Bar No. 107988)
2   TIMOTHY R. CAHN (State Bar No. 162136)
    MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
3   HOLLY GAUDREAU (State Bar No. 209114)
    RYAN BRICKER (State Bar No. 269100)
4   Two Embarcadero Center, 8th Floor
    San Francisco, California 94111
5   Telephone: (415) 576-0200
    Facsimile: (415) 576-0300
6   Email:   jgilliland@kilpatricktownsend.com
             tcahn@kilpatricktownsend.com
7            mboroumand@kilpatricktownsend.com
             hgaudreau@kilpatricktownsend.com
8            rbricker@kilpatricktownsend.com

9   Attorneys for Plaintiff
    SONY COMPUTER ENTERTAINMENT AMERICA LLC

10

11                  UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

14  SONY COMPUTER ENTERTAINMENT              CASE NO. CV11-0167 SI
    AMERICA LLC, a Delaware limited liability
15  company,                                 **PLAINTIFF'S STATEMENT IN
                                             RESPONSE TO DEFENDANT GEORGE
16             Plaintiff,                    HOTZ'S SUPPLEMENTAL BRIEF ON
                                             PERSONAL JURISDICTION**
17        v.

18  GEORGE HOTZ; HECTOR MARTIN               Judge:     Hon. Susan Illston
    CANTERO; SVEN PETER; and DOES 1 through
19  100,

20             Defendants.

21

22

23

24

25

26

27

28

PLAINTIFF'S STATEMENT IN RESPONSE TO DEFENDANT GEORGE HOTZ'S SUPPLEMENTAL BRIEF ON
PERSONAL JURISDICTION
CASE NO. CV11-0167 SI

1    Plaintiff Sony Computer Entertainment America LLC ("SCEA") respectfully submits

2  this statement in response to the supplemental brief and declarations submitted by

3  Defendant George Hotz ("Hotz").

4  **I.    HOTZ HAS DONE "SOMETHING MORE" BY AFFIRMATIVELY DIRECTING HIS
       ILLEGAL ACTIVITIES AT SCEA BASED IN FOSTER CITY, CALIFORNIA**

5

6    Hotz attempts to analogize his conduct to a mere operator of a passive web site that

7  just so happens to be accessible in California.  There is nothing, however, about Hotz's

8  activities aimed at SCEA's California business that can be described as "passive."  Hotz did

9  not merely make a few postings on a website, but rather he affirmatively induced and

10 encouraged PlayStation®3 computer entertainment system ("PS3 System") consumers to

11 use his illegal circumvention devices with the knowledge that this activity would directly harm

12 SCEA in this District.  Hotz's conduct was deliberately targeted and aimed at SCEA in

13 California, and it had the predictable effect of causing extreme harm to SCEA at its

14 headquarters in Foster City, California.  Hotz is not permitted to avoid California jurisdiction

15 by aiming his malicious conduct at a California business from a New Jersey address.

16    In his supplemental brief, Hotz tries to refute this fact by characterizing his website as

17 "passive" and claiming that he "neither encourages nor facilitates illegal circumvention

18 devices to be downloaded on his website."  Supplemental Brief, pp. 12, 13.  This is false.

19 Not only does Hotz publish the "Metldr Keys" on his website, *he also provides links on his*

20 *website to his other circumvention devices, including the 3.55 Firmware JailBreak and*

21 *the Signing Tools, encouraging and enabling individuals to download these*

22 *circumvention devices, and thus facilitating video game piracy.*  *See* Declaration of

23 Ryan Bricker filed on January 11, 2011 ("Bricker Decl."), ¶¶22, 21, Exhs. U, T.  And contrary

24 to his after-the-fact denials, Hotz deliberately aimed his conduct at SCEA in this District when

25 he published the "Metldr Keys" on his website and wrote to SCEA:  "*if you want your next*

26

27

28

PLAINTIFF'S STATEMENT IN RESPONSE TO DEFENDANT GEORGE HOTZ'S SUPPLEMENTAL BRIEF ON                                  1
PERSONAL JURISDICTION
CASE NO. CV11-0167 SI

1    *console to be secure, get in touch with me*." Bricker Decl., ¶22, Exh. U.[1]  In addition,

2    Hotz has touted his illegal hacking exploits on his interactive "On the PlayStation 3" blog

3    (Second Supplemental Declaration of Ryan Bricker filed on January 13, 2011,¶4, Exh. C

4    ("Second Suppl. Bricker Decl.")).  On that blog, Hotz openly interacts with others regarding

5    his hacking of the PS3 System.[2]  Additionally, Hotz has used other interactive tools based in

6    this District, such as Twitter and YouTube, to report on his hacking of the PS3 System.  *Id*. at

7    ¶¶2-3, Exhs. A-B; Bricker Decl., ¶24, Exh. W.

