IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SONY COMPUTER ENTERTAINMENT,

    Plaintiff,

v.

GEORGE HOTZ,

    Defendant.

No. C 11-167 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

On January 14, 2010, the Court held a hearing on plaintiff's motion for a temporary restraining order. After the hearing, the parties submitted supplemental briefs and declarations.

In order to obtain a temporary restraining order, plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). The Court has reviewed all of the filed materials, and after consideration of the record and the arguments of counsel, the Court finds that a temporary restraining order is warranted. Plaintiff has submitted substantial evidence showing that defendant George Hotz has violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a)(1)(A), 1201(b)(1).[1] Plaintiff has also submitted evidence demonstrating that plaintiff is likely to suffer irreparable harm in the absence of relief, and that the balance of hardships favors plaintiff. The Court also finds that an injunction is in the public interest. *See Concrete Mach. Co. v.*

---

[1] For purposes of ruling on plaintiff's motion for a temporary restraining order, the Court finds it unnecessary to also assess whether plaintiff has also shown a likelihood of success on the its claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

*Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612 (1st Cir. 1988) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.") (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d at 1255 (3d Cir. 1983)).

Defendant Hotz asserts that this Court lacks personal jurisdiction over him. The Court has reviewed the parties' submissions and evidence on the jurisdictional question, and finds that at this stage of the litigation plaintiff has met its burden to show that the Court may exercise specific jurisdiction over Hotz because he purposefully directed his activities at the forum state. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *see also e.g.*, Brinker Decl. Ex. U. At the January 14, 2011 hearing, defendant's counsel stated that defendant intended to file a motion to dismiss for lack of personal jurisdiction. Defendant may present his jurisdictional challenges on a fuller factual record.

Accordingly, the Court GRANTS plaintiff's motion for a temporary restraining order, and enters the attached order. (Docket No. 2). The parties are directed to immediately meet and confer regarding a briefing schedule and hearing date on (1) plaintiff's motion for a preliminary injunction against defendant Hotz and (2) defendant Hotz's motion to dismiss for lack of personal jurisdiction. The parties shall submit a stipulation and proposed order regarding the briefing schedule and hearing date by **February 1, 2011**.

**IT IS SO ORDERED.**

Dated: January 26, 2011

SUSAN ILLSTON
United States District Judge