1  STEWART KELLAR, State Bar #267747
   E-ttorney at Law™
2  148 Townsend St., Suite 2
   San Francisco, CA  94107
3  Telephone: (415) 742-2303
   Email:  stewart@etrny.com
4
   Attorney for Defendant
5  GEORGE HOTZ

6

7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

11  SONY COMPUTER ENTERTAINMENT           **CASE No.:  CV 11-00167 SI**
    AMERICA LLC, a Delaware limited
12  liability company,                    **MOTION TO DISMISS FOR LACK OF**
                                          **PERSONAL JURISDICTION AND**
13                   Plaintiff,           **IMPROPER VENUE**

14  v.                                    **Fed. R. Civ. P. 12(b)(2)-(3)**

15  GEORGE HOTZ; HECTOR MARTIN            Date: March 11, 2011
    CANTERO; SVEN PETER; and DOES 1       Time: 9:00 a.m.
16  through 100,                          Courtroom: 10, 19th Floor
                                          Judge: Hon. Susan Illston
17                   Defendants.

18

19

20

21

22

23

24

25

26

27

28

# Contents

I.    INTRODUCTION ................................................................................................5

II.   MR. HOTZ IS NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA. ................................................................................................6

    A.    Because SCEA Does Not Make the Playstation Computer, Mr. Hotz has not Purposefully Directed His Activities at the Forum and is not Subject to Specific Jurisdiction in California. ........................................................................7

    B.    Prong 1 Of The Personal Jurisdictional Analysis Must Fail Because Mr. Hotz's Alleged Acts Were Not Directed Toward California, And SCEA Has Failed To Satisfy Its Burden. ..... 8

        1.    Purposeful Direction Analysis: Mr. Hotz's Activities Relate to a Passive Website and Statements Not Directed Toward SCEA or California. .......................................9

            a.    Mr. Hotz's Maintains a Passive Website ........................................ 10

            b.    Mr. Hotz's Alleged Statement and Actions Not Directed at SCEA ................. 12

        2.    Purposeful Availment analysis: Mr. Hotz is not subject to the PSN. ........................15

    C.    Prong 2 Of The Personal Jurisdiction Analysis Must Fail Because Mr. Hotz Has No Meaningful Contact With California And His Alleged Acts Do Not Arise From Contact With California. ................................................................................17

    D.    Prong 3 Must Fail Because Exercise of Personal Jurisdiction Over Mr. Hotz Is Unreasonable. ..............................................................................18

        1.    The Extent of Defendant's Purposeful Injection Into the Forum State's Affairs ....... 18

        2.    Burden of Mr. Hotz on Defending In This Forum ................................... 19

        3.    Extent of Conflict with Sovereignty of Mr. Hotz's State ......................... 20

        4.    Forum State's Interest in Adjudicating the Dispute ............................... 20

        5.    The Most Efficient Judicial Resolution of the Controversy ....................... 21

        6.    Importance of the Forum to the Plaintiff's Interest in Convenient and Effective Relief 21

        7.    The Existence of an Alternative Forum ........................................... 22

III.  VENUE IS IMPROPER FOR THE PRESENT ACTION ............................22

IV.   CONCLUSION ................................................................................24

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

**Cases**

*3DO Co. v. Poptop Software, Inc.*, 1998 U.S. dist. LEXIS 21281 (N.D. Cal. 1998)...................14

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1992) ........................................14

*Autodesk v. RK Mace Engineering, Inc.*, 2004 WL 603382 ...............................................15

*Badwi v. Hedgpeth*, 2011 U.S. Dist. LEXIS 4092 (N.D. Cal. 2011) .....................................23

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) ..................................................8, 17

*Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996) ..........................10, 14

*Brass v. County of Los Angeles*, 328 F.3d 1192 (9th Cir., 2003)........................................23

*Burger King Corp. v. Rudzewich*, 471 U.S. 462 (1985)..................................................18

*Calder v. Jones*, 465 U.S. 783 (1984) ...................................................................7

*Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993)...........8, 17, 18, 19, 20, 21

*Cranford v. Ayers*, 2010 U.S. Dist. LEXIS 136269 (N.D. Cal., 2010) ....................................23

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) .............................10, 11, 14

*Data Disc, Inc. v. Systems Tech Assocs, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977) .....................7

*Dole Food Co, Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002)....................................7, 8, 14

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)....................................................23

*Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266 (9th Cir. 1981) ............19

*International Shoe Co. v. Washington*, 326 US 310 (1945)................................................6

*Jewish Defense Organization, Inc. v. Superior Court*, 72 Cal.App.4th 1045 (1999) ..................11

*John Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)..........................................8, 17

*Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F3d 857 (9th Cir. 2003)...................................7

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998).................................13, 18

*Pavlovich v. Superior Court*, 29 Cal. 4th 262 (2002)............................................11, 20

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006).................................10, 14, 18

*Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991) ................................................21

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ...................7, 8, 9

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988)................................19, 21

*Slepian v. Guerin,* 172 F.3d 58 (9th Cir. 1999)..........................................................7

*Zippo Mfg. Co. v. Zippo DOT Com*, 952 F. Supp. 1119 (W.D. Pa. 1997) .................................... 10

**Statutes**

CCP § 410.10 ................................................................................................................. 6

Fed. R. Civ. P. 12(b)(2) ................................................................................................. 5

Fed. R. Civ. P. 12(b)(3) ................................................................................................. 5

U.S.C. § 1391 ................................................................................................... 22, 23, 24

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1    Now comes Defendant George Hotz by and through his attorney of record who specially

2    appears and respectfully submits this Motion to Dismiss for Lack of Personal Jurisdiction and

3    for Improper Venue. Mr. Hotz hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(2)

4    and 12(b)(3) to dismiss the present action against him. Mr. Hotz is a resident of New Jersey,

5    and he lacks sufficient contacts with California to confer personal jurisdiction over Mr. Hotz.

6    and venue is improper.

