STEWART KELLAR, State Bar #267747
E-ttorney at Law™
148 Townsend St., Suite 2
San Francisco, CA  94107
Telephone: (415) 742-2303
Email:  stewart@etrny.com

Attorney for Defendant
GEORGE HOTZ

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br>v.<br><br>GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,<br><br>            Defendants. | **CASE No.:  CV 11-00167 SI**<br><br>**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE OF JANUARY 27, 2011**<br><br><br>Date: February 9, 2011<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge: Hon. Susan Illston |

Without consenting to personal jurisdiction, now comes Mr. George Hotz by and through his attorney of record specially appears and respectfully submits this brief showing cause as to why a preliminary injunction should not issue restraining Mr. Hotz. On January 27th, Judge Susan Illston issued an Order to Show Cause why a preliminary injunction should not issue. As is shown below, a preliminary injunction here restrains legal acts of circumvention, is both overbroad and impermissibly vague, is impossible to perform, does not preserve the status quo, and amounts to prior restraint on speech, and the Order of Impoundment therein is likewise overbroad, unwarranted, and impounds confidential and privileged material. Accordingly, Mr. Hotz asks the Court to deny Plaintiff's motion for a preliminary injunction.

Mr. Hotz further requests a hearing on the preliminary injunction be held on February 9, 2011. Fed. R. Civ. P. 65(b)(2) sets a TRO's expiration at 14 days from the time of entry. TROs may be extended for additional 14-day increments for "good cause . . . entered in the record." If a hearing on the Preliminary Injunction is to be held contemporaneously with Mr. Hotz's Motion to Dismiss, as Plaintiff Sony Computer Entertainment America, LLC ("SCEA") would like, this Court will have to extend the TRO at least three times and for each extension must show good cause and the reasons for extension. Accordingly, the preliminary injunction hearing should be held at the earliest possible time, February 9, 2011.

## ARGUMENT

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). SCEA fails on each of these points and thus, a preliminary injunction must be denied.

**I.  BECAUSE THE PRELIMINARY INJUNCTION IS OVERBROAD AND IS IMPERMISSIBLY VAGUE AND IS IMPOSSIBLE TO PERFORM, THE BALANCE OF EQUITIES FAVORS MR. HOTZ AND THE INJUNCTION IS NOT IN THE PUBLIC INTEREST.**

   **A.  The TRO and thus, the Preliminary Injunction is Overbroad**

The Federal Rules of Civil Procedure require that every injunction shall be specific in terms and shall "describe in reasonable detail—and not by referring to the complaint or other

document—the act or acts sought to be restrained." Fed. R. Civ. P. 65(d)(1)(B)-(C). The Supreme Court has stated "one basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 444 (1974); See also *Reno Air Racing Ass'n v. McCord*, 452 F3d 1126, 1132-1134 (9th Cir. 2006). An injunction must be "tailored to eliminate only the specific harm alleged. An overbroad injunction is an abuse of discretion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F2d 1280, 1297 (9th Cir. 1992).

### 1. The Injunction Restrains Legal Activity Unrelated to SCEA's Claims.

The DMCA prohibits circumvention of "a technological measure that effectively controls access to a [copyright protected] work." 17 U.S.C. 1201(a)(1)(A). Circumvention is legal when the circumvented technology does not control access to a copyrighted work. The Library of Congress has narrowed this protection even further in recent years. 37 C.F.R. § 201.40

The Injunction restrains Mr. Hotz from "publishing, posting, or distributing any information . . . or other material obtained by circumventing TPMs in the PS3 System or by engaging in **unauthorized access** to the PS3 System or the PSN." TRO [Dkt. No. 50] ¶5 (emphasis added). "Unauthorized access" is not "illegal access." Circumvention of technology, even when unauthorized, is not illegal when it does not regard copyrighted works. Information not protected by copyright is not protected merely because it is behind an anti-circumvention barrier. Thus, the Injunction is overbroad because Mr. Hotz is restrained from "publishing . . . any information . . . or other material" without regard to whether that information is protected by copyright, a prerequisite to anti-circumvention protection. 17 U.S.C. 1201(a)(1)(A).

The Injunction further restrains Mr. Hotz from engaging in "any circumvention technology, products, services, methods, codes, software . . . and/or **any other technologies that enable unauthorized access to and/or copying** of PS3 Systems **and other copyrighted works (hereinafter, "Circumvention Devices")**." *Id*. ¶ 1 (emphasis added). Using the same broad definition of "Circumvention Devices," the Injunction then prohibits Mr. Hotz from

"[p]roviding links . . . promoting . . . [or] posting any Circumvention Devices." *Id*. ¶ 2. Additionally, the Injunction also prohibits "encouraging others to engage in the conduct set forth above . . . ." *Id*. ¶ 6. These restraints are overbroad.

