KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
TIMOTHY R. CAHN (State Bar No. 162136)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
HOLLY GAUDREAU (State Bar No. 209114)
RYAN BRICKER (State Bar No. 269100)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jgilliland@kilpatricktownsend.com
tcahn@kilpatricktownsend.com
mboroumand@kilpatricktownsend.com
hgaudreau@kilpatricktownsend.com
rbricker@kilpatricktownsend.com

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company,

Plaintiff,

v.

GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,

Defendants.

CASE NO. 11-cv-000167 SI

**MOTION FOR AN ORDER SHORTENING TIME FOR HEARING MOTION ON EXPEDITED DISCOVERY**

Date: TBD
Time: 9:00 a.m.
Courtroom: 10, 19th Floor
Judge: Honorable Susan Illston



**NOTICE OF MOTION AND MOTION FOR AN ORDER SHORTENING TIME**

TO ALL PARTIES AND COUNSEL: PLEASE TAKE NOTICE that, pursuant to Local Rule 6-1(b) and 6-3, Plaintiff SONY COMPUTER ENTERTAINMENT AMERICA LLC ("SCEA") hereby moves this Court for an Order Shortening Time to hear SCEA's Motion for Expedited Discovery filed concurrently with this Motion.

Local Rule 7-2(a) requires motions to be noticed no fewer than 35 days from the filing date. However, as set forth below, SCEA urgently needs to expedite its jurisdictional discovery so that SCEA can fully respond to the motion to dismiss for lack of personal jurisdiction filed by Defendant George Hotz ("Hotz"), by ***February 18, 2011***. Expedited discovery is also necessary to promptly identify culpable parties responsible for distributing circumvention devices in violation of SCEA's rights under the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.* ("DMCA") and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. ("CFAA"). SCEA will be severely prejudiced – and at risk of substantial harm – if its motion for expedited discovery is not heard on a shortened basis.

Under the usual time table for noticed motions, SCEA's motion cannot be set for hearing until March 11, 2011. However, this date is not early enough for SCEA's motion to be heard since Hotz's motion to dismiss is currently scheduled to be heard that same day. Therefore, absent an order shortening time, SCEA will be unable to complete discovery in time to fully oppose Hotz's motion to dismiss by February 18, 2011, when its opposition is currently due.

Accordingly, SCEA requests an Order Shortening Time so that its motion can be heard on February 9, 2011. This motion is based upon the Memorandum of Points and Authorities herein, the accompanying Declaration of Holly Gaudreau In Support of Motion for An Order Shortening Time To Hear Motion on Expedited Discovery ("Gaudreau Decl."), [Proposed] Order Granting Motion for An Order Shortening Time To Hear Motion on Expedited Discovery, and any other evidence that may be presented at or before the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BACKGROUND

SCEA is the exclusive licensed distributor of the PlayStation®3 computer entertainment system (the "PS3 System") in the United States and owner of copyrights in many original video game software titles developed to play on the PS3 System. On January 11, 2011, SCEA filed a Complaint against Hotz, Hector Martin Cantero ("Cantero") and Sven Peter ("Peter"), as well as "Doe" Defendants (collectively, "Defendants"),[1] based on, among other things, Defendants' circumvention of technological protection measures ("TPMs") in the PS3 System and their online distribution of the circumvention devices they utilized.[2] In an expeditious attempt to stop the distribution of these illicit circumvention devices, SCEA filed a motion seeking a Temporary Restraining Order ("TRO") against Hotz.

On January 27, 2011, this Court granted SCEA's motion for a TRO and directed the parties to meet and confer on a briefing schedule and hearing date. Order Granting Plaintiff's Motion for TRO (Docket No. 51) at 2. SCEA and Hotz stipulated to a schedule for Hotz's motion to dismiss and agreed on a March 11, 2011 hearing date. Hotz filed his motion to dismiss on February 2, 2011, and SCEA is scheduled to file its opposition on February 18, 2011. However, counsel for Hotz did not agree to allow SCEA to take expedited discovery in connection with the motion to dismiss, thus SCEA was forced to file its motion for expedited discovery. Declaration of Holly Gaudreau In Support of Motion for Expedited Discovery, ¶ 3.

Accordingly, SCEA is seeking leave to take expedited and targeted discovery in order to:

---

[1] Defendants Cantero, Peter and Does 1 ("Bushing") and 2 ("Segher") formed and are members of a hacker group called Fail0verflow (collectively, the "FAIL0VERFLOW Defendants").

[2] In its Complaint, SCEA's asserts that Defendants' conduct – including trafficking in unlawful circumvention devices that facilitate piracy of video game software – violates the Copyright Act, 17 U.S.C. § 501 *et seq.*, the DMCA, the CFAA and a host of other common and state laws.



(1) be responsive to the Court's desire that the motion to dismiss be based on a further factual record; (2) build further evidence that sufficient contacts exist between Hotz and California and to further establish the harm to SCEA in California resulting from Hotz's unlawful conduct; and (3) rebut contrary assertions made in Hotz's motion to dismiss and supporting declarations.

## II. SCEA WILL BE SEVERELY PREJUDICED AND IS AT RISK OF SUBSTANTIAL HARM IF AN ORDER SHORTENING TIME TO HEAR ITS MOTION FOR EXPEDITED DISCOVERY IS NOT GRANTED

Due to the urgent nature of this matter, SCEA's motion for expedited discovery is only effective if it is heard on a shortened time table. Indeed, SCEA will be severely prejudiced, and is at risk of substantial harm, if its motion is not heard on a shortened basis because SCEA will not be able to complete the necessary jurisdictional discovery before it must file its opposition to Hotz's motion to dismiss. Moreover, the infringers will continue to distribute the illicit circumvention devices while SCEA must wait to be heard on its request to discover the identities and locations of those infringers.

SCEA satisfies the requirements for an order shortening time. Pursuant to Local Rule 6-3(a) (1)-(6), the accompanying Declaration of Holly Gaudreau (¶¶2-8) sets forth the following: (1) the reasons for the requested change in time, with particularity; (2) a description of efforts that SCEA has made to obtain a stipulation to the change in time; (3) identification of the substantial harm or prejudice that would occur if the Court does not grant the request for a change in time; (4)(i) a description of SCEA's compliance with Civil L. R. 37-1(a); (4)(ii) a description of the nature of the underlying dispute that will be addressed in the motion and a summary of each party's position on the matter; (5) disclosure of all previous time modifications in the case, whether by stipulation or Court order; and (6) any effect the requested time modification would have on the schedule for the case.

## III. PROPOSED SCHEDULE ON MOTION FOR EXPEDITED DISCOVERY

SCEA requests that this Court adopt the following briefing and hearing schedule



for the motion for expedited discovery:

| | |
|---|---|
| Last Day to File Opposition: | February 8, 2011 by 5:30 p.m. |
| Hearing: | February 9, 2011, at 9:00 a.m. or as soon as possible thereafter. |

## IV. CONCLUSION

For the foregoing reasons, SCEA respectfully requests that the Court grant its Motion for an Order Shortening Time and adopt its proposed briefing schedule.

DATED: February 4, 2011

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ James G. Gilliland, Jr.*
JAMES G. GILLILAND, JR.

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

63135126 v1

