| | |
|---|---|
| 1 | KILPATRICK TOWNSEND & STOCKTON LLP |
| | JAMES G. GILLILAND, JR. (State Bar No. 107988) |
| 2 | TIMOTHY R. CAHN (State Bar No. 162136) |
| | MEHRNAZ BOROUMAND SMITH (State Bar No. 197271) |
| 3 | HOLLY GAUDREAU (State Bar No. 209114) |
| | RYAN BRICKER (State Bar No. 269100) |
| 4 | Two Embarcadero Center Eighth Floor |
| | San Francisco, CA 94111 |
| 5 | Telephone: (415) 576-0200 |
| | Facsimile: (415) 576-0300 |
| 6 | Email: jgilliland@kilpatricktownsend.com |
| | tcahn@kilpatricktownsend.com |
| 7 | mboroumand@kilpatricktownsend.com |
| | hgaudreau@kilpatricktownsend.com |
| 8 | rbricker@kilpatricktownsend.com |

Attorneys for Plaintiff
SCEA COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SCEA COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company, | CASE NO. 11-cv-000167 SI |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| GEORGE Hotz; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100, | Date: February 9, 2011<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge: Hon. Susan Illston |
| Defendants. | |



NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY
CASE NO. 11-cv-000167 SI

1 | **NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY**

2 | TO ALL PARTIES AND THEIR COUNSEL:

3 | PLEASE TAKE NOTICE that on February 9, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Susan Illston of the United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102 in Courtroom 10, 19th Floor, Plaintiff SONY COMPUTER ENTERTAINMENT AMERICA LLC ("SCEA") hereby moves this Court for an Order for Expedited Discovery.

This motion is based upon the Memorandum of Points and Authorities herein, the accompanying Declaration of Holly Gaudreau In Support of Motion for Expedited Discovery ("Gaudreau Decl.") and exhibits thereto, and any other evidence that may be presented at or before the hearing on this motion.

By separate motion under Local Rule 6-1(b) and 6-3, SCEA moves for an Order shortening time to hear this motion due to the exigent circumstances set forth below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

SCEA is the exclusive licensed distributor in the United States of the PlayStation®3 computer entertainment system (the "PS3 System") and owner of copyrights in many original video game software titles developed to play on the PS3 System. On January 11, 2011, SCEA filed a Complaint against Defendants George Hotz ("Hotz"), Hector Martin Cantero ("Cantero") and Sven Peter ("Peter"), as well as "Doe" Defendants (collectively, "Defendants"),[1] based on, among other things, Defendants' circumvention of technological protection measures ("TPMs") in the PS3 System and their online distribution of the circumvention devices they utilized.[2] In an

---

[1] Defendants Cantero, Peter and Does 1 ("Bushing") and 2 ("Segher") formed and are members of a hacker group called Fail0verflow (collectively, the "FAIL0VERFLOW Defendants").

[2] In its Complaint, SCEA's asserts that Defendants' conduct – including trafficking in unlawful circumvention devices that facilitate piracy of video game software – violates the Copyright Act, 17 U.S.C. § 501 *et seq.*, the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.* ("DMCA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA") and a host of other common and state laws.



expeditious attempt to stop the distribution of these illicit circumvention devices, SCEA filed a motion seeking a Temporary Restraining Order ("TRO") against Hotz.[3]

On January 27, 2011, this Court granted SCEA's motion for a TRO and directed the parties to "meet and confer regarding a briefing schedule and hearing date on (1) plaintiff's motion for preliminary injunction against defendant Hotz and (2) defendant Hotz's motion to dismiss for lack of personal jurisdiction." Order Granting Plaintiff's Motion for TRO (Docket No. 51) at 2. Though the Court made an initial finding that personal jurisdiction over Hotz was appropriate because he purposefully directed his activities to California, the Court noted that through the motion to dismiss, it was permitting the jurisdictional challenges to be presented "on a fuller factual record." *Id*. SCEA and Hotz stipulated to a schedule for Hotz's motion to dismiss, agreeing to a hearing date of March 11, 2011. Hotz filed his motion to dismiss on February 2, 2011; SCEA is scheduled to file its opposition on February 18, 2011; and Hotz's reply brief is due one week later.[4] Counsel for Hotz did not agree to allow SCEA to take expedited discovery in connection with the motion to dismiss, thus SCEA was forced to file this motion. Gaudreau Decl., ¶ 3.

