# EXHIBIT D
# TO THE DECLARATION OF HOLLY GAUDREAU IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY

KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
TIMOTHY R. CAHN (State Bar No. 162136)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
HOLLY GAUDREAU (State Bar No. 209114)
RYAN BRICKER (State Bar No. 269100)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jgilliland@kilpatricktownsend.com
tcahn@kilpatricktownsend.com
mboroumand@kilpatricktownsend.com
hgaudreau@kilpatricktownsend.com
rbricker@kilpatricktownsend.com

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,<br><br>Defendants. | Case No. 11-cv-00167 SI<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT GEORGE HOTZ [Nos. 1-9]**<br><br>**JURISDICTIONAL DISCOVERY**<br><br>**EXPEDITED RESPONSE REQUESTED**<br><br>Judge: Hon. Susan Illston |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Sony Computer Entertainment America LLC ("SCEA") requests that Defendant George Hotz respond to these interrogatories within five (5) days from the service hereof. Unless otherwise agreed between the parties, the responses shall be produced to Kilpatrick Townsend and Stockton LLP, Two Embarcadero Center, 8th Floor, San Francisco, California 94111.

**DEFINITIONS**

1. The term "YOU" or "YOUR" means George Hotz and any agents, attorneys, employees, representatives or anyone else acting or purporting to act on YOUR behalf or under YOUR control.

2. The term "SCEA" means plaintiff Sony Computer Entertainment America LLC.

3. The term "COMPLAINT" means the complaint filed by SCEA against YOU on January 11, 2011.

4. The term "DOCUMENT" is used in its customarily broad sense within the context of the Federal Rules of Civil Procedure and includes all documents as defined in Fed. R. Civ. P. 34 and, without limitation, each original, or a copy or microfilm in the absence of the original, and every copy bearing notes or markings not present on the original or copy, letters, memoranda, drafts, notes, notebooks, translations, data compilations, reports, e-mails, computer disks, publications, computer printouts, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by SCEA through detection devices into a reasonably usable form. The term "DOCUMENT" also refers to any tangible object such as, but not limited to, prototypes, models and specimens.

5. The term "COMMUNICATION" means every manner or method of disclosure or transfer or exchange of information, whether orally, electronically, or by document, and whether face-to-face, by telephone, mail, facsimile, electronic mail, videoconference, or internet communications.

6. The term "PS3 SYSTEM" refers to the PlayStation®3 computer entertainment system.

7.  The term "CIRCUMVENTION DEVICES" refers to any circumvention technology, product, service, method, code, software tool, device, component or part thereof that circumvents the technological protection measures ("TPMs") in the PS3 SYSTEM, including but not limited to the Elliptic Curve Digital Signature Algorithm Keys, encryption and/or decryption keys, 3.55 Firmware Jailbreak, dePKG Firmware Decrypter, Signing Tools, root keys, and/or Fail0verflow tools and/or any other technologies that enable unauthorized access to and/or copying of the PS3 SYSTEM and other copyrighted works that are accessible through or compatible with the PS3 SYSTEM.

8.  The term "STORAGE SYSTEMS" refers to any data storage medium, physical, virtual, or otherwise, including but not limited to local storage mediums, portable media, and/or virtual, networked, Internet-based, shared, and/or server-based storage mediums.

9.  The term "FAIL0VERFLOW DEFENDANTS" refers to Defendants Hector Martin Cantero, Sven Peter, Doe Defendant 1 ("Bushing") and Doe Defendant 2 ("Segher").

10. The term "PERSON" includes natural persons as well as corporations, partnerships, proprietorships and unincorporated associations.

11. The term "RELATED TO" shall mean refer, concern, summarize, demonstrate, constitute, evidence, reflect, contain, study, analyze, consider, explain, mention, show, discuss, describe, memorialize, contradict or comment upon.

12. To "IDENTIFY" a PERSON:
    a.  when used with respect to a natural person means to state his or her full name, present or last known address (specify which) and, where applicable, present or last known employer or address thereof, and present or last known job, position or title of that individual.
    b.  when used with respect to an entity or any other person means to state the full name thereof, present or last known address (specify which), date, state and county of organization, the name under which it was organized and the name of the chief executive officer or person holding a comparable position.

13. To "IDENTIFY" a COMMUNICATION means to furnish a statement of the title of or other means of identification of each such COMMUNICATION; the date of each such COMMUNICATION; the PERSON making the COMMUNICATION; the recipient of each such COMMUNICATION; the location where such COMMUNICATION occurred and/or the present location of any and all copies of each such COMMUNICATION; and the names and addresses of all PERSONS who have custody, control or possession of such COMMUNICATION or copies.

14. The use of the singular form of any word includes the plural and vice-versa. "And," or "or" or "and/or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "any" shall include the word all, and vise versa. The term "each" shall mean each and every.

## INSTRUCTIONS

1. These interrogatories seek responses that are accurate as of the date they are given, and are continuing so that any additional information responsive to these interrogatories that YOU learn at any time shall be timely furnished to SCEA in supplemental responses.

2. In responding to these interrogatories, please furnish all information known or available to YOU, including information in the possession of YOUR attorneys, other PERSONS directly or indirectly employed or retained by YOU, including but not limited to, YOUR agents, employees, representatives, investigators or anyone else acting or purporting to act on YOUR behalf or under YOUR control.

3. If any interrogatory cannot be responded to in full, respond to the extent possible, specify the reasons for the inability to respond to the remainder and state whatever information, knowledge or belief YOU have concerning the unanswered portion.

4. If a claim of privilege is made, YOU are requested to specify the grounds on which such claim is based and to identify the information subject to the claimed privilege.

///

///

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY by date and geographic location each instance in which YOU accessed the PlayStation Network and the PS3 SYSTEM that you used to access the PlayStation Network during those instances.

**INTERROGATORY NO. 2:**

IDENTIFY by date each instance in which YOU entered California between January 1, 2007 and the present, and describe the reason for each of those visits, including but not limited to any conferences, meetings, workshops, speaking engagements, interviews, seminars, forums, and/or other events in which YOU participated or attended.

**INTERROGATORY NO. 3:**

IDENTIFY all PERSONS located, headquartered or conducting business or work in California for whom YOU have provided any services for hire, whether paid or unpaid, including but not limited to all employers, contractors, and/or any PERSONS for whom YOU have provided consulting services.

**INTERROGATORY NO. 4:**

IDENTIFY all COMMUNICATIONS between YOU and any PERSONS between January 1, 2010 and the present RELATED TO SCEA or its affiliates, the PS3 SYSTEM (including its Other OS feature and its keys) or the CIRCUMVENTION DEVICES.

**INTERROGATORY NO. 5:**

IDENTIFY all PERSONS to whom YOU provided, distributed and/or offered the CIRCUMVENTION DEVICES.

**INTERROGATORY NO. 6:**

State when and how YOU provided, distributed or offered CIRCUMVENTION DEVICES to each PERSON identified in response to Interrogatory No. 5 including to what address (email or otherwise) YOU provided the CIRCUMVENTION DEVICES.

///

///

**INTERROGATORY NO. 7:**

IDENTIFY all STORAGE SYSTEMS YOU use or have used to store or transmit the CIRCUMVENTION DEVICES.

**INTERROGATORY NO. 8:**

IDENTIFY the FAIL0VERFLOW DEFENDANTS.

**INTERROGATORY NO. 9:**

IDENTIFY any PERSON furnishing information for YOUR response to these interrogatories, designating the number of the interrogatory for which that PERSON furnished information.

DATED: February 4, 2011

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: ________________________
JAMES G. GILLILAND, JR.

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

63139395 v1