1  STEWART KELLAR, State Bar #267747
   E-ttorney at Law™
2  148 Townsend St., Suite 2
   San Francisco, CA  94107
3  Telephone: (415) 742-2303
   Email:  stewart@etrny.com

4  Attorney for Defendant
   GEORGE HOTZ
5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN FRANCISCO DIVISION**

11 | SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company, | **CASE No.:  CV 11-00167 SI** |
12 | | |
   | | **NOTICE OF MOTION AND MOTION FOR HEARING ON TEMPORARY RESTRAINING ORDER** |
13 | Plaintiff, | |
14 | v. | |
15 | GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100, | |
16 | | Date: February 10, 2011
Time: 9:00 a.m. |
17 | Defendants. | Courtroom: 10, 19th Floor
Judge: Hon. Susan Illston |

18

19

20

21

22

23

24

25

26

27

28

                                    1
NOTICE OF MOTION AND MOTION FOR HEARING ON TEMPORARY RESTRAINING ORDER
Case No. 11-cv-00167 SI

# NOTICE OF MOTION AND MOTION FOR HEARING ON TEMPORARY RESTRAINING ORDER

Without consenting to personal jurisdiction, now comes Mr. George Hotz by and through his attorney of record specially appears and respectfully moves this Court for a Hearing of the Court's January 27, 2011 Order (Dkt. No. 50) granting Plaintiff's ex parte Motion for Temporary Restraining Order ("TRO"). The undersigned bring this motion for hearing because the TRO requires a hearing on the merits of the TRO itself. Accordingly, movant asks the Court to grant this Motion for Hearing and hold a TRO hearing on February 10, 2011.

## ARGUMENT

### I. THE TEMPORARY RESTRAINING ORDER WAS ISSUED WITHOUT A HEARING ON THE RESTRAINING ORDER ITSELF.

"The entry or continuation of an injunction requires a hearing. Only when the facts are not in dispute, or when the adverse party has waived its right to a hearing, can that significant procedural step be eliminated." *Charlton v. Estate of Charlton*, 841 F2d 988, 989 (9th Cir 1988). The Temporary Restraining Order entered requires a hearing. The facts are sharply in dispute and Mr. Hotz has not waived his right to a hearing. That hearing was not had. Although a hearing was held on January 14, 2011, the hearing was limited to the question of personal jurisdiction over Mr. Hotz and neither the merits of the TRO nor its terms were points of discussion. The absence of a hearing on this matter has had the prejudicial effect of preventing Mr. Hotz the right to a hearing on the overbroad and vague nature of the TRO, as discussed below.

The January 14 hearing transcript makes it clear that the merits of the TRO were not discussed because the preliminary question of personal jurisdiction was at issue.

> **THE COURT**: I don't mean continually to be kicking the can down the road . . . I'm not going to decide the TRO question until I have a better handle on the jurisdiction.

Hrg. Tanscript 4:15-16. Later, the Court indicated that the merits of the TRO itself were not being discussed at the hearing.

**MR. GILLILAND**: Any questions on the merits, Your Honor, or on the remedy?

**THE COURT**: No. I really was focused on the jurisdictional issue.

Hrg. Transcript 10:22-25.  Mr. Hotz's counsel then demonstrated his understanding that the hearing was not related to the merits of the TRO, and the Judge did not disagree.

**MR. KELLAR**: . . . although I know we're not getting to the merits of the TRO today, we feel that it should not issue.

**THE COURT:** Okay. I know, I wanted to ask you, Mr. Gilliland, there are Doe defendants in this case, of course, but Mr. Hotz is somebody whose name you knew right off the bat.

Hrg. Transcript 16:9-15.

## II. CONCLUSION

All the foregoing demonstrates that a hearing was not held on the merits of the TRO.  Because the facts are in dispute and Mr. Hotz has not waived his right to a hearing, a hearing on the TRO should be held before the full effect of the Order are imposed on Mr. Hotz, namely, the Impoundment Order therein.

Movant respectfully moves this court for a hearing on the TRO Order on Thursday February 10, 2011.

DATED:  February 8, 2011            Respectfully Submitted,

                                   /s/ Stewart Kellar_____
                                   STEWART KELLAR

                                   Attorney for Defendant
                                   GEORGE HOTZ

**CERTIFICATE OF SERVICE**
[C.C.P. §§ 1011 and 1013, C.R.C.§ 2008, F.R.C.P. Rule 5, F.R.A.P. 25]

I declare that I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is 148 Townsend Street, Suite 2, San Francisco, CA 94107. On the date set forth below, I served a true and accurate copy of the document(s) entitled:

- **MOTION FOR HEARING ON TEMPORARY RESTRAINING ORDER**
- **MOTION FOR AN ORDER SHORTENING TIME FOR HEARING MOTION FOR HEARING ON TEMPORARY RESTRAINING ORDER**
- **DECLARATION OF STEWART KELLAR IN SUPPORT OF MOTION FOR AN ORDER SHORTENING TIME FOR HEARING MOTION FOR HEARING ON TEMPORARY RESTRAINING ORDER**
- **[PROPOSED] ORDER GRANTING MOTION TO SHORTEN TIME**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

KILPATRICK TOWNSEND & STOCKTON LLP
RYAN T. BRICKER. (State Bar No. 269100)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: rbricker@kilpatricktownsend.com
Attorney for Plaintiff

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: February 8, 2011                    _____/s/ Stewart Kellar_____

                                            Stewart Kellar