# EXHIBIT A

TO

STIPULATION AND [PROPOSED] ORDER RE: PRELIMINARY INJUNCTION AND HEARING ON MOTION TO DISMISS

KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
TIMOTHY R. CAHN (State Bar No. 162136)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
HOLLY GAUDREAU (State Bar No. 209114)
RYAN BRICKER (State Bar No. 269100)
Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: jgilliland@kilpatricktownsend.com
tcahn@kilpatricktownsend.com
mboroumand@kilpatricktownsend.com
hgaudreau@kilpatricktownsend.com
rbricker@kilpatricktownsend.com

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,<br><br>Defendants. | Case No. C 11-167 SI<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Susan Illston |



On January 11, 2011, Plaintiff Sony Computer Entertainment America LLC ("SCEA") filed a Complaint against Defendants George Hotz ("Defendant Hotz"), Hector Martin Cantero, Sven Peter and Doe Defendants 1 through 100.

SCEA has alleged that each Defendant, individually and in concert with the other Defendants, has: (1) circumvented effective technological protection measures ("TPMs") employed by SCEA to protect against unauthorized access to and/or copying of SCEA's proprietary PlayStation®3 computer entertainment systems ("PS3 System"), and other copyrighted works; and (2) trafficked in circumvention technology, products, services, methods, codes, software tools, devices, components or part thereof, including but not limited to the Elliptic Curve Digital Signature Algorithm ("ECDSA") Keys, encryption and/or decryption keys, dePKG firmware decrypter program, Signing Tools, 3.55 Firmware Jailbreak, and/or any other technologies that enable unauthorized access to and/or copying of PS3 Systems and other copyrighted works.

SCEA has alleged that Defendants have violated the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. §1201, *et seq*.; the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq*.; and has alleged contributory copyright infringement arising out of the Copyright Act, 17 U.S.C. §501, *et seq*.; as well as related state and common law claims for violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, *et. seq*., breach of contract, tortious interference with contractual relations, trespass and common law misappropriation.

On January 11, 2011, pursuant to Fed. Civ. P. 65, Civil Rules 65-1 and 7-10, SCEA moved *ex parte* on its claims for violation of the DMCA and CFAA against Defendant Hotz for a Temporary Restraining Order ("TRO"), an Order to Show Cause why a preliminary injunction should not issue, and an Order of Impoundment (17 U.S.C. § 1203 (b) (2)). Following notice to Defendant Hotz, this matter was heard on January 14, 2011. On January 27, 2011, the Court granted the Temporary Restraining Order [Docket Nos. 50 and 51]. A further hearing on SCEA's motion for a Temporary Restraining Order, and

Defendant Hotz's Motion for Reconsideration, Response to Order to Show Cause, and Motion for Hearing on Temporary Restraining Order was held on February 10, 2011.

Having considered all the papers and arguments, the Court finds that SCEA has shown a likelihood of success on the merits of its claims for violation of the DMCA, and that it will suffer irreparable harm unless Defendant Hotz's violations are enjoined. The Court also finds that a Preliminary Injunction is necessary to prevent immediate and irreparable injury and to preserve the status quo. The Court further finds that the balance of equity and interests of justice support granting such relief. Accordingly, the Court enters the following order:

**PRELIMINARY INJUNCTION**

IT IS HEREBY ORDERED that Defendant Hotz and his officers, employees, attorneys and representatives, and all other persons or entities in privity or acting in concert or participation with Defendant Hotz, be enjoined from:

1. Offering to the public, posting online, marketing, advertising, promoting, installing, distributing, providing, or otherwise trafficking in any circumvention technology, products, services, methods, codes, software tools, devices, components or part thereof, including but not limited to the Elliptic Curve Digital Signature Algorithm ("ECDSA") Keys, encryption and/or decryption keys, dePKG firmware decrypter program, Signing Tools, 3.55 Firmware Jailbreak, root keys, and/or any other technologies that enable unauthorized access to and/or copying of the PS3 System and/or enable compatibility of unauthorized copies of other copyrighted works with the PS3 System (hereinafter, "Circumvention Devices").

2. Providing links from any website to any other website selling, offering for sale, marketing, advertising, promoting, installing, importing, exporting, offering to the public, distributing, providing, posting, or otherwise trafficking in any Circumvention Devices.

3. Engaging in acts of circumvention of TPMs in the PS3 System to access, obtain, remove, or traffic in copyrighted works.



4. Engaging in unauthorized access to the PS3 System or the PlayStation Network ("PSN") in order to obtain, access, or transmit any program, code, information or command therein.

5. Publishing, posting, or distributing any information, code, program, instructions, video, or other material obtained by circumventing TPMs in the PS3 System or by engaging in unauthorized access to the PS3 System or the PSN.

6. Assisting, facilitating or encouraging others to engage in the conduct set forth above in 1-5.

IT IS FURTHER ORDERED that Defendant Hotz, his officers, employees, attorneys or representatives, and any and all other persons acting in concert or participation with Defendant Hotz, with notice of this Order, shall preserve, and not destroy, erase, delete, dispose of, or alter any documents or records, in whatever format, including electronic documents, computer files, computer discs and drives, that relate to, reflect, record, or contain any information regarding the manufacture, distribution, promotion, marketing, advertising, purchase, sale, offer to sell, trafficking, import, export, installation, payment, storage, and/or shipment of any and all of the Circumvention Devices, or any communications with any party concerning the manufacture, distribution, promotion, marketing, advertising, purchase, sale, offer to sell, trafficking, import, export, installation payment, storage, and/or shipment of any and all of the Circumvention Devices.

IT IS FURTHER ORDERED that Defendant Hotz is required to deliver his computers, hard drives, CD-roms, DVDs, USB sticks, and any other storage devices on which any Circumvention Devices are stored (but not his Sony PS3 consoles) to a third party neutral selected by the parties for the purpose of isolating, segregating and/or removing the information on those devices related to Defendant Hotz's circumvention of the TPMs in the PS3 System. Defendant Hotz's devices shall be promptly returned to him after the information has been segregated and removed from those devices. The logistics and protocol for this impoundment shall be worked out by the parties with Magistrate Judge Spero.



IT IS FURTHER ORDERED that the $10,000.00 posted by SCEA on January 27, 2011 as security for the Court's issuance of the Temporary Restraining Order shall suffice for this Preliminary Injunction.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect during the pendency of this case unless otherwise stipulated to by the parties or ordered by the Court.

IT IS SO ORDERED.

DATED: ________________

______________________________
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

63156887 v1

