February 18, 2011

***VIA HAND DELIVERY AND EMAIL***
***AT JCSpo@cand.uscourts.gov***

Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Sony Computer Entertainment America LLC v. Hotz, et al.,*
             Case No. C-11-00167 SI (N.D. Cal)

Dear Judge Spero:

      Pursuant to the Court's February 14, 2011 Order [Docket No. 80], plaintiff Sony Computer Entertainment America LLC ("SCEA") and Defendant George Hotz respectfully submit this joint letter regarding the remaining outstanding disputes relating to jurisdictional discovery.

**A.     Case Background**

      On January 11, 2011, SCEA filed a complaint against Mr. Hotz and others for alleged violation of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. §1201), the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. §1030), the Copyright Act (17 U.S.C. §501), California's Computer Crime Law (Penal Code §502), and other state laws with respect to SCEA's PlayStation®3 computer entertainment system ("PS3 System") [Docket No. 1]. SCEA also moved for a Temporary Restraining Order against Mr. Hotz based on its claims under the DMCA and CFAA. [Docket No. 2]. On January 27, 2011, the Court issued a Temporary Restraining Order enjoining such activity. [Docket No. 50]. The parties also submitted limited briefing on the question of whether the Court has personal jurisdiction over Mr. Hotz. [Docket Nos. 32, 46, 47] On February 2, 2011, Mr. Hotz filed a Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"). [Docket No. 51]. SCEA subsequently moved to take expedited, targeted discovery prior to the deadline for its Opposition to the Motion to Dismiss. [Docket No. 62]. Among the discovery sought by SCEA for jurisdictional purposes are Requests

Magistrate Judge Joseph C. Spero
February 18, 2011
Page 2

for Production, Interrogatories, an Inspection Demand to inspect Mr. Hotz's PS3 System and computers, a Notice of Deposition, as well as third party subpoenas to ascertain Mr. Hotz's forum related contacts with California.

**B.      Meet and Confer On Discovery**

Pursuant to the Court's order, on February 14, 2011, counsel for the parties met and conferred in person for approximately three hours in an attempt to resolve any disputes on what jurisdictional discovery SCEA should be permitted to take in advance of its Opposition to the Motion to Dismiss.  The parties made significant progress during this meeting.  SCEA agreed to narrow many of its Requests for Production, Interrogatories, its Inspection Demand, and third party subpoenas.  SCEA also agreed to hold off propounding certain discovery altogether until a later date.  Attached as Exhibit A is a list of the agreed upon jurisdictional discovery.  The parties agreed to a deadline of March 7, 2011 for Mr. Hotz's responses to SCEA's discovery.  The parties also agreed to reschedule the Motion to Dismiss hearing for April 8, 2011, with SCEA's opposition and Mr. Hotz's reply being due on March 18, 2011 and March 25, 2011, respectively. The parties have filed a stipulation with the Court to this effect.

**C.      Areas of Dispute**

The parties were unable to reach agreement on the following issues:

**1.      Service of PayPal Subpoena**

**a)  SCEA's Position**

SCEA seeks to serve a subpoena on PayPal, Inc. regarding Mr. Hotz's PayPal account. *See* Exhibit B.  In particular, SCEA seeks "Documents sufficient to show all credit and debit transactions, occurring on or after January 1, 2009, related to any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address."  SCEA also seeks "Documents sufficient to identify the source of all funds deposited into any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address."  PayPal, Inc. is a company based in the Northern District of California.  Mr. Hotz's use of PayPal is relevant to establishing his forum related activities.  SCEA is entitled to determine what financial benefits Mr. Hotz has received from individuals residing in California in relation to his circumvention of the technological protection measures in the PS3 System.  The subpoena is not overbroad as it restricts the time frame from January 1, 2009 to the present, approximately one year prior to the time that Mr. Hotz initially hacked the PS3 System.  SCEA has also propounded a Request for Production for Mr. Hotz's PayPal information pertaining to the PS3 Systems, but it is not clear whether Mr. Hotz currently has all of this information in his possession. Certainly, too, SCEA is entitled to verify the veracity of any information produced by Mr. Hotz by subpoenaing PayPal, a third party who possesses complete records.  Such discovery poses no burden on Mr. Hotz.

