March 1, 2011

Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:   *Sony Computer Entertainment America LLC v. Hotz, et al.*,
               Case No. C-11-00167 SI (N.D. Cal)

Dear Judge Spero:

      Plaintiff Sony Computer Entertainment America LLC ("SCEA") has reached agreement with Defendant George Hotz on the scope of third party subpoenas that may be served by SCEA to seek jurisdictional discovery. SCEA respectfully requests that the Court enter an Order adopting the parties' agreement.

### A.    Background on SCEA's Third Party Subpoenas For Jurisdictional Discovery

      SCEA seeks to serve subpoenas on certain third parties to obtain additional evidence of Mr. Hotz's contacts in California and the harm to SCEA here resulting from Mr. Hotz's unlawful conduct. SCEA needs this jurisdictional discovery to oppose Mr. Hotz's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") currently set for hearing on April 8, 2011. SCEA's opposition is currently due on March 18, 2011.[1]

---

[1] With respect to party discovery, on February 24, 2011, counsel for Mr. Hotz informed counsel for SCEA that Mr. Hotz is unable to respond to all of SCEA's discovery requests by March 7, 2011, the date on which he previously agreed to respond. (*See* Docket No. 85 at 2). SCEA informed Mr. Hotz that it still needed to inspect Mr. Hotz's PS3 System consoles by March 7, 2011, and has agreed to perform such inspection in New Jersey or New York for the convenience of Mr. Hotz. Additionally, SCEA informed Mr. Hotz that if he is unable to respond to SCEA's other written discovery by March 7, 2011, SCEA is willing to enter into a stipulation to extend the deadline for responses, but only if the parties can agree on a revised briefing schedule and hearing date for the Motion to Dismiss, and the Court enters the stipulation. SCEA is awaiting Mr. Hotz's response.

As ordered by this Court, on February 14, 2011, counsel for the parties met and conferred to resolve their dispute as to the scope of the subpoenas to be served on the third party Internet Service Providers ("ISPs"), including Bluehost, Twitter, Google, YouTube, Softlayer and PayPal. As a result of this meet and confer, the parties narrowed the scope of several of the subpoenas and agreed to provide for protection of confidential information obtained through some of the subpoenas through an Attorneys Eyes Only designation. SCEA also agreed not to pursue, as part of its jurisdictional discovery, several of the third party subpoenas originally included in its Motion for Expedited Discovery. (Docket No. 62). Accordingly, the parties agreed that subject to this Court's entry of an order, SCEA may proceed to serve its subpoenas on Bluehost, Twitter, Google, YouTube, and Softlayer for purposes of jurisdictional discovery.[2] The parties' agreement, along with the revised language and scope of the relevant subpoenas, was memorialized in the Joint Letter submitted to this Court on February 18, 2011. (Docket No. 85 at 10). For the Court's convenience, the proposed subpoenas are attached hereto as Exhibits A-E.

Because the information sought by SCEA through these agreed upon subpoenas is necessary to its response to the Motion to Dismiss and is narrowly tailored to seek jurisdictional discovery only, SCEA respectfully requests that the Court enter an order allowing SCEA to proceed to serve the subpoenas as set forth in the attached Exhibits A-E. SCEA further requests that the Court order third parties to comply with this discovery by no later than March 16, 2011, so that SCEA will have responsive discovery in advance of its deadline to oppose the Motion to Dismiss.

B. **The Electronic Frontier Foundation *Amicus Curiae* Letter Is Improper And Moot**

Disregarding the fact that the parties already reached agreement on this subject, on February 24, 2011, the Electronic Frontier Foundation ("EFF") submitted an *amicus curiae* letter based on the original subpoenas (not the subpoenas as narrowed by the parties), asking the Court to deny issuance of the purportedly "overly broad" subpoenas to Bluehost, Twitter, Google, and YouTube. Because the parties have already met and conferred and narrowed the subpoenas identified by the EFF, the *amicus curiae* letter is moot as it essentially amounts to a request for an advisory opinion on an issue that has already been resolved. Had the EFF notified SCEA's counsel of its intent to submit the letter, counsel would have informed EFF of the modifications agreed to by the parties, thus obviating the purported need for the EFF to burden the Court with its unpermitted letter brief.

Indeed, the EFF has failed to seek leave from this Court to submit its letter, which it is required to do. In any event, should EFF now seek leave to submit its *amicus curiae* letter, such a request should be denied. Generally, an amicus brief should only be allowed when "a party is

---

[2] The parties were unable to agree on service of the subpoena to PayPal, Inc. regarding Mr. Hotz's PayPal account. That dispute was presented to the Court in the parties' Joint Letter of February 18, 2011. (Docket No. 85 at 2-3).

not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Community Ass'n for Restoration of the Env't v. DeRuter Brothers Dairy,* 54 F. Supp. 2d 974, 975 (E.D. Wa. 1999) (citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)). None of these circumstances are present here. First, nothing in the record suggests that the parties lack competent representation. Second, as the EFF concedes, SCEA "may properly seek information to pursue the limited question of this Court's jurisdiction over Mr. Hotz." As discussed above, the subpoenas in question are in fact narrowly tailored toward jurisdictional discovery. Finally, the EFF has not shown that it possesses any information that may assist the Court that the parties' counsel cannot already provide. Accordingly, the EFF has failed to demonstrate that its *amicus* brief is warranted and its letter should not be considered by the Court.

