1 KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
2 TIMOTHY R. CAHN (State Bar No. 162136)
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
3 HOLLY GAUDREAU (State Bar No. 209114)
RYAN BRICKER (State Bar No. 269100)
4 Two Embarcadero Center Eighth Floor
San Francisco, CA 94111
5 Telephone: (415) 576-0200
Facsimile: (415) 576-0300
6 Email: jgilliland@kilpatricktownsend.com
tcahn@kilpatricktownsend.com
7 mboroumand@kilpatricktownsend.com
hgaudreau@kilpatricktownsend.com
8 rbricker@kilpatricktownsend.com

9 Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE HOTZ; HECTOR MARTIN CANTERO; SVEN PETER; and DOES 1 through 100,<br><br>Defendants. | CASE NO. 11-cv-000167 SI<br><br>**FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION**<br><br>Judge: Hon. Susan Illston |



FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION
CASE NO. 11-cv-000167 SI

## I. STIPULATED FACTS

On January 11, 2011, Plaintiff Sony Computer Entertainment America LLC ("SCEA") filed its Complaint against Defendant George Hotz ("Hotz") and others. SCEA alleges that Hotz and others have violated the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq.*, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*, the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, *et seq.*, induced copyright infringement and engaged in breach of contract, tortious interference with contractual relations, common law misappropriation and trespass. [Docket No. 1] Hotz denies these allegations. Hotz and SCEA are referred to collectively herein as "the Parties."

On January 27, 2011, the Court entered a temporary restraining order against Hotz enjoining him from circumventing the technological protection measures ("TPMs") in the PlayStation®3 computer entertainment system ("PS3 System"), inducing others to do so, and trafficking in circumvention devices. [Docket Nos. 50 and 51] On February 28, 2011, the Court entered a preliminary injunction. [Docket No. 87]

Hotz has disputed personal jurisdiction by this Court over him in this action and on February 2, 2011, filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Docket No. 57], which has yet to be decided.

On March 31, 2011, Hotz met with SCEA representatives and the Parties entered a confidential Memorandum of Understanding, agreeing to settle the dispute between them. As a part of that settlement, SCEA and Hotz have agreed to the entry of this Final Judgment Upon Consent and Permanent Injunction ("Judgment") upon the stipulated facts. Each party has waived the right to appeal from this Judgment. Each party will bear its own fees and costs in connection with this action. The Parties further agree that any violation of this Judgment by Hotz would cause irreparable harm to SCEA and, if such a violation occurs, SCEA will be entitled to immediate relief.

## II. STIPULATED DEFINITIONS

1.   For purposes of the Order below, SCEA AFFILIATES shall mean Sony



FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION
CASE NO. 11-cv-000167 SI                                                                                                          - 1 -

1  Corporation and all companies owned or controlled by Sony Corporation or SCEA,
2  including but not limited to, Sony Corporation of America, Sony Electronics Inc., Sony
3  Computer Entertainment Inc., Sony Computer Entertainment Europe, Sony Network
4  Entertainment America, and Sony Ericsson. To the extent that a company is an SCEA
5  Affiliate but is not listed in this definition and does not have Sony in its name, SCEA will
6  provide Hotz with notice of the name of that company.
7      2.    For purposes of the Order below, SONY PRODUCT shall mean any product
8  or service of SCEA or SCEA AFFILIATES that bears the Sony, PlayStation or PlayStation
9  Network ("PSN") name, mark or brand. SONY PRODUCT does not include those products
10 or services created or sold by companies which have been acquired by SCEA or SCEA
11 AFFILIATES, which products or services were on the market prior to acquisition by SCEA
12 or SCEA AFFILIATES. However, once SCEA, SCEA AFFILIATES or the acquired
13 company rebrands the product or service with the Sony, PlayStation or PSN name, mark
14 or brand, then the product or service that bears the Sony, PlayStation or PSN name, mark
15 or brand shall thereafter constitute a SONY PRODUCT. To the extent that there are any
16 Sony products or services that do not bear the Sony, PlayStation or PSN name, mark or
17 brand and that SCEA wishes to be treated as a Sony Product for purposes of this
18 Permanent Injunction and Consent Judgment, SCEA will specifically identify those
19 products or services and provide notice to Hotz.
20     3.    For purposes of the Order below, CIRCUMVENTING or CIRCUMVENT shall
21 mean using any means whatsoever to descramble, decrypt, or otherwise avoid, bypass,
22 remove, deactivate, or impair, regardless of the alleged purpose of the Circumvention.
23     4.    For purposes of the Order below, TECHNOLOGICAL PROTECTION
24 MEASURES or TPMs shall mean anything whatsoever, including but not limited to any
25 code, device, information, encryption or key that prevents access to, downloading of,
26 distributing, or copying of any confidential or proprietary information or any software code
27 or other copyrighted material.
28 ///



5. For purposes of the Order below CIRCUMVENTION DEVICE shall mean any circumvention technology, product, service, method, software, tool, device, or any components or parts thereof that circumvents any of the TPMs or security in any SONY PRODUCT.