8         As the above demonstrates, Hotz's unlawful conduct – the unauthorized accessing

9    of the PS3 System, circumvention of its technological protection measures, and trafficking

10   in circumvention devices that enable the piracy of video games – is both intentionally aimed

11   at and had the effect of injuring SCEA in the Northern District of California where it has its

12   principal place of business.[3]  Hotz was well aware of the impact of his conduct on SCEA

13   and game publishers.  Bricker Decl., ¶27, Exh. Z.  Consequently, there can be no doubt

14   that Hotz's unlawful conduct satisfies the Ninth Circuit's test of "something more" indicating

15   that Hotz  "purposefully (albeit electronically) directed his activity in a substantial way to the

16   forum state."  *Cybersell, Inc. v. Cybersell, Inc*., 130 F. 3d 414, 418 (9th Cir. 1997);

17   *Panavision Int'l, L.P.  v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998).  To find otherwise

18   would allow a hacker to intentionally distribute circumvention devices in California with the

19   knowledge that a California business is being harmed, while preventing a California court

20

21   [1]  In his declaration, Hotz *now* summarily denies that he sought employment from SCEA.
     Declaration of George Hotz ("Hotz Decl."), ¶15.  It does not matter, however, how he now
22   retroactively characterizes his conduct – the fact remains that his statement conclusively
     demonstrates that his conduct was expressly targeted at SCEA in California. Indeed, Hotz
23   even states that "[i]t would be fun to be on the other side."  Bricker Decl., ¶22, Exh. U.
     [2]  In attempting to avoid jurisdiction, Hotz disingenuously argues that since Google maintains
24   the site, Google is responsible for its interactivity and not Hotz.  Yet it is Hotz who chose to
25   blog about his unlawful conduct and to have discussions with third parties regarding that
     same conduct over the Internet.
26   [3]  Hotz's conduct also has had the effect of harming other publishers of games for the
     PlayStation 3, many of whom are based or located in this District, including, for example,
27   Electronic Arts (Redwood City).

28

1   from taking action to protect its residents who have been tortiously injured.  *See*

2   *Panavision*, 141 F. 3d at 1324.

3       ## II.    HOTZ FAILS TO UNEQUIVOCALLY DENY HOLDING A PLAYSTATION NETWORK ("PSN") ACCOUNT

4

5       Hotz again fails to unequivocally deny that he has, or has ever had, a PSN account.

6   In his supplemental declaration, Hotz merely – and carefully – denies that he has ever

7   accessed the PSN *to install a firmware update*.  *See* Hotz Decl., ¶¶11-13.[4]  Hotz also claims

8   to have accessed the PS3 System firmware not through the proper channels of the SCEA

9   website, but instead "via direct download links available on the internet."  Hotz Decl., ¶11.

10  Though he disavows association with various email addresses in SCEA's database, he

11  pointedly does not state that he has not now, nor has he ever, maintained a PSN account.

12  His failure to unequivocally deny that he has held a PSN account is telling.

13      Hotz's attorney further submits a declaration attempting to show that the PSN does

14  not have to be accessed when updating firmware via the PlayStation website.  *See*

15  Declaration of Yasha Heidari.  However, even if the firmware was downloaded pursuant to

16  the PlayStation website as done by Hotz's attorney, the user is still subject to the PlayStation

17  website's terms and conditions at http://us.playstation.com/support/termsofuse/index.htm.

18  These terms prohibit, among other things, "using, making or distributing unauthorized

19  software or hardware in conjunction with the Sites, or taking or using any data from the Sites

20  to design, develop or update unauthorized software or hardware."  ***The terms also include***

21  ***a forum selection clause and consent to jurisdiction in San Mateo County, California.***

22  They also incorporate by reference the terms of the PSN User Agreement.  Therefore, a user

23  who downloads the firmware via the PlayStation website, instead of the PSN, nonetheless

24  consents to jurisdiction in California.

25  ———————————————

26  [4]  The issue of whether Hotz has a PSN account does not need to be resolved at this time.

27  As demonstrated in SCEA's supplemental briefing, Hotz has had more than the minimum
    contacts necessary to establish jurisdiction by this Court.

28

PLAINTIFF'S STATEMENT IN RESPONSE TO DEFENDANT GEORGE HOTZ'S SUPPLEMENTAL BRIEF ON PERSONAL JURISDICTION
CASE NO. CV11-0167 SI

3

1   **III.**     **CONCLUSION**

2         Hotz's unlawful conduct is intentionally directed at SCEA in the Northern District of

3 California and is causing substantial harm to SCEA here, warranting this Court's exercise of

4 personal jurisdiction. Hotz has failed to show otherwise. Accordingly, SCEA respectfully

5 requests that the Court grant its *Ex Parte* Motion for a Temporary Restraining Order.

6

7   DATED: January 24, 2011       Respectfully submitted,

8                       KILPATRICK TOWNSEND & STOCKTON LLP

9

10                       By: /s/James G. Gilliland, Jr.
                              JAMES G. GILLILAND, JR.

11

12                       Attorneys for Plaintiff
                      SONY COMPUTER ENTERTAINMENT AMERICA
                      LLC

13

14   63114745 v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28