7

## I.    INTRODUCTION

8

9    Sony Computer Entertainment America, LLC ("SCEA") does not make the Sony

10   Playstation 3 console ("Playstation computer"). Complaint [Dkt. No. 1] ¶¶18-19. The

11   Playstation computer is made by Sony Computer Entertainment Inc. ("Sony Inc.") which is not a

12   party to this action. *Id*. Sony Inc. is a Japanese corporation with its headquarters in Tokyo,

13   Japan. Second Declaration of Kellar Exh. A. SCEA "develops and publishes video game

14   software" for the Playstation computer and couches that limited role under the broad term

15   "SUBJECT WORKS." Complaint at ¶¶22-23. Further, SCEA does not state in its complaint

16   that it makes firmware or anti-circumvention technological protection measures ("TPMs") for

17   the Playstation computer. In fact, SCEA hides the ball with respect to "who does what" within

18   the Playstation computer. Complaint ¶31 states that "SCEA's affiliates have invested hundreds

19   of millions of dollars developing the PS3 System, including the PS3 System's TPMs." SCEA

20   uses the slippery term "affiliates" to characterize the developers of the TPMs. Because the

21   complaint alleges violation of the DMCA via circumvention of TPMs, the fact that SCEA has

22   not claimed to have developed or own the TPMs at issue is troubling. Complaint ¶48 further

23   bounces between SCEA and Japan's Sony Inc., discussing "SCEA firmware that operates the

24   PS3 System. That firmware contains SCEI's copyrighted PS3 Programmer Tools." SCEA is not

25   Sony Inc. and has not been a subsidiary of Sony Inc. since April 1, 2010. Complaint ¶19.

26   Mr. Hotz is not subject to personal jurisdiction in California. In its complaint, SCEA

27   asserts Mr. Hotz is subject to jurisdiction based on acts "directed to SCEA in California." *Id*. at

28   ¶15(a) ln.28. As is shown below, Mr. Hotz has not purposefully directed his activities towards

SCEA in California.  SCEA further asserts jurisdiction over Mr. Hotz is proper based on the mere existence of Twitter and Paypal accounts in Hotz's name, an assertion that has not held water with this Court.  Next, SCEA claims Mr. Hotz must be subject to the Playstation Network ("PSN") Terms of Service and User Agreement (hereinafter the "PSN TOS"), which includes a forum selection clause.  The PSN is an online service facilitated by SCEA that allows, among other limited activities, certain Playstation computer owners in conjunction with the PSN to participate in multiplayer gaming with one another.  In support of its position that Mr. Hotz is subject to the PSN TOS, SCEA puts forth unauthenticated and contradictory hearsay evidence that Mr. Hotz has an Online ID for the PSN, and further makes deceptive and blatantly false statements that Mr. Hotz's is subject to the PSN TOS by mere virtue of Mr. Hotz updating his Playstation computer via a firmware update.  In fact, Mr. Hotz demonstrates that he is not subject to the PSN TOS.  Second Affidavit of Hotz [Dkt. No. 44] ¶13.  Moreover, contrary to SCEA's assertion, and as demonstrated herein, updating a Playstation Computer does not subject a user to the PSN TOS or any other agreement with Plaintiff.  Affidvait of Heidari [Dkt. No. 45] ¶12.  Finally, SCEA asserts that Mr. Hotz conspired with other defendants in California.  As is shown below, no named defendant is alleged to live in California and no conspiracy exists between Mr. Hotz and California Does.

Therefore, Mr. Hotz is not subject to personal jurisdiction in California and this action against Mr. Hotz should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## II.    MR. HOTZ IS NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA.

Due Process requires that, in order for a forum to exercise personal jurisdiction over a nonresident defendant, that "he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 US 310, 316 (1945).  In California, a court may exercise jurisdiction on any basis not inconsistent with the state or federal constitutions.  CCP § 410.10.

The plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F3d 857, 862 (9th Cir. 2003).

Because he does not live in California and does not have continuous, systematic or substantial contact with California which would subject him to personal jurisdiction, Mr. Hotz is unquestionably not subject to general jurisdiction in California.

> **A.    Because SCEA Does Not Make the Playstation Computer, Mr. Hotz has not Purposefully Directed His Activities at the Forum and is not Subject to Specific Jurisdiction in California.**

Plaintiff SCEA does not make the Playstation computer. The Playstation computer is made by Sony Inc. which is a Japanese corporation and not a party to this action.

The Ninth Circuit has established a three-part test for determining when specific jurisdiction may be exercised. See *Data Disc, Inc. v. Systems Tech Assocs, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). To properly exercise specific jurisdiction, (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) The claim must be one which arises out of or results from the defendant's forum-related activities; and (3) Exercise of jurisdiction must be reasonable. *Id.* All three prongs must be met, and the inability to satisfy any of the aforementioned prongs will result in the failure to establish jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Moreover, the plaintiff bears the burden of satisfying the first two prongs of the test. *Id.*; *Slepian v. Guerin,* 172 F.3d 58 (9th Cir. 1999). If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger,* 374 F.3d at 802.

The Ninth Circuit analyzes the first prong for personal jurisdiction, purposeful availment and purposeful direction, as two separate analyses. In tort cases involving purposeful direction, the Court evaluates such prong under the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). See *Dole Food Co, Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002). Under *Calder*, the

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1    "effects" test requires that the defendant allegedly (1) committed an intentional act, (2)

2    expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

3    suffered in the forum state. *Id.*

4        In analyzing the second prong required for personal jurisdiction, that a claim must arise

5    out of the defendant's forum-related activities, the courts apply a "but for" test. *John Doe v.*

6    *Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). The "but for" test is a simple test where the

7    Plaintiff must demonstrate that the claims against the Defendant would not have arisen "but for"

8    the Defendant's contact with the forum state. See *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th

9    Cir. 1995).

10       If the Plaintiff meets its burden in satisfying the first two prongs, then the Court must

11   analyze the third and final prong for jurisdiction, reasonableness, by consider the following

12   seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's

13   affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with

14   the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute;