The Injunction is overbroad because it restrains Mr. Hotz from engaging in legal circumvention activities. Mr. Hotz is restrained from engaging in any "technologies that enable unauthorized access to . . . other copyrighted works." The Injunction is not tailored to eliminate the specific harm alleged because it prohibits action with regard to "other copyrighted works," without limitation.

The Library of Congress has recently determined that circumvention of firmware or software on mobile phones by the owner of that copy of the program, although unauthorized by the copyright owner, is exempted from the DMCA's prohibition against circumvention. 37 C.F.R. § 201.40; 75 FR 43825, 43829. Under the language of the overbroad injunction, Mr. Hotz would be restrained from engaging in these plainly authorized acts of circumvention. The language prohibits Mr. Hotz from engaging in a broad range of explicitly exempted circumvention activities such as circumvention of DVDs, wireless telecom firmware and software, malfunctioning computer access dongles, and even ebook literature. *Id*. Additionally, restraining Mr. Hotz from encouraging others to engage in plainly authorized acts of circumvention having no relation to SCEA is not narrowly tailored to eliminate the specific harm alleged by SCEA and is thus, overbroad.

### 2. The Injunction Is Impossible to Perform

The Injunction as written requires Mr. Hotz to "retrieve any Circumvention Devices or any information relating thereto which Hotz has previously delivered or communicated to . . . **any third parties**." TRO Page 3, lines 23-27 (emphasis added).

Mr. Hotz cannot retrieve the Internet. Yet the Injunction calls for Mr. Hotz to retrieve any information previously "communicated . . . to any third parties." As has been stated by both SCEA and Mr. Hotz, the acts alleged in this matter involve publication via the internet. The Injunction is clearly overbroad because it requires Mr. Hotz perform an impossible mandatory act, to effectively retrieve the internet.

### B. The TRO and thus, the Preliminary Injunction is Impermissibly Vague

As shown above, the Injunction pertains to "unauthorized access" and not "illegal access." While citizens are presumed to know what is illegal, they are not notified of what is "unauthorized." Further, the Injunction restrains Mr. Hotz from engaging in unauthorized access of "other copyrighted works." "Other copyrighted works" is not a defined term yet is implemented into SCEA's conclusory definition "Circumvention Devices," a term that is used throughout the TRO to define restrained conduct. The terms "unauthorized access," "other copyrighted works" and "Circumvention Devices" are not sufficiently specific. Therefore, the Injunction does not provide sufficient notice of prohibited conduct and is impermissibly vague.

Under Fed. R Civ. P. 65(d), "an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *Hughley v. JMS Dev.*, 78 F.3d 1523, 1531 (11th Cir. 1996). Those subject to an injunction face the threat of judicial contempt for noncompliance. A federal court must therefore "frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid." *International Longshoremen's Assn*. v. *Philadelphia Marine Trade Assn*., 389 U.S. 64, 76 (1967).

The undefined term "other copyrighted works" does not provide Mr. Hotz with adequate notice of what copyrighted works are subject to the Injunction. Prohibiting access to "other copyrighted works," without further clarification, means that Mr. Hotz is restrained from accessing "*all copyrighted works*." Such a restraint would clearly be overbroad in these circumstances. In addition to the term "unauthorized access," without a definition for "other copyrighted works," the restraints regarding "Circumvention Devices" are impermissibly vague.

Impoundment orders of this breadth and vagueness are not in the public interest as they result in restraint beyond that which is warranted. The balance of equities favors Mr. Hotz.

### II. THE MANDATORY IMPOUNDMENT ORDER IS OVERBROAD, UNWARRANTED, DOES NOT PRESERVE THE STATUS QUO OR PREVENT IRREPARABLE HARM, AND IS A HARDSHIP ON MR. HOTZ.

#### A. The Impoundment Order Is Overbroad and Would Result In Impoundment of Confidential, Privileged and Private Material Unrelated to SCEA's Claims.

The Mandatory Impoundment Order is overbroad and unnecessary. The alleged Circumvention Devices relating to SCEA are less than 100 kilobytes in file size. See Declaration of Bricker [Dkt. No. 42] Exh. T, Page 2. Mr. Hotz' hard drives and other storage devices amount to several terabytes of storage. Ordering impoundment of Mr. Hotz's storage devices to obtain a 100 kilobyte file is like starting a forest fire to cut down a single tree. Put another way, 100 kilobytes is to a single terabyte as one apple is to *one billion apples*. For cases "in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite,* courts should be extremely cautious about issuing a preliminary injunction. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994).