With this motion, SCEA seeks limited expedited discovery to enable SCEA to:

1. Obtain additional evidence of Hotz's contacts with this District and the harm to SCEA here resulting from Hotz's unlawful conduct;

2. Promptly identify each of the FAIL0VERFLOW Defendants, and their respective locations, so SCEA can expeditiously seek appropriate, effective injunctive relief from this Court; and

---

[3] SCEA did not immediately seek injunctive relief against the FAIL0VERFLOW and the Doe Defendants. These individuals have concealed their identities by, among other things, using Internet aliases and online "privacy services." For example, Does 1 and 2 (both part of the FAIL0VERFLOW group) hide their identities on the Internet by using the aliases "Bushing" and "Segher." Gaudreau Decl., ¶ 2, Exh. A.

[4] As described in the Stipulation jointly filed by SCEA and Hotz on February 1, 2011 (Docket No. 56), the parties could not reach agreement on the timing for Hotz's OSC briefing regarding preliminary injunction. Hotz proposed a separate briefing schedule for the OSC brief (to be concluded and set for hearing on February 9th or 10th), whereas SCEA understood the Court's TRO to contemplate one hearing for both motions.



    3.    Promptly determine the identities of third parties hosting and distributing the circumvention devices so that SCEA can serve them with DMCA "take down" notices and, if necessary, seek appropriate relief from this Court.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(d)(1), which expressly authorizes the relief requested here, SCEA moves for an order so that it may immediately expedite its targeted discovery. Specifically, SCEA requests that the Court order Hotz and third parties – who may either have information to help identify the infringers or may be knowledgeable about the unlawful scheme to distribute the circumvention devices – to respond to limited and targeted discovery no later than five days after service of the Court's order granting this motion. This discovery is needed for SCEA to fully oppose Hotz's motion to dismiss by February 18, 2011 in accordance with the Court's order that Hotz's jurisdictional challenges be presented "on a fuller factual record." Order Granting Plaintiff's Motion for TRO (Docket No. 51) at 2. Discovery is also needed to identify the FAIL0VERFLOW and Doe Defendants violating SCEA's intellectual property rights with impunity. Allowing this limited discovery on an expedited basis serves the interest of judicial efficiency as the culpable parties will be timely identified early on in the action, jurisdictional issues resolved, the pleadings perfected early, and any injunctive relief properly fashioned against the right persons. Without it, SCEA will be severely hindered in its ability to effectively pursue those who are illegally distributing and trafficking in devices that circumvent SCEA's PS3® System's TPMs and inducing piracy of video games.

## II. GOOD CAUSE EXISTS FOR EXPEDITED JURISDICTIONAL DISCOVERY ON HOTZ'S CONTACTS WITH CALIFORNIA AND HARM TO SCEA IN CALIFORNIA

### A. Relief From Rule 26(d)'s Hold on Discovery To Conduct Expedited Jurisdictional Discovery Is Necessary

SCEA seeks leave to conduct jurisdictional discovery so that it can present additional admissible evidence of Hotz's forum-related contacts in its opposition to Hotz's motion to dismiss, currently due on February 18, 2011. Courts apply a "flexible good

1  cause" standard to determine whether expedited discovery is warranted.  *Semitool v.*
2  *Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) ("Good cause may be
3  found where the need for expedited discovery, in consideration of the administration of
4  justice, outweighs the prejudice to the responding party.").  Although SCEA believes the
5  record evidence of Hotz's contacts with California is more than sufficient to support
6  personal jurisdiction over Hotz by this Court, SCEA is entitled to jurisdictional discovery to
7  present a fuller factual record and to rebut Hotz's contrary assertions.