### b)  Mr. Hotz's Position

SCEA stated that it would seek to subpoena from PayPal "all credit and debit transactions, occurring on or after January 1, 2009, related to. . . geohot@gmail.com." Mr. Hotz believes this subpoena is overbroad as it is not narrowly tailored to the issue of jurisdictional discovery.  Because SCEA Request for Production of Documents No. 9 already asks for PayPal transactions related to PS3 systems, the PayPal Subpoena for "all credit and debit transactions" is cumulative, duplicative and unnecessary.  Such discovery burdens Mr. Hotz's privacy interest in his financial records.  A Request for Production of Documents or an Interrogatory regarding Paypal transactions to Mr. Hotz from individuals or businesses in California would be an appropriate alternative to an overreaching subpoena of Mr. Hotz's complete Paypal transaction records.  SCEA has not put forth any evidence or other information that would lead to a conclusion that Mr. Hotz will not be completely forthcoming in his responses to written discovery.

### 2.      Consent to Twitter

### a)  SCEA's Position

During the meet and confer, counsel for Mr. Hotz agreed to obtain written consent to facilitate Twitter's production of copies of any Tweets posted by Mr. Hotz from January 1, 2009 to the present.   Because of Twitter's policy, this consent must be in writing.

### b)  Mr. Hotz's Position

Counsel for Mr. Hotz does not recall agreeing to affirmatively facilitate Twitter's production of copies of any Tweets posted by Mr. Hotz, nor has counsel for Mr. Hotz objected to SCEA's desire to subpoena records of Mr. Hotz's Twitter posts.  SCEA may subpoena those records without objection from Mr. Hotz.

### 3.      Deposition of Mr. Hotz

### a)  SCEA's Position

SCEA is entitled to take Mr. Hotz's deposition for jurisdictional discovery.  Mr. Hotz has already submitted two declarations on the topic of personal jurisdiction.  His declarations are carefully worded in certain respects, particularly with regard to Mr. Hotz's use of the PlayStation Network ("PSN").  The use of the PSN is relevant because the PSN User Agreement contains a forum selection clause subjecting the user to jurisdiction in California.  SCEA is entitled to cross-exam Mr. Hotz on his declarations and uncover Mr. Hotz's contacts with California.

SCEA agreed to review Mr. Hotz's discovery responses and then decide whether it wishes to proceed with the deposition of Mr. Hotz for purposes of jurisdictional discovery. Should SCEA decide to take Mr. Hotz's deposition, SCEA has agreed to cover any travel expenses for a deposition in California.

### b) Mr. Hotz's Position

Counsel for Mr. Hotz has already demonstrated Mr. Hotz's willingness to be fully forthcoming in all written discovery and SCEA has not demonstrated otherwise. Mr. Hotz will be responding to Document Requests, Interrogatories, and will be submitting his Sony Playstation computer for inspection, which counsel for SCEA stated at the meet and confer session will enable their forensic investigators to determine whether Mr. Hotz has accessed the PSN or agreed to the PSN Terms of Service. Deposing Mr. Hotz would therefore be cumulative, duplicative, burdensome and expensive.

SCEA's counsel stated at our meeting that SCEA would pay for Mr. Hotz's travel expenses to be deposed in San Francisco but will not pay for court reporter fees, including copies of the deposition transcript. The cost of a court reporter and the deposition transcript alone, regardless of travel costs, is burdensome and prohibitively expensive to Mr. Hotz, as SCEA has been made aware by Mr. Hotz's counsel. Written discovery in the form of Document Production, Interrogatories, and the above-referenced Inspection Demand is less burdensome and less expensive for all parties involved.

Counsel for SCEA states that SCEA would only seek Mr. Hotz's deposition upon review of Mr. Hotz's discovery responses. The review SCEA contemplates does not regard thoroughness of responses, but whether those responses provide information bolstering SCEA's jurisdiction claim. If the responses do not provide the "smoking gun," although Mr. Hotz has been fully forthcoming with written discovery, SCEA will seek to conduct a burdensome and expensive deposition, forcing Mr. Hotz to travel to the other side of the country. Because the taking of Mr. Hotz's deposition would be cumulative, duplicative, burdensome and expensive, and because SCEA has not demonstrated how a deposition would provide information that other forms of written discovery or inspection would not, SCEA should not be permitted to take Mr. Hotz's deposition for jurisdictional discovery.