Even if the Court was to reach the substance of the *amicus curiae* letter, the EFF's assertions are without merit. The proposed subpoenas agreed to by the parties do not implicate the "free speech" concerns suggested by the EFF. The third party subpoenas merely seek information regarding Mr. Hotz's transactions with entities based in California, as well as information regarding whether California residents accessed Mr. Hotz's web content and/or had interactions with Mr. Hotz. SCEA is entitled to this jurisdictional discovery.

### 1. The Third Party Subpoenas Are Narrowly Tailored For Jurisdictional Discovery And Proper Under Applicable Law

None of the authorities cited by the EFF justifies denying the issuance of the third party subpoenas sought by SCEA. Indeed, the legal standard set forth in the very case relied upon by EFF, *Doe v. 2themart.com*, 713 F. Supp. 2d 1088 (W.D. Wa. 2001), makes clear that SCEA should be allowed to serve the subpoenas. Under *Doe*, a subpoena to a third party is proper when: "(1) the subpoena seeking the information was issued in good faith and not for any improper purpose,[3] (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source." *Id.* at 1095. As explained below, the third party subpoenas are proper under the *Doe* analysis.

#### a. The Bluehost Subpoena

This subpoena to Bluehost, the content server for Mr. Hotz's website at <www.geohot.com>, seeks the identity of those who have downloaded the circumvention devices from Mr. Hotz's website. SCEA has a good faith basis to obtain this information

---

[3] *See Doe*, 713 F. Supp. at 1095-96 (finding subpoena was brought in good faith where the party could reasonably believe that the subject matter was relevant to asserted its defense).

because it is relevant to whether the Court has jurisdiction over Mr. Hotz. SCEA needs to determine how rampant the access to and use of these circumvention devices has been in California in order to rebut Mr. Hotz's suggestion that his illicit conduct was not aimed at the forum state. Not only is this information relevant to SCEA's opposition to the Motion to Dismiss, but it also relates to a "core claim" insofar as the trafficking provisions of the Digital Millennium Copyright Act ("DMCA") – which SCEA alleges Mr. Hotz has violated – pertain directly to evidence of a defendant's distribution of a circumvention device to other persons. Finally, the identity of those who have downloaded the circumvention devices from <www.geohot.com> cannot be discovered from any entity except the site's web content host, Bluehost.[4]

### b. The Twitter Subpoena

This subpoena seeks "Tweets" published *by Mr. Hotz*, many of which SCEA believes relate directly to his hacking of the PS3 System.[5] SCEA has a good faith basis to obtain this information because it is relevant to whether the Court has jurisdiction over Mr. Hotz. SCEA seeks to determine whether Mr. Hotz was directing any of his Tweets regarding his hacking of the PS3 System at persons residing in California, and to what extent Mr. Hotz used Twitter to discuss the hacking efforts targeted in this lawsuit. Further, as Mr. Hotz has attempted to shirk responsibility for some of these Tweets because SCEA could not produce original copies of the Tweets posted under Mr. Hotz's account, it is particularly important at this phase of jurisdictional discovery that SCEA be able to access this material. Again, not only does this information relate directly to SCEA's opposition to the Motion to Dismiss, but it relates to a "core claim" insofar as the information sought will reveal important facts about Mr. Hotz's hacking efforts. Finally, SCEA does not believe these Tweets can be discovered from any entity other than Twitter itself. Importantly, this information is not available to SCEA through any other avenue or medium.

### c. The Google Blogspot Subpoena

This subpoena seeks to discover information relating to a specific Blogspot account that is owned by Mr. Hotz, <www.geohotps3.blogspot.com>, and information regarding persons who also posted content to that website in the form of blog comments. SCEA has a good faith basis to obtain this information because it is relevant to whether the Court has jurisdiction over Mr.

---

[4] It is SCEA's understanding that the only identifying information held by Bluehost consists of the IP addresses for computers or networks being used to download the circumvention devices. Using this information, SCEA will be able to determine the geographic locations where the downloading of circumvention devices occurred. This is clearly relevant to further establishing Mr. Hotz's contacts with California, as well as determining the total scope of his distribution of the circumvention devices.

[5] Mr. Hotz agreed that he will not object to service of this subpoena and SCEA agreed to hold off on serving its other subpoena to Twitter that seeks information on the identity of other culpable third parties. *See* Docket No. 85, at 10.