6. For purposes of the Order below, TRAFFICKING shall mean any means of distributing or sharing, including but not limited to offering to the public, posting online or on or in any media accessible by anyone, marketing, advertising, promoting, installing, distributing or otherwise providing to anyone. TRAFFICKING shall also include knowingly providing links from any website to any other webpage, specific location or listing that Hotz knows or reasonably should know is selling, offering for sale, marketing, directly advertising or promoting, installing, importing, exporting, offering to the public, distributing, posting or otherwise providing any CIRCUMVENTION DEVICE or to any website that Hotz knows or reasonably should know is predominantly focused on selling, offering for sale, marketing, directly advertising or promoting, installing, importing, exporting, offering to the public, distributing, posting or otherwise providing any CIRCUMVENTION DEVICE.

### III. ORDER

**IT IS HEREBY ORDERED AND ADJUDGED** by consent of the Parties that Hotz, whether as an individual or as a principal, officer, director or employee of any business entity, and his agents, servants, employees, distributors, suppliers, representatives and all other persons or entities acting in concert or participation with Hotz who receive notice of this Judgment, shall be and hereby are permanently enjoined and restrained from:

A. Engaging in any unauthorized access to any SONY PRODUCT under the law;

B. Engaging in any unauthorized access to any SONY PRODUCT under the terms of any SCEA or SCEA AFFILIATES' license agreement or terms of use applicable to that SONY PRODUCT, whether or not Hotz has accepted such agreement or terms of use, including without limitation:

(i) reverse engineering, decompiling, or disassembling any portion of the



Sony Product;

 (ii) using any tools to bypass, disable, or circumvent any encryption, security, or authentication mechanism in the Sony Product;

 (iii) using any hardware or software to cause the Sony Product to accept or use unauthorized, illegal or pirated software or hardware; and

 (iv) exploiting any Sony Product to design, develop, update or distribute unauthorized software or hardware for use with the Sony Product.

If any term of such SCEA or SCEA Affiliates' license agreement or terms of use applicable to that Sony Product shall be determined by Congress or by a court of law in a final non-appealable decision in an action to which SCEA or an SCEA Affiliate is a party to be illegal and unenforceable, then such term shall not be binding on Hotz.

 C. CIRCUMVENTING any of the TPMs or security in any SONY PRODUCT;

 D. TRAFFICKING in any technology, product, service, device, component, or part thereof that, at the time of Hotz's trafficking, circumvents any of the TPMs or security in any SONY PRODUCT, including but not limited to the Elliptical Curve Signature Algorithm ("ECDSA") Keys, encryption and/or decryption keys, dePKG firmware decrypter program, Signing Tools, 3.55 Firmware Jailbreak, and/or any other technologies that enable unauthorized access to and/or copying of the PS3 System and/or enable compatibility of unauthorized copies of other copyrighted works with the PS3 System.

 E. Distributing or posting any SCEA or SCEA Affiliates' confidential or proprietary information relating to any SONY PRODUCT;

 F. Knowingly assisting or inducing others to engage in any of the conduct set forth in A-E above solely directed at any SONY PRODUCT or that otherwise constitutes contributory liability under the law.

**IT IS FURTHER ORDERED AND ADJUDGED** that any violation of this Injunction and Order by Hotz shall result in his payment of stipulated liquidated damages in the



amount of ten thousand dollars ($10,000) per violation at the election of SCEA or SCEA's Affiliates. In the event that the violation involves distribution or TRAFFICKING by Hotz of software, hardware, or any CIRCUMVENTION DEVICE, or knowingly assisting the same, each distribution of said software (including downloads via the Internet), hardware, or CIRCUMVENTION DEVICE shall constitute an independent violation, up to a cap of two hundred and fifty thousand dollars ($250,000). Such liquidated damages shall be an optional alternative to demonstrating actual or, if relevant, statutory damages.

**IT IS FURTHER ORDERED AND ADJUDGED** that any action or proceeding (other than a declaratory judgment action) that may be brought by SCEA or SCEA Affiliates against Hotz arising out of, in connection with or by reason of the Parties' Settlement Agreement or this Judgment or to enforce the terms and conditions of the Parties' Settlement Agreement or this Judgment, shall be brought in the United States District Court for the Northern District of California. The Parties further agree that any action or proceeding (other than a declaratory judgment action) that may be brought by Hotz against SCEA arising out of, in connection with or by reason of the Parties' Settlement Agreement or this Judgment or to enforce the terms and conditions of the Parties' Settlement Agreement or this Judgment, shall be brought in the United States District Court for the District of New Jersey or the state in the United States of Hotz's current permanent residence. The Parties agree to waive any venue or jurisdictional challenges consistent with this paragraph. The Parties further agree that the laws of the state of California shall govern to the exclusion of the law of any other forum in any action or proceeding brought by any party arising out of, in connection with or by reason of the Parties' Settlement Agreement or this Judgment or to enforce the terms and conditions of the Parties' Settlement Agreement or this Judgment.