15   (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to

16   the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative

17   forum. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). None

18   of the factors are dispositive, and they must be balance together. *Id.*

19

20   **B.    Prong 1 Of The Personal Jurisdictional Analysis Must Fail Because Mr. Hotz's Alleged Acts Were Not Directed Toward California, And SCEA Has Failed To Satisfy Its Burden.**

21

22       Under the first prong of a specific jurisdiction test, SCEA must demonstrate that Mr.

23   Hotz "purposefully availed" himself of the privilege of conducting activities in California, or

24   purposefully directed its activities toward California. *Schwarzenegger*, 374 F.3d at 802. While

25   the Courts typically use "purposeful availment," in shorthand fashion to include both purposeful

26   availment and purposeful direction, "availment" and "direction" are two distinct concepts that

27   undergo two distinct analyses. *Id.*

28       In the matter at hand, SCEA alleges that Mr. Hotz directed his acts at SCEA, as opposed

1    to the Japanese makers of the Playstation computer Sony Inc., by posting information on his

2    passive website and making alleged unrelated statements regarding console makers.  SCEA

3    further alleges that Mr. Hotz purposely availed of the benefits of this district by having a Paypal

4    account and then goes on to improperly allege that Mr. Hotz is subject to the PSN TOS.

5    Complaint ¶3.  Mr. Hotz will demonstrate that the alleged acts are passive and are not directed

6    towards SCEA and that he is not subject to the PSN TOS.

7         Purposeful availment involves a showing that a defendant purposefully availed himself

8    of the privilege of doing business in a forum state typically consists of evidence of the

9    defendant's actions in the forum, such as executing or performing a contract in the forum. *Id.* at

10   803.  Purposeful direction, by contrast, involves a showing that a Defendant purposefully

11   directed his tortious conduct toward the forum state, and applies the three-part Calder effects

12   test promulgated by the U.S. Supreme Court. *Id*.

13        SCEA fails to satisfy the first prong of a jurisdictional analysis irrespective of whether a

14   purposeful direction or purposeful availment test is utilized.

15
16              **1.  Purposeful Direction Analysis: Mr. Hotz's Activities Relate to a Passive**
                 **Website and Statements Not Directed Toward SCEA or California.**
17

18        Mr. Hotz maintains a passive website at <www.geohot.com>.  The site merely makes

19   information available and does not allow users to interact with the host computer or exchange

20   information.  The Complaint also alleges Mr. Hotz made the statement "If you want your next

     console to be secure, get in touch with me" and directed it at SCEA.  Complaint ¶45.  The
21
     double-hearsay quote, derived from a screenshot within a forum post within a website at <psx-
22
     scene.com>, omits the full statement, which undermines SCEA's claim that Mr. Hotz directed
23
     any statement toward SCEA:
24
          "if you want your next *console* to be secure, get in touch with me. ***any of you 3***."
25

26   Declaration of Bricker [Dkt. No. 42] Exh. T (emphasis added).

27        SCEA does not make the Playstation computer.  The Playstation computer is made by

28   Sony Inc. which is a Japanese corporation and not a party to this action.  The registered

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1    trademarks for PLAYSTATION for computer game equipment [game consoles] and for

2    network-related gaming activities are and held by Sony Inc.  Second Declaration of Kellar ¶¶ F-

3    G.  SCEA likewise does not claim to have developed or own the TPMs alleged to have been

4    circumvented.  See Complaint ¶ 31.  Finally, the statement "any of you 3" clearly refers to

5    console makers, being Nintendo, Sony Inc. and Microsoft. Second Declaration of Kellar ¶¶C-D.

6           With this background, SCEA has the burden of proving Mr. Hotz purposefully directed

7    his actions towards California as opposed to, say, Japan where Sony Inc. is located.  Under the

8    well established "Calder effects" test, which pertains to purposeful direction, Mr. Hotz must

9    have expressly aimed his activity at California, causing harm that the defendant knows is likely

10   to be suffered in California.

11          The 9th Circuit has held "cases have struggled somewhat with Calder's import,

12   recognizing that the case cannot stand for the broad proposition that a foreign act with

13   foreseeable effects in the forum state will always give rise to specific jurisdiction. We have said

14   that there must be 'something more.'  We now conclude that 'something more' is what the

15   Supreme Court described as 'express aiming' at the forum state." *Pebble Beach Co. v. Caddy*,

16   453 F.3d 1151, 1156 (9th Cir. 2006).  Accordingly, acts which are not expressly aimed at

17   California, regardless of foreseeable effect, are insufficient to establish jurisdiction. *Id*.

18
         **a.  Mr. Hotz's Maintains a Passive Website**
19

20          First, Mr. Hotz maintains a passive, not an active website.  "A passive Web site that does

21   little more than make information available to those who are interested in it is not grounds for the

22   exercise personal jurisdiction." *Zippo Mfg. Co. v. Zippo DOT Com*, 952 F. Supp. 1119, 1124

23   (W.D. Pa. 1997).  Mr. Hotz's website creates one of those "situations where a defendant has

24   simply posted information on an Internet Web site which is accessible to users in foreign

25   jurisdictions."  *Id*.  "'Creating a site, like placing a product into the stream of commerce, may be

26   felt nationwide--or even worldwide--but, without more, it is not an act purposefully directed

27   toward the forum state.'" *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997)

28   (quoting *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295, 301 (S.D.N.Y. 1996) affd. 126

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

F.3d 25 (2d Cir. 1997)).  Mr. Hotz neither encourages nor facilitates illegal circumvention devices to be downloaded on his website.  More importantly, SCEA's claims are not related to Mr. Hotz running a website or disclosing information he legally obtained; rather, SCEA's allegation pertains to, once again, Mr. Hotz allegedly improperly accessing portions of his own Playstation computer.