Additionally, the storage devices at issue here are used for a myriad of purposes unrelated to SCEA's claims. Mr. Hotz's storage devices contain confidential employment-related information, attorney-client privileged information, and otherwise private material protected by Mr. Hotz's Constitutional right to privacy. Parsing out the information subject to the impoundment from the unrelated information is near impossible and would amount to an invasion of privacy. SCEA should not be afforded such an overbroad impoundment order.

### B.   The Mandatory Impoundment Order is Unwarranted

The Impoundment Order is unwarranted because Mr. Hotz's alleged acts are software-based and result in no infringing copies of copyrighted works as is typically required for impoundment orders. In fact, all cases cited by SCEA in support of impoundment regard physical items or circumvention devices used to *create* infringing content. See Motion for TRO [Dkt. No. 2] Pages 24-25, lines 15-7 (respectively citing impoundment of copies of video game software, infringing software, equipment for *making* infringing video games, infringing video games, infringing information in FCC application, infringing toys (lamb dolls) and equipment used to make dolls, cassette tape recordings and machines for making cassettes).

SCEA does not allege that Mr. Hotz possess infringing copies of its Video Games or has utilized circumvention devices to *create* infringing content. The "Circumvention Devices" alleged here are not hardware based dongles or media – rather, the "Circumvention Devices" consist of less than 100kb of information, with such information being readily available on the

internet prior to SCEA initiating this current action. To put matters in perspective, the keys and information which SCEA seeks to impound would only take *a few lines on this page* of this document if they were written here in their entirety. Moreover, while certain cases support impoundment of hardware based devices, no cases support the notion that impoundment is proper when the alleged infringing material is software based or consists merely of keys or information. See SCEA's reliance on *Sega Enters. v. MAPHIA,* 857 F. Supp. 679, 691 (N.D. Cal. 1994); *Rebis v. Universal CAD Consultants, Inc.*, 1998 U.S. Dist. LEXIS 12366, (N.D. Cal. 1998); *Yamate USA Corp.*, 1991 U.S. Dist. LEXIS 20701; *Nintendo of America, Inc. v. Elcon Indus., Inc.*, 564 F. Supp. 937, 938 (E.D. Mich. 1982); *WPOW, Inc. v. MRLJ Enters.*, 584 F. Supp. 132, 139 (D.D.C. 1984); *Dollcraft Industries, Ltd. v. Well-Made Toy Mfg. Co.*, 479 F. Supp. 1105, 1118 (E.D.N.Y 1978); *Duchess Music Corp. v. Stern*, 458 F.2d 1305, 1308 (9th Cir. 1972), *cert. denied,* 409 U.S. 847 (1972). Thus, impoundment is unwarranted.

### C.   The Impoundment Order Is a Hardship to Mr. Hotz and Should Be Stayed Pending A Preliminary Injunction Decision.

TROs "should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc.* , 415 US at 439. The Impoundment Order is a mandatory injunction, requiring Mr. Hotz within 10 business days to turn over his computers, hard drives and "any other storage devices on which any Circumvention Devices [including "other copyrighted works"] are stored." TRO Page 4, lines 6-10. The Order provides for only 10 business days to deliver storage devices to a location of SCEA's choosing. If a preliminary injunction hearing is not had by the Impoundment deadline, Mr. Hotz will be forced to turn over his storage devices without a hearing, amounting to a hardship on Mr. Hotz.

### III.   THE INJUNCTION AND IMPOUNDMENT DO NOT PREVENT IRREPARABLE HARM BECAUSE THE HARM SCEA ALLEGES WILL BE SUFFERED HAS ALREADY OCCURRED.

A preliminary injunction and order of impoundment does not maintain the status quo or prevent irreparable harm in the present matter. A provision requiring Mr. Hotz "preserve, and

not destroy, erase, delete, dispose of, or alter any documents or records" is sufficient to prevent harm to SCEA. *Id*. at Page 3, lines 12-22.

An Injunction will restrain only Mr. Hotz and will not prevent the harm alleged, because the information sought to be restrained is already publicly available on the Internet. Thus, an injunction would only serve to punish Mr. Hotz, which is not an injunction's purpose.

The Injunction here requires that Mr. Hotz remove information from the internet which has already been accessed and discussed by thousands of people. Removing information already posted by Mr. Hotz and publicly mirrored by several other websites does not preserve the status quo. Any harm alleged to have been suffered by SCEA has already been suffered and this Injunction will not and cannot prevent that which has already happened. The Courts have consistently held that injunctions are meant to prevent future harms – not harms that have already taken place. *Dvd Copy Control Ass'n Inc. v. Bunner*, 116 Cal.App.4th 241, 254 (2004). Where a party has presented no evidence that the disclosure or activities it seeks to prohibit would cause more or different harm than it claims it has suffered by the general disclosure of the program or information, an Injunction is improper. *Id*. at 255. Such is particularly apt when the information has allegedly been posted on the internet, as SCEA alleges here. *Id*. Accordingly, any harm alleged to have been suffered by SCEA has already been suffered and this Injunction will not prevent that which has already happened.