8  Anticipating the need for jurisdictional discovery, SCEA sought Hotz's
9  acquiescence to such discovery before Hotz filed his Motion to Dismiss so that discovery
10 could proceed with little or no impact on the briefing and hearing of Hotz's motion.  These
11 efforts, however, were not successful as Hotz did not agree to expedited discovery.
12 Gaudreau Decl., ¶ 3.  Limited discovery of third parties is also necessary for SCEA to
13 learn more about Hotz's contacts with California and the harm he has caused here.

### B. Jurisdictional Discovery Is Regularly Granted On An Expedited Basis To Allow Parties To Develop A Full Factual Record

16 The Ninth Circuit test for authorizing jurisdictional discovery is whether "pertinent
17 facts bearing on the question of jurisdiction are controverted," or "a more satisfactory
18 showing of the facts is necessary."  *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556
19 F.2d 406, 430 n.24 (9th Cir. 1977) (vacating district court's refusal to grant jurisdictional
20 discovery); *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th
21 Cir. 1977).  The Ninth Circuit has repeatedly held that discovery normally should be
22 permitted to allow plaintiffs the opportunity to develop the factual record regarding the
23 issue of jurisdiction.  *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*,
24 328 F.3d 1122, 1135 (9th Cir. 2003) ("a remand will be necessary to allow [plaintiff] the
25 opportunity to develop the record and make a prima facie showing of jurisdictional facts");
26 *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994) (remanding to
27 district court for jurisdictional discovery due to insufficient factual record regarding
28 personal jurisdiction).



"[I]n granting [jurisdictional] discovery, the trial court is vested with broad discretion." *Data Disc*, 557 F.2d at 1285 n.1. Indeed, after surveying the Ninth Circuit law, one district court in California concluded that defendants face a "high burden" to prevent jurisdictional discovery and that "[d]iscovery should be denied only where 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 674-75 (S.D. Cal. 2001) (quoting *Wells Fargo*, 556 F.2d at 430 n.24). *See also Focht v. Sol Melia S.A.*, 2010 U.S. Dist. LEXIS 92027, at *6 (N.D. Cal. 2010) ("[T]he fact that the Ninth Circuit has adopted a prima facie standard for deciding the merits of the jurisdiction issue indicates that *a lesser showing is required in order for a plaintiff to obtain jurisdictional discovery in the first place*.") (emphasis added); *Calix Networks, Inc. v. Wi-LAN Inc.*, 2010 U.S. Dist. LEXIS 97657, at *10 (N.D. Cal. 2010) ("plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdiction discovery"); *Internet Archive v. Shell,* 2006 U.S. Dist. LEXIS 33351 (N.D. Cal. 2006) (granting motion for expedited jurisdictional discovery). Here, the Court has already found that SCEA has made out a prima facie case of personal jurisdiction, and therefore its entitlement to jurisdictional discovery is clear.

### C. Jurisdictional Discovery Is Warranted Here

Hotz is unable to meet the "high burden" needed to deny jurisdictional discovery. As set forth more fully below, SCEA only seeks limited discovery to: (1) be responsive to the Court's desire that the motion to dismiss be based on a further factual record; (2) build further evidence that sufficient contacts exist between Hotz and California and to further establish the harm to SCEA in California resulting from Hotz's unlawful conduct; and (3) rebut contrary assertions made in Hotz's motion to dismiss and supporting declarations. These reasons clearly militate in favor of jurisdictional discovery. *See, e.g.*, *Harris Rutsky*, 328 F.3d at 1135; *Data Disc*, 557 F.2d at 1285 n.1; *Wells Fargo*, 556 F.2d at 430 n.24.