### 4. Inspection Demand

#### a) SCEA's Position

Defendant Hotz agreed to allow Inspection Demand No. 1 (All PS3 System consoles in YOUR possession, custody or control) to go forward for purposes of jurisdictional discovery. SCEA agreed to temporarily hold off moving forward with Inspection Demand Nos. 2-4 relating

to Mr. Hotz's computers.  However, SCEA believes that the impounded devices are highly likely to contain evidence relevant to the jurisdictional dispute between the parties.

To date, the parties have selected a third party neutral to impound Mr. Hotz's devices. The impoundment took place today and the devices are currently stored at the neutral's facility in New Jersey.  The parties and the third party neutral will work together to develop a protocol for the isolation, segregation and removal of information on the devices related to the circumvention of the technological protection measures in the PS3 System.  Per the Court's order, the protocol will be agreed upon by Monday, February 28, 2011 and executed at that time.

Because there is a high likelihood that other relevant information relating to jurisdictional issues is contained on the impounded devices, SCEA has proposed that the third party neutral segregate and capture any material related to jurisdiction as part of the impoundment protocol. SCEA believes that it would be most efficient to have all of this material segregated and captured at once as part of the impoundment protocol so that the discovery is turned over in time for SCEA to oppose the Motion to Dismiss.  For example, the impounded devices may contain emails related to jurisdiction and any PS3 System materials including any PS3 instruction or warranty manuals or other materials such as software, distributed by SCEA that would show contacts with SCEA in California.  SCEA should then be allowed to review any jurisdictional material therein prior to its deadline for responding to the Motion to Dismiss.  The details of the protocol will need to be worked in the coming week for the appropriate search and capture of this material.

### b)  Mr. Hotz's Position

SCEA's request to allow the third party neutral to inspect Mr. Hotz' impounded drives for purposes of segregating and capturing "relevant material" is unacceptable.  Inspection of Mr. Hotz's drives for "relevant material" is overbroad, and SCEA has already agreed not to demand inspection of Mr. Hotz's drives for purposes of jurisdiction discovery.  The third party neutral is not in a position to determine what is or is not relevant to the current jurisdictional discovery matters and inspection of Mr. Hotz's drives is not the purpose of the Impoundment Order.

Further, this Court has stated that parties are to split the costs of impoundment.  Costs of impoundment are already highly burdensome, with costs starting at $285/hr (up to $400/hr) for the neutral's services.  The costs associated with the third party neutral performing further searches unrelated to the impoundment order would only increase that burden.  If there are materials relevant to SCEA's written jurisdictional discovery requests found only on the impounded drives, and unavailable from any other source, Mr. Hotz will make such a statement in his discovery responses and those documents will then be accessed and produced by Mr. Hotz after the drives have been "promptly returned" to Mr. Hotz, per the Impoundment Order.

The search protocol for the impoundment process is scheduled to occur on February 28, 2011 at which point the drives will be "promptly returned" to Mr. Hotz who can then propound

Magistrate Judge Joseph C. Spero
February 18, 2011
Page 6

discovery responses that require access to the impounded drives, if any.  SCEA's Opposition to
Mr. Hotz's Motion to Dismiss is due March 18, 2011 leaving SCEA's five attorneys of record
more than two weeks to draft a brief.  Further, the combining of Impoundment with Inspection
was rejected at our initial meeting.  SCEA's request for a search of Mr. Hotz's drives for
"relevant material" amounts to a third party inspection of Mr. Hotz's drives and should not be
permitted for jurisdiction discovery.

      Thank you very much for your time and consideration.

      Respectfully submitted,

Kilpatrick Townsend & Stockton LLP      Stewart Kellar, E-Attorney At Law

By: */s/ James G. Gilliland, Jr.*      By: */s/ Stewart Kellar*
      James G. Gilliland, Jr.      Stewart Kellar
      Counsel for Plaintiff Sony Computer      Counsel for Defendant George Hotz
      Entertainment America LLC

63163648 v1

# EXHIBIT A

## LIST OF AGREED UPON DISCOVERY

**Requests for Production to Hotz**

Mr. Hotz agreed to respond to Request Nos. 1, 2, 8, 10, 13-16, 18, 25, and 30 as originally propounded.  SCEA agreed to hold off propounding Request Nos. 17, 20, 24, 27-29, but reserves the right to propound these requests at a later date.  [See Docket No. 62-3 at pp. 6-9]

SCEA also agreed to modify Request Nos. 3-7, 9, 11-12, 19, 21-23 and 26 as set forth below, and Mr. Hotz agreed to respond to them as modified:

No. 3  All COMMUNICATIONS between YOU and any PERSON through YOUR website at www.geohot.com RELATED TO CIRCUMVENTION DEVICES.