Magistrate Judge Joseph C. Spero<br>
March 1, 2011<br>
Page 5

Hotz. SCEA seeks to determine whether Mr. Hotz discussed his hacking of the PS3 System with persons in California through his blog. Again, not only does this information relate directly to SCEA's opposition to the Motion to Dismiss, but it relates to a "core claim" insofar as the information sought will reveal important facts about Mr. Hotz's hacking efforts. Finally, information regarding persons who posted content at <www.geohotps3.blogspot.com> cannot be discovered from any entity except Google.

### d. The YouTube Subpoena

This subpoena seeks to discover information regarding all persons who currently have access to a "private video" uploaded by Mr. Hotz demonstrating his use of the circumvention devices on the PS3 System, and those who posted comments in response to the video. Mr. Hotz posted the video for public viewing on January 7, 2011. Since that time, the video became "private." Pursuant to the TRO entered on January 27, 2011 (and the subsequent Preliminary Injunction), Mr. Hotz is prohibited from publishing or posting any circumvention devices or instructions on how to use them, and cannot assist, facilitate or encourage others to engage in the unlawful activity enjoined by the Court. (*See* Docket Nos. 50 and 87). Therefore, SCEA must be able to discover what persons, if any, are still able to access the "private" video after the TRO went into effect in order to ascertain whether Mr. Hotz continues to share this "private" video regarding his hacking of the PS3 System with persons in California and determine whether Mr. Hotz has violated the TRO and Preliminary Injunction.[6] SCEA has a good faith basis to obtain this information because it is relevant to whether the Court has jurisdiction over Mr. Hotz. Again, not only does this information relate directly to SCEA's opposition to Mr. Hotz's Motion to Dismiss, but it relates to a "core claim" insofar as the information sought will reveal important facts about the intent behind Mr. Hotz's hacking efforts and whether Mr. Hotz is in violation of the TRO by continuing to offer the video. Finally, information regarding persons who have access to the "private" video that Mr. Hotz uploaded cannot be discovered from any entity except YouTube.[7]

The EFF also challenges the YouTube subpoena under the Video Protection Privacy Act, 18 U.S.C. § 2710 ("the VPPA") and the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("the SCA"). Contrary to the EFF's assertions, neither the VPPA nor the SCA prohibit the

---

[6] During their meet and confer, the parties agreed that the subpoena to YouTube could be served as is. However, SCEA has narrowed the subpoena even further, as shown in Exhibit D, by only seeking information from January 27, 2011 (when the TRO was entered) to the present.

[7] EFF mischaracterizes the scope of the YouTube subpoena. For example, whereas SCEA's proposed subpoena to YouTube seeks identifying information corresponding only to those who have posted comments in response to Mr. Hotz's video demonstrating his circumvention devices, the EFF claims that SCEA "seeks information regarding persons who have accessed a video apparently posted on YouTube by defendant George Hotz." This is incorrect; SCEA does not seek information regarding those who have accessed the video from the time it was first posted. Instead, SCEA seeks information corresponding to the individuals who accessed the video after it became "private."

Magistrate Judge Joseph C. Spero<br>
March 1, 2011<br>
Page 6

issuance of the third party subpoena to YouTube.  The VPPA does not mandate a *per se* prohibition on disclosure of "personally identifiable information" as the EFF implies.  In fact, nothing in the YouTube subpoena prevents YouTube from providing notice of this action to user, nor does the subpoena deprive users of the opportunity to "appear and contest the claim" as required under the VPPA.  *See* 18 U.S.C. § 2710(b)(2)(F).  To the extent that the VPPA requires SCEA to provide notice to users directly, SCEA is unable to do so until the subpoena issues as it does not presently know the identity of these users.  Thus, the YouTube subpoena does not violate the VPPA.  Nor does the YouTube subpoena violate the SCA.  Nothing in the YouTube subpoena prevents YouTube from first obtaining the "lawful consent of the…subscriber…" for disclosure of information regarding persons who have access to the "private video" that Mr. Hotz uploaded on YouTube before providing such information in response to the subpoena.  *See* 18 U.S.C. § 2702(b)(3).

      **C.**    **Relief Requested by SCEA**

Based on the foregoing, SCEA respectfully requests that the Court issue an order allowing SCEA to serve the third party subpoenas for targeted jurisdictional discovery as agreed upon by the parties and attached hereto as Exhibits A-E.

Thank you very much for your time and consideration.

Respectfully submitted,

Kilpatrick Townsend & Stockton LLP

By: */s/James G. Gilliland, Jr.*<br>
James G. Gilliland, Jr.<br>
Counsel for Plaintiff Sony Computer<br>
Entertainment America LLC

Cc:    Corynne McSherry, Esq. (counsel for Electronic Frontier Foundation)<br>
        Stewart Kellar, Esq. (counsel for Defendant George Hotz)

63178286 v1

Dated: March 3, 2011



IT IS SO ORDERED<br>
Judge Joseph C. Spero