**IT IS FURTHER ORDERED AND ADJUDGED** that entry of this Judgment shall conclude this action to the prejudice of any and all claims or cross-claims deemed merged and barred in accordance with the law.

The undersigned hereby stipulate to the above facts and conclusions and consent



1  to the entry of this Judgment, which may be signed in counterparts.  Signatures can be
2  obtained and exchanged by facsimile.
3  **IT IS SO STIPULATED.**
4
                              Respectfully submitted,
5  DATED: April 9, 2011       SONY COMPUTER ENTERTAINMENT AMERICA LLC
6
7                             By: _____
                                   RILEY R. RUSSELL
8
9  DATED: April 9, 2011       KILPATRICK TOWNSEND & STOCKTON LLP
10
11                            By: _____
                                   JAMES G. GILLILAND, JR.
12                            Attorneys for Plaintiff
                              SONY COMPUTER ENTERTAINMENT AMERICA LLC
13
14
15 DATED: April 9, 2011       By: _____
                                   GEORGE HOTZ
16
17                            E-ttorney at Law™
18 DATED: April 9, 2011       By: _____
                                   STEWART R. KELLAR
19
20                            Attorney for Defendant
                              GEORGE HOTZ
21     **IT IS SO ORDERED.**
22
23 DATED:_____
24                                       _____
                                         HON. SUSAN ILLSTON
25                                       UNITED STATES DISTRICT JUDGE
26
27
28



FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION
CASE NO. 11-cv-000167 SI                                                              - 6 -

Apr 09 11 12:49a    Jim Gilliland                    5102327060                    p.2

Case3:11-cv-00167-SI   Document127   Filed04/11/11   Page8 of 10

| | |
|---|---|
| 1 | to the entry of this Judgment, which may be signed in counterparts. Signatures can be |
| 2 | obtained and exchanged by facsimile. |
| 3 | **IT IS SO STIPULATED.** |
| 4 | Respectfully submitted, |
| 5 | DATED: April 9, 2011        SONY COMPUTER ENTERTAINMENT AMERICA LLC |
| 6 | |
| 7 | By:_____ |
|   | RILEY R. RUSSELL |
| 8 | |
| 9 | DATED: April 9, 2011        KILPATRICK TOWNSEND & STOCKTON LLP |
| 10 | By: /s/ James Gilliland, Jr. |
| 11 | JAMES G. GILLILAND, JR. |
| 12 | Attorneys for Plaintiff |
|    | SONY COMPUTER ENTERTAINMENT AMERICA LLC |
| 13 | |
| 14 | |
| 15 | DATED: April 9, 2011        By:_____ |
|    | GEORGE HOTZ |
| 16 | |
| 17 | E-ttorney at Law™ |
| 18 | DATED: April 9, 2011        By:_____ |
|    | STEWART R. KELLAR |
| 19 | |
| 20 | Attorney for Defendant |
|    | GEORGE HOTZ |
| 21 | **IT IS SO ORDERED.** |
| 22 | |
| 23 | |
|    | DATED:_____ |
| 24 | _____ |
|    | HON. SUSAN ILLSTON |
|    | UNITED STATES DISTRICT JUDGE |
| 25 | |
| 26 | |
| 27 | |
| 28 | |



FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION
CASE NO. 11-cv-000167 SI                                                        - 6 -

to the entry of this Judgment, which may be signed in counterparts. Signatures can be obtained and exchanged by facsimile.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: April 9, 2011      SONY COMPUTER ENTERTAINMENT AMERICA LLC

By:_____
RILEY R. RUSSELL

DATED: April 9, 2011      KILPATRICK TOWNSEND & STOCKTON LLP

By:_____
JAMES G. GILLILAND, JR.

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

DATED: April 9, 2011      By:_____
GEORGE HOTZ

E-ttorney at Law™

DATED: April 9, 2011      By:_____
STEWART R. KELLAR

Attorney for Defendant
GEORGE HOTZ

**IT IS SO ORDERED.**

DATED: 4/9/2011

_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE



Case3:11-cv-00167-SI   Document127   Filed04/11/11   Page10 of 10

to the entry of this Judgment, which may be signed in counterparts. Signatures can be obtained and exchanged by facsimile.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: April 9, 2011          SONY COMPUTER ENTERTAINMENT AMERICA LLC

By: _____
RILEY R. RUSSELL

DATED: April 9, 2011          KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
JAMES G. GILLILAND, JR.

Attorneys for Plaintiff
SONY COMPUTER ENTERTAINMENT AMERICA LLC

DATED: April 9, 2011          By: _____
GEORGE HOTZ

E-ttorney at Law™

DATED: April 9, 2011          By: _____
STEWART R. KELLAR

Attorney for Defendant
GEORGE HOTZ

**IT IS SO ORDERED.**

DATED: _____

HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE



FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION
CASE NO. 11-cv-000167 SI                                                                - 6 -