The facts here are almost identical to those of the California Supreme Court case of *Pavlovich v. Superior Court*, 29 Cal. 4th 262 (2002).  In *Pavlovich*, the California Supreme Court declined to exercise jurisdiction over a nonresident defendant who posted to his passive web site, source code allowing users to circumvent DVD encryption technology.  *Id*.  The Court found that although Pavlovich knew that some entity owned the licensing rights to the encryption technology, "he did not know that [Plaintiff] was that entity or that [Plaintiff's] primary place of business was California until *after* the filing of this lawsuit."  *Id*. at 275.  After citing *Zippo*, the *Pavlovich* Court held that Pavlovich's site

> "merely posts information and has no interactive features. There is no evidence in the record suggesting that the site targeted California. Indeed, there is no evidence that any California resident ever visited, much less downloaded the DeCSS source code from, the LiVid Web site. Thus, Pavlovich's alleged "conduct in . . . posting [a] passive Web site on the Internet is not," by itself, "sufficient to subject" him "to jurisdiction in California."

*Id*. at 274 (citing *Jewish Defense Organization, Inc. v. Superior Court*, 72 Cal.App.4th 1045, 1060 (1999), (refusing to exercise jurisdiction under the effects test even though the defendant had "passive Web sites on the Internet"); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419-420 (9th Cir. 1997) (refusing to exercise jurisdiction under the effects test even though the defendant posted infringing material on its Web site).  "Creating a site, like placing a product into the stream of commerce, may be felt nationwide--or even worldwide--but, without more, it is not an act purposefully directed toward the forum state."  *Id*. (quoting *Cybersell*, 130 F.3d at 418).

As in *Pavlovich*, Mr. Hotz is alleged to have posted information on his passive website. Mr. Hotz's activities do not indicate that he knows that there is a company, apart from the maker

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1    of the Playstation computer (Japanese corporation Sony Inc.) that may be the licensee, licensor

2    or holder of any interest in the Playstation computer.

3         SCEA will attempt to, but cannot, characterize users of Google's Blogspot service or

4    Youtube service as hosts of interactive websites.  Mr. Hotz does not maintain the website

5    <blogspot.com> or <youtube.com> and does not control who can or cannot create a Blogspot or

6    Youtube account.  The interactivity of a Blogspot or Youtube page is borne from Google, not

7    from Mr. Hotz.  Therefore, the publishing of a blog or video is not akin to hosting "an

8    interactive website" sufficient to find internet jurisdiction over Mr. Hotz or any other user of

9    such media.  Thus, users of such services should not have to live in fear of jurisdiction asserted

10   by an unrelated company in the same jurisdiction.

11
          **b.  Mr. Hotz's Alleged Statement and Actions Not Directed at SCEA**
12

13        SCEA claims Mr. Hotz did "something more" towards the forum via the unauthenticated

14   hearsay statement "if you want your next *console* to be secure, get in touch with me.  *any of you*

15   *3*."  Declaration of Bricker Exh. T.  SCEA does not make the Playstation computer.  Sony Inc.,

16   which is a Japanese corporation and not a party to this action, makes the Playstation computer.

17   Console is defined by the Merriam-Webster Dictionary as "an electronic system that connects to

18   a display (as a television set) and is used primarily to play video games."  SCEA does not make

19   a console.  Sony Inc. makes that console: the Playstation computer.  Second and most important,

20   the phrase "any of you 3" negates any aiming at SCEA in California.  There are three major

21   console makers, Nintendo, Sony Inc., and Microsoft.  Second Declaration of Kellar Exhs. C-E.

22        In the present case, SCEA cannot demonstrate that Mr. Hotz's activity could even

23   arguably be construed as expressly aimed at California.  To the contrary, the sole alleged

24   activity in this action involves Mr. Hotz-- who is located in New Jersey-- purportedly

25   improperly accessing portions of his own Playstation computer-- which is also located in New

26   Jersey. The Playstation computer is not made by SCEA.  It is made by Sony Inc. which is a

27   Japanese corporation.  The Playstation trademark is held by Sony Inc.  Second Declaration of

28   Kellar Exhibits F-G.

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1    Finally, SCEA includes various other inexplicable claims for good measure, including

2    Mr. Hotz violating the Computer Fraud and Abuse Act and the California Computer Crime Law

3    for allegedly "exceeding access" to Mr. Hotz's very own Playstation computer (made by Sony

4    Inc.), as well as for Mr. Hotz purportedly "trespassing" on the very Playstation computer he

5    lawfully purchased and owns (made by Sony Inc.).  SCEA also alleges that, by engaging in such

6    conduct, Mr. Hotz has breached the PSN TOS (which is not applicable to Mr. Hotz as

7    demonstrated below).  Nonetheless, this suit centers on the allegation that Mr. Hotz improperly

8    accessed portions of his own Playstation computer, made by Sony Inc. which is not a party to

9    this action and that Mr. Hotz circumvented TPMs that were developed by affiliates of SCEA,

10    not SCEA itself.

11    The distinguishable case *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir.

12    1998) will be cited and relied on heavily by SCEA to draw a comparison between Mr. Hotz and

13    the defendant in that case.  Given the diverging facts from this case, reliance on *Panavision* here

14    is unwarranted.  In *Panavision*, the Court found personal jurisdiction over a nonresident

15    defendant who maliciously registered hundreds of domain names including trademarks owned

16    by plaintiff Panavision in California and sent a letter to Panavision explicitly offering to sell

17    those domains for large sums of money in what the 9th Circuit characterized as an extortion

18    scheme.  *Id.* at 1323, 1327.  The Court in *Panavision* found the Defendant deliberately

19    registered domain names for a trademarked company in California and initiated extensive

20    contacts with such company to negotiate or extort money from such company. *Id.* at 1327.  The

21    Court elucidated that such contacts were, in addition to having foreseeable effects in California,

22    deliberately aimed at California. *Id.* at 1321-22.