### IV.     A PRELIMINARY INJUNCTION VIOLATES MR. HOTZ' FIRST AMENDMENT RIGHTS AS A PRIOR RESTRAINT ON SPEECH.

Restraints within the Injunction amount to prior restraint on Mr. Hotz's right to free speech because they are overbroad and are issued without a preliminary determination. "An order issued in the area of First Amendment rights must be couched in the narrowest terms that will accomplish the pin-pointed objective permitted by constitutional mandate." *Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 183 (1968). An injunction issued "before an adequate determination that it is unprotected by the First Amendment" presents the "special vice of a prior restraint." *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390 (1973). "First Amendment concerns in copyright are allayed by

the presence of the fair use doctrine." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); See 17 U.S.C. § 107. Under DMCA analysis, fair use is available as a defense to circumvention claims. See Nimmer on Copyright § 12A.06(D)(1) (2010).

Under the Injunction, Mr. Hotz is restrained from "Offering to the public, creating, posting online, marketing, advertising, promoting, installing, distributing, providing, or otherwise trafficking in any circumvention technology" which includes circumvention of undefined "other copyrighted works." TRO ¶1. This restraint places a burden on Mr. Hotz's right to free speech beyond the pin-pointed objective of the Injunction. No determination has been made that Mr. Hotz's speech is not protected speech. Additionally, the inclusion of "any circumvention technology" does not take into account fair use defenses and the above-mentioned exemptions to prohibitions on circumvention under the DMCA. Unlike *Napster*, No determination has yet been made as to whether the "Circumvention Devices" at issue are or are not protected by fair use. Therefore, even under a copyright analysis of First Amendment concerns, the restrictions at issue burden more speech than is necessary or permissible.

Mr. Hotz is further restrained from "Publishing, posting, or distributing any information, code, program, instructions, video, or other material obtained by circumvent[ing]" the Playstation computer, without regard for the copyright protection of that information. *Id*. ¶5. Creating, posting online, advertising, promoting, distributing, and publishing are all forms of speech. The disclosure of "any information" is not couched in the narrowest terms possible and does not make a determination as to whether that information relates to any copyright-protected work, a prerequisite to anti-circumvention protection. Publishing, posting or distributing "any information" obtained by circumvention is thus overbroad and burdens more speech than is necessary or permissible.

V.  **SCEA HAS NOT DEMONSTRATED A LIKELIHOOD OF SUCCESS ON THE MERITS**

   A.  **Plaintiff Does Not Make the Playstation Computer, Raising Questions of Standing and Defendant's Purposeful Direction toward California.**

SCEA does not make the Sony Playstation 3 computer. Complaint [Dkt. No. 1] ¶¶18-19. The Playstation computer is made by Sony Computer Entertainment Inc. ("Sony Inc.") which is

not a party to this action. *Id*. Sony Inc. is a Japanese corporation with its headquarters in Tokyo, Japan. Second Declaration of Kellar [Dkt. No. 58] Exh. A. Thus, questions of standing exist as to SCEA's ability to bring this action. Further, the fact that SCEA does not make the allegedly circumvented Playstation computer severely harms their "purposeful direction" claim.

The Supreme Court notes that the presence of difficult jurisdictional questions says nothing about the likelihood of success on the merits, other than making that success more *unlikely* due to potential impediments to even reaching the merits. *Munaf v. Geren*, 553 *US 674* (2008). Additionally, because SCEA does not make the Playstation computer, they have not demonstrated a likelihood of success on the claims due to lack of standing and failure to allege actual infringement of their copyrighted works.

## VI. CONCLUSION

For the above reasons, Mr. Hotz has shown cause why a preliminary injunction should not issue. Mr. Hotz respectfully asks this Court to deny SCEA's motion for a preliminary injunction.

DATED: February 3, 2011           Respectfully Submitted,

                            /s/ Stewart Kellar
                        STEWART KELLAR

                        Attorney for Defendant
                        GEORGE HOTZ

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is 148 Townsend Street, Suite 2, San Francisco, CA 94107. On the date set forth below, I served a true and accurate copy of the document(s) entitled:

- **DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE OF JANUARY 27, 2011**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

KILPATRICK TOWNSEND & STOCKTON LLP
RYAN T. BRICKER. (State Bar No. 269100)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: rbricker@kilpatricktownsend.com
Attorney for Plaintiff

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: February 3, 2011 _____/s/ Stewart Kellar_____

Stewart Kellar

1