///

///



### 1. The Expedited Jurisdictional Discovery Requested by SCEA Is Narrowly Tailored And Will Provide Further Evidence Supporting This Court's Exercise of Personal Jurisdiction Over Hotz

The expedited discovery that SCEA seeks here will provide additional evidence of Hotz's contacts with California and harm to SCEA in California. Moreover, it is very likely that this jurisdictional discovery will reveal additional California contacts by Hotz that he failed to disclose in his motion. *Orchid Biosciences*, *supra*, 198 F.R.D. at 674-75 (granting limited jurisdictional discovery where defendants filed a motion to dismiss based on lack of jurisdiction, explaining the "court is unpersuaded that further discovery would not reveal additional facts not contained in [defendant's] affidavit (or further define what is meant by the facts addressed in the affidavit) that might be sufficient to constitute a basis for jurisdiction.").

Specifically, along with this motion, SCEA has proposed narrowly tailored discovery requests including: (1) Requests for Production to Hotz; (2) Demand for Inspection to Hotz; (3) Interrogatories to Hotz; and (4) Subpoenas to third parties for the production of documents pertaining to Hotz's illegal activity. *See* Gaudreau Decl., ¶¶ 4-6, 8-18. Exhs. B-D, F-P. SCEA also seeks leave to take a limited deposition of Hotz on personal jurisdiction. *Id*. at ¶ 7, Exh. E. The discovery requested is necessary because SCEA disputes whether Hotz has disclosed *all* relevant facts regarding the following categories of jurisdictional discovery:

- All contacts with California by Hotz and/or any third parties working with him on the unlawful conduct at issue in this lawsuit.
- All of Hotz's communications with individuals who have used or downloaded the circumvention devices offered by Hotz.
- All conferences, forums and meetings attended by Hotz in California.
- All benefits that Hotz has received in connection with his use and distribution of the circumvention devices.
- All communications with Doe 1 Defendant ("Bushing"), an individual who likely resides in the Bay Area.

///



NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY
CASE NO. 11-cv-000167 SI - 6 -

- Any use of the PlayStation Network ("PSN"), which – after the submission of two declarations – Hotz *still* has been unable to unequivocally deny.

See Gaudreau Decl., ¶¶ 4-6, Exhs. B-D.  Jurisdictional discovery sought from third parties on an expedited basis includes, for example:

- Information from the content server host on the accessing and downloading of circumvention devices from Hotz's website.
- Information from Google concerning Hotz's discussion of his circumvention activities with others on his interactive blog.
- Information from PayPal on Hotz's PayPal account regarding financial benefits obtained by Hotz as a result of his illegal activity.
- Information from Twitter concerning Hotz's communications with others via Twitter regarding his efforts to bypass the TPMs in the PS3 System.
- Information from YouTube concerning the viewing of Hotz's video entitled "Jailbroken PS3 3.55 with Homebrew."

See Gaudreau Decl., ¶¶ 8-18, Exhs. F-P.  The discovery sought is relevant to the jurisdictional question presently before the Court because it will help establish Hotz's contacts with California and that his unlawful activity was directed to, and harm was sustained by, SCEA in this District.  SCEA's proposed discovery is tailored narrowly to address the relevant jurisdictional issue.  Accordingly, SCEA's motion for leave to propound this discovery on an expedited basis should be granted.

### III. SCEA URGENTLY NEEDS DISCOVERY TO IDENTIFY THE FAIL0VERFLOW DEFENDANTS AND THIRD PARTIES WHO ARE DISTRIBUTING CIRCUMVENTION DEVICES IN VIOLATION OF THE DMCA AND THE CFAA

#### A. Orders for Expedited Discovery Are Routinely Granted In Infringement Actions, Particularly When The True Identities of Defendants Are Unknown

Good cause also exists for SCEA to take expedited discovery to determine the identity of the FAIL0VERFLOW Defendants and third parties who are illegally distributing the circumvention devices.  Indeed, expedited discovery is routinely granted in actions involving infringement.  *See, e.g.*, *Behnam Jewelry Corp. v. Aron Basha Corp*., 1997 U.S. Dist. LEXIS 15927, *58 (S.D.N.Y. 1997) (granting motion for expedited discovery in copyright infringement action); *Semitool*, 208 F.R.D. at 276 (good cause is "frequently found in cases involving claims of infringement and unfair competition.").  Expedited



NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY
CASE NO. 11-cv-000167 SI                                                                                              - 7 -

discovery is particularly warranted where – as here – the true identities of the infringers need to be determined so that a copyright owner can take appropriate action against them to stop the infringement. *See, e.g., Capitol Records, Inc. v. Doe*, 2007 U.S. Dist. LEXIS 97702, *3 (S.D. Cal. 2007) (granting expedited discovery to identify Doe defendants because "without such discovery, plaintiffs . . . cannot pursue their lawsuit to protect their copyrighted works from infringement."); *Arista Records, LLC v. Does 1-12*, 2008 U.S. Dist. LEXIS 82548, *3 (E.D. Cal. 2008) (allowing expedited discovery in copyright infringement case). Here, these same considerations warrant granting SCEA's motion.

### B. SCEA Seeks Narrowly Tailored Discovery On Hotz And Third Parties Concerning The Identity of Culpable Individuals

Good cause further justifies SCEA's request because the discovery has been carefully limited to minimize any burden on third parties. Permitting discovery to proceed on an expedited basis imposes no hardship on Hotz or the third parties since they merely have to disclose, albeit earlier than otherwise, information pertaining to the identity of those involved in the illegal conduct. In contrast, there is a substantial risk that without such early discovery, SCEA will be damaged because it is unable to identify the culpable parties whom it needs to apprise of suit and take appropriate action against.

In granting a motion for expedited discovery in a copyright infringement case, the Northern District in *UMG Recordings, Inc. v. Doe,* 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. 2008) explained why the order was necessary:

> Looking first at 'the administration of justice,' without expedited discovery, plaintiffs absolutely cannot identify defendant, which means this matter cannot proceed forward, and plaintiffs will continue to suffer ongoing, continuous injury due to defendant's illegal activities. Looking at the prejudice to defendant, there is none, as plaintiffs' request is extremely narrow, seeking only to identify defendant's contact information in order to advise it of suit and possibly resolve this matter without additional litigation.

2008 U.S. LEXIS 79087 at *16. Likewise here, the "administration of justice" favors granting this motion because SCEA is sustaining harm as a result of Hotz's and other



NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY
CASE NO. 11-cv-000167 SI                                                                              - 8 -

culpable entities' distribution of the circumvention devices in violation of the DMCA. *Id.* Indeed, the discovery sought by SCEA is narrow in scope to capture relevant evidence only and minimize any burden on Hotz and third parties. SCEA's categories of discovery requests include, for example:

- Hotz's communications with the FAIL0VERFLOW Defendants and others regarding his illegal activity.
- Information from PayPal for identifying information for the FAIL0VERFLOW Defendants and other infringers.
- Information from Twitter for information concerning the FAIL0VERFLOW Defendants and other infringers' postings regarding circumvention devices.

*See* Gaudreau Decl. at ¶¶ 4-6, 8-18. Exhs. B-D, F-P.

## IV. CONCLUSION

Expedited and targeted discovery is necessary for SCEA to: (1) further develop evidence of Hotz's contacts with California and the harm to SCEA here resulting from Hotz's unlawful conduct so that it can properly oppose Hotz's motion to dismiss; and (2) identify the FAIL0VERFLOW Defendants and other culpable entitites so appropriate action can be taken against them for the distribution of the illegal circumvention devices. The discovery sought by SCEA is narrowly tailored and limited to the issues pertaining to personal jurisdiction over Hotz and the identification of other infringers. Good cause exists warranting this discovery on an expedited basis. Accordingly, SCEA respectfully requests that the Court grant its motion for expedited discovery.

DATED: February 4, 2011     Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/*James G. Gilliland, Jr.*
    JAMES G. GILLILAND, JR.

Attorneys for Plaintiff
SCEA COMPUTER ENTERTAINMENT AMERICA LLC

63097529 v1



NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY
CASE NO. 11-cv-000167 SI                                                                                                - 9 -