No. 4  Any Internet Relay Chat (IRC) discussions, logs, channel and chat descriptions RELATED TO CIRCUMVENTION DEVICES between YOU and any PERSON.

No. 5  DOCUMENTS sufficient to IDENTIFY any PERSON to whom YOU personally distributed CIRCUMVENTION DEVICES.

No. 6  All DOCUMENTS RELATED TO YOUR attendance at any conferences, meetings, workshops, forums, speaking engagements, interviews, seminars and/or events in California from January 1, 2009 to the present, including but not limited to any materials that YOU provided at such conferences, meetings, workshops, forums, speaking engagements, interviews, seminars and/or events.

No. 7  All DOCUMENTS RELATED TO any donations or other benefits that YOU have received from January 1, 2009 to the present RELATED TO YOUR use and/or offering to the public, distribution, promotion, and/or posting of CIRCUMVENTION DEVICES.

No. 9  Copies of YOUR PayPal account statements reflecting or showing any payments of money RELATED to the PS3 SYSTEM and/or CIRCUMVENTION DEVICES from January 1, 2009 to the present.

No. 11 DOCUMENTS sufficient to show YOUR visits to California from January 1, 2009 to the present.

No. 12  All DOCUMENTS RELATED TO any of YOUR professional services, consulting or financial contacts with California.

No. 19  All COMMUNICATIONS RELATED TO SCEA between YOU and any PERSON prior to January 11, 2011.

Nos. 21-23    You agreed to stipulate that Mr. Hotz is a party to the standard terms and conditions of service for Google, YouTube and Twitter.  You also agreed to identify any other contract with these entities to which Mr. Hotz is a party (e.g., Google Ad Sense, YouTube Partner Program).

No. 26  All COMMUNICATIONS between YOU and "Bushing."

**Interrogatories to Hotz**

Mr. Hotz agreed to respond to Interrogatory Nos. 1, 3, 6, 8, and 9 as originally propounded.  [See Docket No. 62-5 at pp. 2-7]

SCEA agreed to modify Interrogatory Nos. 2, 4-5, and 7, as set forth below, and Mr. Hotz agreed to respond to them as modified:

No. 2  IDENTIFY by date each instance in which YOU entered California between January 1, 2009 and the present, and describe the reason for each of those visits, including but not limited to any conferences, meetings, workshops, speaking engagements, interviews, seminars, forums, and/or other events in which YOU participated or attended.

No. 4  IDENTIFY all COMMUNICATIONS between YOU and any PERSONS between January 1, 2010 and the present RELATED TO SCEA, the PS3 SYSTEM (including its Other OS feature and its keys) or the CIRCUMVENTION DEVICES.

No. 5  IDENTIFY all PERSONS to whom YOU personally provided, distributed and/or offered the CIRCUMVENTION DEVICES.

No. 7  IDENTIFY all STORAGE SYSTEMS YOU use or have used to store the CIRCUMVENTION DEVICES.

**Inspection Demand** [See Docket  No. 62-4]

Mr. Hotz agreed to allow Inspection Demand No. 1 as propounded.  SCEA agreed to temporarily hold off moving forward with Inspection Demand Nos. 2-4 relating to Mr. Hotz's computers.

**Additional Jurisdictional Discovery**

Counsel for Mr. Hotz agreed to produce any PS3 System materials in his possession, custody or control, including any PS3 instruction or warranty manuals or other materials distributed by SCEA.  Mr. Hotz agrees to identify in an affidavit any software distributed by SCEA that he possesses, or has possessed, including but not limited to any video game software or Software Development Kits.

During the meeting, counsel for Mr. Hotz also stated his intention to propound discovery on SCEA regarding the corporate relationship between SCEA and SCEI, and SCEA's involvement with the PS3 System.