23    By contrast however, the Court stated that, had the defendant simply registered the

24    domain names belonging to the trademarked company in California, and done little more--

25    despite the fact that such actions would have foreseeable effects in California-- the Defendant

26    would not be subject to personal jurisdiction in California because such actions were not

27    deliberately aimed at California. *Id.* at 1322.  Indeed, the 9th Circuit Court has specifically

28    rejected *Panavision*-like jurisdiction under such facts. See *Pavlovich,* 29 Cal. 4th 262; *Jewish*

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1   *Defense Organization, Inc.,* 72 Cal.App.4th 1045; and *Cybersell, Inc.* 130 F.3d 414 (no

2   purposeful direction where defendant posted a noncommercial, passive website and no direct

3   solicitation of plaintiff).

4         In the present case, aside from SCEA's conclusory assertion that Mr. Hotz deliberately

5   aimed his activity at California, SCEA has provide **no** underlying facts that would indicate Mr.

6   Hotz directed any activity at California whatsoever.  Even if Mr. Hotz's accessed his own

7   Playstation computer and SCEA, which is located in California, suffered foreseeable harm from

8   such access, such contacts would be insufficient to satisfy jurisdiction and fail to satisfy this

9   prong of the analysis.  Just as someone in Nebraska registering a website using another's

10  trademark may result in foreseeable harm to a company in California, such contact alone is not

11  sufficient to confer jurisdiction.  *Id.*  Rather, there must be "something more"-- an express

12  aiming' at the forum state.   "Creating a site, like placing a product into the stream of commerce,

13  may be felt nationwide-or even worldwide-but, without more, it is not an act purposefully

14  directed toward the forum state."  *Cybersell*, 130 F.3d at 418 (quoting *Bensusan Restaurant*

15  *Corp., v. King*, 937 F. Supp. 295, 301 (S.D.N.Y.1996) (citing the plurality opinion in *Asahi*

16  *Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1992)).  Mr. Hotz's site merely provides

17  information to those who seek access to it.  The fact that SCEA alleges Mr. Hotz' maintained a

18  website site is not sufficient to confer jurisdiction over Mr. Hotz. *Pebble Beach Co.*, 453 F.3d at

19  1156 (9th Cir. 2006).

20        SCEA will also cite several cases that find specific jurisdiction while neglecting to

21  mention the highly distinguishable facts of each.  *Dole Food Co, Inc. v. Wattss*, 303 F.3d 1104

22  at 1107 (9th Cir. 2002)  finds specific jurisdiction over former officers of the plaintiff's

23  company who lied about their personal interests in business deals.  Mr. Hotz is not a former

24  officer of SCEA and has not committed fraud against SCEA. *3DO Co. v. Poptop Software,*

25  *Inc.*, 1998 U.S. dist. LEXIS 21281 (N.D. Cal. 1998) involves cut and dry copyright

26  infringement committed by the defendants who encouraged infringement of plaintiff 3DO's

27  copyrighted material and used a California-based server to distribute the infringing files via an

28  interactive website.  Even the sole unauthenticated evidence put forth by SCEA indicates Mr.

1   Hotz does not condone piracy, does not offer infringing copyrighted works for download, does

2   not utilize California-based servers, and does not provide a website that offers any interactivity.

3   Declaration of Bricker, Document Number [21] Exhs. A, B.   Finally, *Autodesk v. RK Mace*

4   *Engineering, Inc.*, 2004 WL 603382 is distinguishable.  In *Autodesk*, the defendant sent the

5   plaintiff two letters admitting willful infringement and violation of plaintiff's software licensing

6   agreement to which the defendant voluntarily agreed.  No such admission exists here, Mr. Hotz

7   has not acquiesced to any agreement with SCEA, and there are disputed facts regarding whether

8   infringement of any kind has occurred in the present case.

9        Mr. Hotz's alleged acts are not directed towards the forum or towards SCEA.  Mr.

10  Hotz's web site is clearly a passive one that does not allow users to exchange information with

11  the host computer.  *Id*.  Finally, the statement made generally on the internet is not directed

12  towards SCEA (which does not make consoles) and any reasonable inference would at most, see

13  it as directed towards console makers generally, not SCEA specifically, or even peripherally.

14

15              **2.   Purposeful Availment analysis: Mr. Hotz is not subject to the PSN.**

16       SCEA alleges that all users who have updated their Playstation Computer via Playstation

17  Computer firmware update are bound by the PSN TOS.  Plaintiff's Complaint, p.13, ¶ 53. SCEA

18  then alleges that Mr. Hotz must have updated his Playstation Computer, and uses this as

19  justification for why Mr. Hotz must be subject to the PSN TOS, which includes a forum

20  selection clause.  SCEA's assertion is blatantly false and misleading, and Mr. Hotz has explicitly

21  averred that he is not subject to the PSN TOS.  Affidavit of Hotz ¶ 6.  Equally significant,

22  updating a Playstation Computer does not subject an individual to the PSN TOS.  Affidavit of

23  Heidari ¶ 5.

24       With regard to the PSN TOS, the agreement is not a required step to access the 3.55

25  firmware and is not required to be entered into by end users to install the 3.55 Firmware onto a

26  Playstation computer.  Affidavit of Heidari ¶¶ 5, 8-13.  The 3.55 Firmware file may be

27  accessed, without encountering any agreements, directly from a website registered by Sony Inc.

28  <http://dus01.ps3.update.playstation.net/update/ps3/image/us/2010_1207_ca595ad9f3af8f1491d

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

9c9b6921a8c61/PS3UPDAT.PUP> or many other third party websites. Affidavit of Heidari ¶ 4. The WhoIs information for <playstation.net> indicates that Sony Inc., not SCEA, controls the website. Second Declaration of Kellar Exh. B. Upon installing the firmware, the only agreement encountered by an end user is an agreement with Sony, Inc. which is not a party in this lawsuit. Affidavit of Heidari ¶ 8. The agreement does not contain a forum selection clause and raises serious questions of SCEA's standing to bring this lawsuit. *Id.* ¶ 9.

SCEA has not and cannot truthfully allege that Mr. Hotz has accepted the PSN Agreement or has connected to the PSN Network to obtain the 3.55 Firmware. Notwithstanding the foregoing, Mr. Hotz has explicitly stated that he has not obtained the Playstation computer firmware update from the PSN. Second Affidavit of Hotz ¶ 11.