**Third Party Subpoenas**     [See Docket No. 62-7 through 62-17]

Mr. Hotz agreed to allow the following subpoenas to be served by SCEA for purposes of jurisdictional discovery, as modified below:

- Bluehost subpoena – SCEA agreed to narrow its requests under paragraphs 3 and 4 of the subpoena to January 1, 2009 to the present. SCEA also agreed to treat information produced by Bluehost in response to these paragraphs as Attorneys Eyes Only pursuant to entry of a suitable protective order.

- Google subpoena – SCEA agreed to narrow its request under paragraph 2 of the subpoena to January 1, 2009 to the present. SCEA also agreed to treat this information produced by Google in response to this paragraph as Attorneys Eyes Only pursuant to entry of a suitable protective order.

- Twitter subpoena – SCEA agreed to narrow its request under paragraph 2 of the subpoena to January 1, 2009 to the present.

Mr. Hotz agreed that the YouTube and Softlayer subpoenas can be served for purposes of jurisdictional discovery in their current forms.

SCEA agreed to hold off serving the following subpoenas, but reserves the right to serve at a later date:

- PayPal subpoena for information on Cantero, Peter, Bushing, Segher and kakaroto.

- Twitter subpoena for information on Cantero, Peter, Bushing, Segher and kakaroto.

- Geeknet subpoena for information on Cantero and Bushing.

- Kickstarter subpoena for information on Bushing.

- Github subpoena for information on hermesEOL, kakaroto, kmeaw, waninkoko and grafchokolo.

# EXHIBIT B

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| Sony Computer Entertainment America LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| George Hotz; Hector Martin Cantero; Sven Peter; | ) |
| and Does 1 through 100 | ) |
| *Defendant* | ) |

Civil Action No.  C-11-00167 SI

(If the action is pending in another district, state where:

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  PayPal, Inc., 221 North First Street, San Jose, CA  95131 c/o National Registered Agents, Inc., 2875 Michelle Dr., Suite 100, Irvine, CA  92606

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place:  Kilpatrick Townsend & Stockton LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, CA  94111 | Date and Time:<br>02/17/2011 10:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____02/07/2011_____

*CLERK OF COURT*                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____Sony Computer Entertainment America LLC_____ , who issues or requests this subpoena, are:
Holly Gaudreau, Esq., Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, 8th Floor, San Francisco, California 94111; E-mail:  hgaudreau@kilpatricktownsend.com; Telephone: 415-576-0200

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  C-11-00167 SI

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*


                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## INSTRUCTIONS

1.      PayPal, Inc. is directed to furnish all documents, including electronically stored information, in its possession, custody or control.

2.      As to any portion of any request that refers to documents that PayPal, Inc. is aware of which were at one time within its possession, custody or control, but which are not now within or subject to its possession, custody or control, PayPal, Inc. is directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena duces tecum and to give the name, telephone number, and address of the person last known by PayPal, Inc. to have been in possession, custody or control of such documents.

3.      If any document requested by this subpoena has been destroyed, set forth the contents of the document, the date of its destruction, and the name of the person who authorized its destruction.

## DOCUMENT REQUESTS

1.      All documents created on or after January 1, 2009, that reflect or relate to payments processed by PayPal, Inc. on behalf of any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address, regardless of whether such person, company or entity is a payee or a payer.

2.      Documents sufficient to show all credit and debit transactions, occurring on or after January 1, 2009, related to any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address.

5.      Documents sufficient to identify the source of all funds deposited into any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address.

6.      All documents created on or after January 1, 2009, including without limitation email correspondence, reflecting communications between representatives for PayPal, Inc. and any person associated with or related to any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address.

7.      All origination documents reflecting or relating to any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address, or applications to set up any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address.

8.      All documents, created January 1, 2009, or thereafter, that summarize, total, or analyze any payment transactions associated any PayPal, Inc. account corresponding to or associated with the <geohot@gmail.com> email address.

9.      All documents sufficient to show PayPal, Inc.'s document retention policy

with respect to the retention of documents associated with PayPal, Inc. accounts.

63137246 v1

ATTACHMENT A TO SUBPOENA
Case No. 11-cv-00167 SI