Equally problematic for SCEA, the only evidence it has put forth to prove Mr. Hotz has entered the PSN Agreement is an improperly authenticated screen shot of a PSN Network account with the username "Geo1Hotz." Declaration of Gilliland Exh. A. Mr. Hotz does not own or have access to this account. Second Affidavit of Hotz ¶ 6. Mr. Hotz does not live in Rhode Island, does not use the name "Geo1Hotz" which, in contrast to Mr. Hotz's common handle, utilizes capital letters and a numeral, and Mr. Hotz was not born in 1995 as in the screen grab. *Id.* SCEA further falsely states that Mr. Hotz is "referred to online as 'GeoHot.'" This is untrue. All exhibits submitted by SCEA purport to show that Mr. Hotz goes by the internet name "geohot" without any capitalized letters or numerals. See e.g. Declaration of Bricker, [Dkt. No. 21] Exhs. A, B. Equally significant,

SCEA admits that the PSN account for Online ID "Geo1Hotz" "may show some specious information because when a PSN user assents to the license agreement the user can enter any address, phone number, or birthday he wishes." Gililand Declaration ¶ 2. SCEA also fails to address that any PSN user can enter any name he or she wishes, as well as register any Online ID he or she wishes to register. Undoubtedly, there are numerous individuals currently utilizing an Online ID or names of celebrities or people widely recognized, including presumably the names "Barack Obama," "George Bush," and "Michael Bluth."

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1    Mr. Hotz has stated he does not have a PSN account, has not agreed to the PSN TOS, and

2   has not obtained a Playstation computer firmware upgrade from the PSN.  Second Affidavit of

3   Hotz ¶ 11.  Mr. Hotz has also demonstrated that a Playstation computer firmware upgrade does

4   not subject a user to the PSN TOS.  Affidavit of Heidari ¶¶ 10-13.  SCEA cannot satisfy its

5   burden that Mr. Hotz is subject to the PSN TOS because no such facts exist.  Nonetheless, the

6   sole speculative and unauthenticated evidence SCEA has provided falls far short of its burden to

7   satisfy this prong of the personal jurisdiction analysis.

8

9        **C.    Prong 2 Of The Personal Jurisdiction Analysis Must Fail Because Mr. Hotz
             Has No Meaningful Contact With California And His Alleged Acts Do Not
             Arise From Contact With California.**

10

11   The second requirement for specific personal jurisdiction is that plaintiff's claim arises

12  out of defendant's forum-related activities. *Core-Vent Corp*, 11 F.3d at 1485.  In analyzing the

13  whether the plaintiff's claim arises out of defendant's forum-related activities, the courts apply a

14  "but for" test. *John Doe v. Unocal Corp.*, 248 F.3d at 924.  The "but for" test is a simple test

15  where the Plaintiff must demonstrate that the Plaintiff's claims against the Defendant would not

16  have arisen "but for" the Defendant's contact with the forum state. See *Ballard v. Savage*, 65

17  F.3d at 1500.

18   The evidence upon which SCEA relies is improperly authenticated evidence, it would

19  not be sufficient to find that SCEA's claims against Mr. Hotz would not have arisen but for Mr.

20  Hotz's alleged contacts with California.

21   As stated above, the crux of SCEA's claims against Mr. Hotz is that Mr. Hotz allegedly

22  "exceeded access" to his Playstation computer, made by Sony Inc., a Japanese corporation

23  which is not a party to this action.  The claims of SCEA do not pertain to Mr. Hotz's alleged

24  connection to California, but rather, pertain to Mr. Hotz's alleged activity involving accessing

25  his own Playstation computer.   Both Mr. Hotz and his Playstation computer are located in New

26  Jersey.  Accordingly, SCEA's claims against Mr. Hotz are not asserted "but for" Mr. Hotz's

27  alleged contacts with California-- rather, those claims are solely focused on Mr. Hotz's activity

28  pertaining to his Playstation computer in New Jersey.

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1    Finally, and most distressingly, SCEA has attempted to assert that Mr. Hotz' internship

2    with Google, that ended in 2008, should subject him to jurisdiction in California for acts alleged

3    to have been committed in 2010. SCEA's argument does not wash. Not only does SCEA fail to

4    assert that Mr. Hotz is subject to the general personal jurisdiction of this Court, but Mr. Hotz's

5    alleged acts do not arise from his contacts with the forum and thus, specific personal jurisdiction

6    must not be found. An individual who lived in California for some time does not automatically

7    become subject to the Court's general jurisdiction in the future for unrelated purposes. See

8    *Pebble Beach Co. v. Caddy*, 453 F.3d at 1153.

9    **D.    Prong 3 Must Fail Because Exercise of Personal Jurisdiction Over Mr. Hotz Is Unreasonable.**

10

11    SCEA cannot meet its burden in demonstrating Mr. Hotz's purposeful availment of the

12    forum, nor has it satisfied its burden that its claim arises out of Mr. Hotz's forum-related

13    activities. Both of the aforementioned prongs must be met, and SCEA's failure to satisfy either

14    prong will result in this Court not having jurisdiction over Mr. Hotz. Nonetheless, Mr. Hotz

15    will still address the third prong of the jurisdictional analysis by demonstrating that jurisdiction

16    is unreasonable in this case.

17    In determining whether personal jurisdiction is reasonable, courts consider the following

18    factors: (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2)

19    the burden on the defendant of defending in the forum; (3) the extent of conflict with the

20    sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5)

21    the most efficient judicial resolution of the controversy; (6) the importance of the forum to the

22    plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative

23    forum. *Panavision Int'l, L.P*, 141 F. 3d at 1323. No one factor is dispositive; a court must

24    balance all seven. *Id*. (citing *Core-Vent*, 11 F.3d at 1484). Minimum contacts must be

25    evaluated "in light of" the reasonableness factors. *Id*. (Citing *Burger King Corp. v. Rudzewich*,

26    471 U.S. 462, 476 (1985). Subjecting Mr. Hotz to jurisdiction on the other side of the country

27    would be unreasonable.

28    **1.    The Extent of Defendant's Purposeful Injection Into the Forum State's Affairs**

1    Mr. Hotz' interjection into the forum is not substantial, and only found by inferring Mr.

2    Hotz's contact with California via his use of the internet.   SCEA cannot even stretch this

3    interjection far enough to rise to the level of "purposeful."  Mr. Hotz has a passive website and

4    has not made any statement directed at SCEA.

5    "The smaller the element of purposeful interjection, the less is jurisdiction to be

6    anticipated and the less reasonable is its exercise." *Insurance Co. of North America v. Marina*

7    *Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981).  "Even if there is sufficient 'interjection' into

8    the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be

9    weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness

10   prong]."  *Core-Vent*, 11 F.3d at 1488.

11   The Ninth Circuit in *Core-Vent* found a libelous article written by defendants who

12   "allegedly intended their actions to cause harm in California" to nonetheless be an "attenuated"

13   contact.  *Id*.  SCEA's assertions of purposeful interjection rest on Mr. Hotz's attenuated use of

14   the internet.  Mr. Hotz's alleged actions are attenuated in that they were alleged to have been

15   performed over the internet and not sent directly to any member of the forum state.  It is telling

16   that SCEA is unable to explicitly assert Mr. Hotz's direct contact with a member of the forum.

17   The first reasonableness factor favors Mr. Hotz and weighs against personal jurisdiction.

18
     **2.  Burden of Mr. Hotz on Defending In This Forum**
19

20   The burden on Mr. Hotz defending in this forum is high.  Mr. Hotz is a 21 year old New

21   Jersey resident with limited means to defend a suit on the other side of the country.  Therefore,

22   forcing Mr. Hotz to defend a lawsuit literally across the country will deprive Mr. Hotz of due

23   process.

24   "The burden on the defendant must be examined in light of the corresponding burden on

25   the plaintiff." *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988).  SCEA is

26   unquestionably a large international company.  In *Core-Vent*, the burden on the respective

27   parties was found to be "asymmetrical" because the plaintiff was a "large international

28   corporation with worldwide distribution of products" while the defendants were individuals

"with little or no physical contacts with California." *Core-Vent*, 11 F.3d at 1489.  In *Pavlovich*, the California Supreme Court discussed plaintiff's ability to re-file the suit in the defendant's state of residence.   "[Plaintiff] has the ability and resources to pursue Pavlovich in another forum such as Indiana or Texas. Our decision today does not foreclose it from doing so. Pavlovich may still face the music--just not in California." *Pavlovich* at 29 Cal. 4th at 279.  As in *Pavlovich*, SCEA is unquestionably a large international company with worldwide product distribution.  Again, Mr. Hotz is an individual with "little or no physical contacts with California." *Id*.  In light of the corresponding absence of burden on SCEA, personal jurisdiction over Mr. Hotz in California would be highly burdensome.

The fact that Mr. Hotz has secured last-minute counsel to defend himself against jurisdiction does not diminish the cost or burden of Mr. Hotz having to defend himself on the other side of the country.

The second factor favors Mr. Hotz and weighs against personal jurisdiction.

### 3.   Extent of Conflict with Sovereignty of Mr. Hotz's State

There is a concern that hearing this case in California may conflict with New Jersey's sovereignty in its ability to exercise its own jurisprudence over cases where personal jurisdiction is clearly found over both plaintiff and defendants.

The third factor favors Mr. Hotz and weighs against personal jurisdiction.

### 4.   Forum State's Interest in Adjudicating the Dispute

California has an interest in protecting its residents that have been tortuously injured. However, contrary to what SCEA would assert, they maintain a strong presence in every state in the Union and New Jersey would have an equal interest in protecting the interests of both SCEA and Mr. Hotz alike.  Further, Sony Inc., the maker of the Playstation computer, is not a California company, it is a Japanese corporation.  California's interest in protecting the Japanese company is therefore low.

The fourth factor favors Mr. Hotz and weighs against personal jurisdiction.

1
2

### 5.   The Most Efficient Judicial Resolution of the Controversy

3       "In evaluating this factor, we have looked primarily at where the witnesses and the

4   evidence are likely to be located."  *Core-Vent*, 11 F.3d at 1489.  SCEA clearly does not know

5   where the other defendants reside and thinks they may in fact be located in foreign countries

6   such as Spain, Hungary and the Netherlands. SCEA Complaint ¶¶5-9.  SCEA *thinks* that an

7   unnamed defendant called "Bushing" resides in California but this person remains a Doe

8   defendant, is not named as a defendant, and has not been served with process.  *Id*. at ¶5.

9   Further, all evidence put forth by SCEA regarding "Bushing" is improperly authenticated

10  hearsay.  This court should not rely on SCEA's speculation of a Doe defendant's place of

11  residence to assert jurisdiction over a nonresident who is actually named with an address that

12  has been identified, in New Jersey.  Further evidence in this matter is found primarily on the

13  internet.

14      Contrary to SCEA's assertions, most of the physical evidence and Mr. Hotz himself, are

15  located in the state of New Jersey.  The bulk of SCEA's claims regard evidence found on Mr.

16  Hotz's media devices and in Mr. Hotz's testimony as a witness.  Other than those items, the

17  bulk of the evidence SCEA puts forth may be found on the internet which is accessible just as

18  easily in New Jersey as in California.

19      The fifth factor favors Mr. Hotz and weighs against personal jurisdiction.

20      ### 6.   Importance of the Forum to the Plaintiff's Interest in Convenient and
        ### Effective Relief

21

22      The Northern District of California is only convenient to SCEA's counsel, Kilpatrick

23  Townsend & Stockton LLP which maintains its offices mere miles from the San Francisco

24  division of the Northern District Courthouse.  "[N]o doctorate in astrophysics is required to

25  deduce that trying a case where one lives is almost always a plaintiff's preference." *Roth v.*

26  *Garcia Marquez*, 942 F.2d 617, 624 (9th Cir.1991).  SCEA "has not shown that the [claim]

27  cannot be effectively remedied in [New Jersey] or [Spain, Hungary, or the Netherlands]."

28  *Sinatra*, 854 F.2d at 1200.  In fact, SCEA could have avoided any questions of personal

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

1   jurisdiction over Mr. Hotz had the initial TRO and complaint been filed in New Jersey.  Thus,

2   effectiveness is not the purpose behind SCEA bringing this suit in the Northern District of

3   California.

4       The sixth factor favors Mr. Hotz and weighs against personal jurisdiction.

### 7. The Existence of an Alternative Forum

7       This factor favors Mr. Hotz because there is an alternative forum: New Jersey.  SCEA

8   relies on the unsubstantiated residency of the unnamed defendant "Bushing" as a basis for

9   California being the best forum.  Complaint ¶15(a).  However, "Bushing" has not been

10  identified, named, served, or connected with Mr. Hotz in any way that would warrant bringing

11  the only identifiable defendant out to California.  If "Bushing" does exist and can be ascertained

12  at a later date, SCEA would have to amend the complaint to properly name him/her which has

13  not occurred.  Thus, New Jersey is an alternative forum that exists to provide SCEA with

14  adequate relief.  If SCEA can obtain jurisdiction by merely including a hypothetical defendant

15  by the name of "Bushing" that may live in California, then any Plaintiff can file suit in

16  California and obtain jurisdiction by adding "Bushing" as a defendant.

17      The facts and parties involved in this case demonstrate that the only locatable defendant

18  involved, as well as the physical evidence in this case exist is New Jersey.

19      This factor favors Mr. Hotz and weighs against personal jurisdiction.

### III.   VENUE IS IMPROPER FOR THE PRESENT ACTION

22      SCEA claims venue is proper pursuant to U.S.C. § 1391(b) and (c). Complaint, ¶16.

23   U.S.C. § 1391(c) applies exclusively to actions in which a corporation is a Defendant. U.S.C. §

24  1391(b), however, provides that

> A civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State; (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the
> subject of the action is situated; or (3) a judicial district in which any defendant
> may be found, if there is no district in which the action may otherwise be
> brought.

1    *Id.*

2       In the present action, a corporation is not a Defendant, and therefore U.S.C. § 1391(c) is

3    inapplicable. Similarly, U.S.C. § 1391(b)(1) is inapplicable because SCEA asserts that the

4    Defendants are residents of numerous states, and even admits that defendants reside in Spain,

5    Hungary and the Netherlands. Complaint, ¶¶4-9. Likewise, U.S.C. § 1391(b)(3) is also not

6    applicable because Mr. Hotz may be found in New Jersey, which is where an action may be

7    brought.

8       Accordingly, U.S.C. § 1391 (b)(2) is the only venue provision asserted by SCEA, which

9    provides that venue may be brought in a judicial district in which a substantial part of the events

10   or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

11   of the action is situated. In the present action, none of the named defendants reside in California,

12   and no conduct is alleged to have taken place in California. Complaint, ¶¶4-9. Without asserting

13   more or providing an underlying basis for its belief, SCEA simply asserts that it believes one of

14   the Doe defendants resides in California.

15      Nonetheless, the use of Doe Defendants is not favored in the Ninth Circuit. *Gillespie v.*

16   *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). *Badwi v. Hedgpeth*, 2011 U.S. Dist. LEXIS 4092

17   (N.D. Cal. 2011);  *Cranford v. Ayers*, 2010 U.S. Dist. LEXIS 136269 (N.D. Cal., 2010).

18   Moreover, complaints made against Doe defendants should be dismissed without prejudice.

19   *Brass v. County of Los Angeles*, 328 F.3d 1192 (9th Cir., 2003); See *Badwi v. Hedgpeth* 2011

20   U.S. Dist. LEXIS 4092; See also *Cranford v. Ayers* 2010 U.S. Dist. LEXIS 136269.

21      In fact, all events described by Plaintiff pertaining to Mr. Hotz took place in Mr. Hotz's

22   home in New Jersey.  All events described by Plaintiff pertaining to the other Defendants, whom

23   Mr. Hotz contend are improperly joined and have no association with him, are actually described

24   as taking place in Berlin, Germany. Complaint, ¶¶39-42.  Further, the subject property at issue in

25   this matter is not, as SCEA claims, located in California.  *Id*. at ¶16.  That statement is a

26   bootstrap for SCEA's venue assertion and is contradicted within SCEA's own complaint.

27   Complaint ¶¶43-52 refer to Mr. Hotz's utilizing and publishing activities relates to the

28   Playstation computer.  All those activities and equipment are located in New Jersey.  All other

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
Case No. 11-cv-00167 SI

named defendants are located outside the country as is likely their equipment and any property at issue in this matter.

Accordingly, SCEA has failed to satisfy U.S.C. § 1391(b)(2) by failing to allege that any part of the events or omissions giving rise to its claim occurred in California. Similarly, SCEA has failed to satisfy U.S.C. § 1391(b)(2) by alleging that any part of property that is the subject of the action is situated in California. Thus, venue in this Court is improper.

**IV.    CONCLUSION**

In sum, all three prongs of the personal jurisdiction analysis must be satisfied in order for Mr. Hotz to be subject to the personal jurisdiction of this court.  In the present situation however, none of the three prongs are satisfied.  Moreover, SCEA bears the burden of demonstrating that Mr. Hotz satisfies the first two prongs of the analysis-- a burden which SCEA has failed to meet.

Accordingly, this Court should dismiss the Complaint against Mr. Hotz, as well as SCEA's Ex Parte TRO, Proposed Order of Impoundment, and Proposed Order to Show Cause, for lack of jurisdiction over Mr. Hotz and for improper venue.

DATED:  February 2, 2011          Respectfully Submitted,


                                                    /s/ Stewart Kellar          

                                                  STEWART KELLAR

                                            Attorney for Defendant
                                            GEORGE HOTZ